## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE:

MEDCO/EXPRESS SCRIPTS MERGER
LITIGATION

Civil Action No. 11-4211 (DMC) (MF)

**ORAL ARGUMENT REQUESTED**

## DEFENDANT EXPRESS SCRIPTS' MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Robert J. Del Tufo
Andrew Muscato
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
4 Times Square
New York, NY 10036
Tel.: (212) 735-3000
Fax: (212) 735-2000
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com

Joseph P. La Sala
MCELROY, DEUTSCH, MULVANEY &
  CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161
Jlasala@mdmc-law.com

*Attorneys for Defendants Express Scripts,
Inc., Aristotle Holding, Inc., Aristotle Merger
Sub, Inc. and Plato Merger Sub, Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT ............................................................................................................................. 4

I.      STANDARD OF REVIEW. ........................................................................................... 4

II.     PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE
        DENIED BECAUSE THE SUPERIORITY REQUIREMENT OF FEDERAL
        RULE 23(B) IS NOT SATISFIED. ................................................................................ 5

III.    CLASS CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFF
        HAS FAILED TO DEMONSTRATE THAT IT IS AN ADEQUATE LEAD
        PLAINTIFF UNDER FEDERAL RULE 23(A). ............................................................ 8

IV.     CLASS CERTIFICATION IS NOT APPROPRIATE BECAUSE EXPRESS
        SCRIPTS' CHALLENGE TO SUBJECT MATTER JURISDICTION IS
        PENDING. ..................................................................................................................... 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**CASES**                                                                   **PAGE(S)**

*Becker v. Schenley Indus., Inc.*,
557 F.2d 346 (2d Cir. 1977) ......................................................................... 6, 9

*Berger v. Compaq Computer Corp.*,
257 F.3d 475 (5th Cir. 2001) ............................................................................ 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................. 9

*Danvers Motor Co. v. Ford Motor Co.*,
543 F.3d 141 (3d Cir. 2008) ......................................................................... 4, 5

*In re Digitek Prods. Liab. Litig.*,
MDL No. 2:08-md-0968, 2010 WL 2102330 (S.D. W.Va. May 25, 2010) .................. 5, 6

*Doe v. Matthews*,
420 F. Supp. 865 (D.N.J. 1976) .................................................................... 1, 7

*In re DVI, Inc. Sec. Litig.*,
639 F.3d 623 (3d Cir. 2011) ............................................................................. 4

*Georgine v. Amchem Prods. Inc.*,
86 F.3d 610 (3d Cir. 1996), *aff'd* 521 U.S. 591 (1997) ..................................... 8

*Gregory v. Finova Capital Corp.*,
442 F.3d 188 (4th Cir. 2006) ............................................................................ 6

*Harris v. Gentry*,
711 So. 2d 467 (Ala. 1998) ............................................................................... 7

*Mitchell v. Tex. Gulf Sulphur Co.*,
446 F.2d 90 (10th Cir.), *cert. denied*, 404 U.S. 1004 (1971) ......................... 6, 7

*Powers v. Lycoming Engines*,
328 F. App'x 121 (3d Cir. 2009) ................................................................. 1, 2, 8

*Samuel-Bassett v. KIA Motors Am., Inc.*,
357 F.3d 392 (3d Cir. 2004) ....................................................................... 2, 10

*Schnieder v. Vennard*,
183 Cal. App. 3d 1340 (Cal. Ct. App. 6th Dist. 1986) ...................................... 7

*Sunshine v. Reassure Am. Life Ins. Co.*,
C.A. No. 10-01030, 2011 WL 666054 (E.D. Pa. Feb. 22, 2011) ....................... 10

**OTHER AUTHORITIES**

28 U.S.C. § 1332(a) ........................................................................................... 2

Rule 12(b)(1) ...................................................................................................... 2

Fed. R. Civ. P. 23(a) ...................................................................................... 4, 8

Fed. R. Civ. P. 23(b) ............................................................................... 1, 2, 4, 7

Fed. R. Civ. P. 23(b)(3) ................................................................................. 4, 5

7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
    Federal Practice and Procedure § 1780 (2d ed. 1986) ........................................ 5

3 Newberg on Class Actions § 7:31 (4th ed. 2011) ....................................... 5

# INTRODUCTION

Plaintiff and its counsel, in an effort to win the "forum race," are undermining core principles of comity, federalism, and judicial efficiency by asking this Court to certify a class of Medco stockholders even though such a class, to which Plaintiff here belongs, has already been certified by the Delaware Court of Chancery.  As explained further herein, Plaintiff's Motion for Class Certification (the "Motion") should be denied for at least three reasons.

*First*, the Delaware Court of Chancery has already certified a class of precisely the same Medco stockholders that Plaintiff seeks to represent here.  *See* the September 6, 2011 Certification of Joseph P. La Sala ("La Sala Cert."), Ex. A (8/23/2011 Order Granting Class Certification).  Plaintiff filed its Motion as a reaction to developments in Delaware – indeed, weeks after plaintiffs in Delaware sought class certification, and only after Chancellor Strine indicated on August 11 that he intended to certify a class in Delaware.  Chancellor Strine thereafter certified the class on August 23, 2011.  Under well-settled law in this District, a class action here is therefore not the superior method of adjudication as required by Federal Rule of Civil Procedure 23(b) because it would result in overlap and risk inconsistent adjudications.  *See Doe v. Matthews*, 420 F. Supp. 865, 873 (D.N.J. 1976) (refusing to certify class, stating "an overlapping of classes in two or more courts can only lead to confusion and a duplication of the severely limited amount of judicial time and effort available").

*Second*, class certification is not appropriate because Plaintiff has not demonstrated that it is an adequate class representative under Federal Rule of Civil Procedure 23(a).  *Powers v. Lycoming Engines*, 328 F. App'x 121, 123 (3d Cir. 2009) (reversing district court's grant of class certification, stating "[t]he Federal Rules of Civil Procedure list the

requirements plaintiffs must satisfy before a class may be certified").  Unlike the Delaware

Action, Plaintiff has not demonstrated that it owned shares of Medco stock at all times during the

relevant period.  Moreover, Plaintiff is already represented by a group of stockholder plaintiffs in

Delaware owning *ten times* the number of Medco shares as Plaintiff purports to own, and who

Chancellor Strine has found is adequate to lead the class.

> *Third*, class certification here is premature because Express Scripts' subject matter

jurisdiction challenges are pending, and the Third Circuit has held that it is not proper to certify a

class until threshold challenges to subject matter jurisdiction are resolved.  *Samuel-Bassett v.*

*KIA Motors Am., Inc.*, 357 F.3d 392, 395-96, 403 (3d Cir. 2004) (vacating district court's order

certifying class and remanding to district court for determination whether plaintiff met the

amount in controversy requirement to satisfy diversity of citizenship).

> For these reasons, and the reasons set forth below, Plaintiff's Motion should be

denied.

## BACKGROUND

> On July 22, 2011, Plaintiff hastily filed a jurisdictionally defective complaint in

this Court shortly after the first action challenging the Proposed Transaction was filed in the

Delaware Court of Chancery.  Two weeks later, on Friday, August 5, 2011, Plaintiff filed its

Amended Complaint, which again contained jurisdictional defects, this time alleging subject

matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  On August 8, 2011, Express Scripts filed its

Motion to Dismiss, arguing (among other things) that dismissal is proper under Rule 12(b)(1)

because Plaintiff failed to allege facts demonstrating the requisite amount in controversy under

Section 1332(a).  (*See* Dkt. No. 12.)  Express Scripts also filed its motion to stay this action in

favor of the Delaware Action (Dkt. No. 13), and a brief in opposition to Plaintiff's motion for expedited discovery (Dkt. No. 14). All three motions are still pending before this Court.

Meanwhile, Defendants continued to defend themselves in Delaware, where the first action was filed, subject matter jurisdiction is undisputed, and an appropriate forum is available to resolve purely issues of Delaware corporate law. On August 2, 2011, plaintiff U.F.C.W. Local 1776 moved for class certification, and also moved to consolidate the pending Delaware actions and appoint lead plaintiff and lead counsel. On August 9, 2011, plaintiffs Labourers' Pension Fund of Central and Eastern Canada, Gila Heimowitz, and Michael Waber moved for consolidation, appointment as lead plaintiffs, and appointment of co-lead counsel. On August 10, 2011, plaintiff Simon Schoenwald also moved for appointment as lead plaintiff. After consolidating the ten cases pending in Delaware, Chancellor Strine held a conference with the parties on August 11, 2011 at which he requested a briefing schedule on plaintiffs' motions for class certification and leadership, indicated that he intended to certify a class "promptly," and set a hearing on the motions for class certification and appointment of lead plaintiffs and counsel for August 23, 2011. (*See* La Sala Cert., Ex. B (Aug. 11, 2011 Tr. at 6).) Chancellor Strine also invited Plaintiff in this action to take part in the discussions surrounding class certification and leadership structure in Delaware. (*Id.* at 7 (stating notice should be given to plaintiffs in New Jersey "if they wish to comment on these proceedings, if they wish to consider whether to join the party").)

Nevertheless, on August 18, 2011, Plaintiff filed its Motion here seeking class certification, despite being well aware that Chancellor Strine intended to certify a class in Delaware, and that a hearing was being held on class certification on August 23, 2011.

3

On August 23, 2011, after motions for class certification were fully briefed and oral argument was heard, Chancellor Strine established a leadership structure and certified a class of precisely the same Medco stockholders that Plaintiff seeks to represent here.  (*See* La Sala Cert., Ex. A (Order Granting Motion for Appointment of Lead Plaintiffs, for Appointment of Co-Lead and Liaison Counsel and Class Certification).)

## ARGUMENT

## I.    STANDARD OF REVIEW.

When seeking class certification, the proposed class representative must establish that it satisfies "each of the four requirements in Rule 23(a) – numerosity, commonality, typicality, and adequacy [of representation] – and the putative class action must meet the requirements of one of the subsections of Rule 23(b)."[1]  *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 629 (3d Cir. 2011) (upholding denial of class certification).  In addition, a proposed class representative must satisfy Rule 23(b), which requires, among other things, "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b).

Rule 23(b)(3) requires consideration of four factors when assessing whether a class action is a superior method of adjudication:  "(1) the interest of individual members of the class in controlling the prosecution of the action, (2) the extent of litigation commenced elsewhere by class members, (3) the desirability of concentrating claims in a given forum, and (4) the management difficulties likely to be encountered in pursuing the class action."  *Danvers*

---

[1] Express Scripts here challenges only that Plaintiff is not an adequate class representative and that superiority is not met.

*Motor Co. v. Ford Motor Co.*, 543 F.3d 141, 149 (3d Cir. 2008) (reversing district court's grant of class certification).

## II.   PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED BECAUSE THE SUPERIORITY REQUIREMENT OF FEDERAL RULE 23(B) IS NOT SATISFIED.

Plaintiff must demonstrate that class treatment here is superior to other available methods of adjudicating the matters presented by this litigation. *See* Fed. R. Civ. P. 23(b)(3); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *18-19 (S.D. W.Va. May 25, 2010) (class must satisfy superiority requirement of Rule 23). Federal Rule of Civil Procedure 23(b)(3)(B) explains that whether, and to what extent, other class members have begun litigation concerning the controversy is particularly relevant to the determination of "superiority." *See* Fed. R. Civ. P. 23(b)(3)(B) (courts should consider "the extent and nature of any litigation concerning the controversy already begun by or against class members"). This factor mitigates against certification if, even with certification, a multiplicity of suits will continue.

> If the court finds that several other actions already are pending and that a clear threat of multiplicity and a risk of inconsistent adjudications actually exist, a class action may not be appropriate . . . . Rather than allowing the class action to go forward, the court may encourage the class members who have instituted the Rule 23(b)(3) action to intervene in the other proceedings.

7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 568-70 (2d ed. 1986)). *See also* 3 Newberg on Class Actions § 7:31 (4th ed. 2011) ("[R]arely should the same class be certified on the same cause of action before more than one court, in the absence of special circumstances.").

Plaintiffs in Delaware filed the first motion for class certification on August 2, 2011. On August 11, 2011, Chancellor Strine indicated that he intended to certify a class in

Delaware, and after a hearing on August 23, 2011, the Delaware Court of Chancery ruled that a class should be certified in the Delaware Action, and later that same day implemented that ruling with an order certifying a class of Medco shareholders consisting of:

> All record holders and beneficial owners of common stock of Medco Health Solutions, Inc. ("Medco") together with their successors and assigns, during the period commencing on the date on which the board of directors of Medco approved the proposed acquisition of all of Medco's shares by Express Scripts, Inc. and ending at the effective time of the closing of the proposed transaction, excluding defendants and their associates, affiliates, legal representatives, heirs, successors in interest, transferees and assigns.

(La Sala Cert., Ex A ¶ 7.)

Nevertheless, with full knowledge that a class would be certified in Delaware, Plaintiff filed its Motion seeking to have an identical class certified.  Where, as here, an identical class already exists and certification would only result in duplication and waste of resources, class treatment fails to satisfy the superiority requirement of Federal Rule of Civil Procedure 23(b).  *See In re Digitek Prods. Liability Litig.*, 2010 WL 2102330, at *18-19 (refusing to certify class as failing superiority requirement where other litigation was proceeding because "[d]uplication of effort costs money and wastes resources . . . outweigh[ing] the benefits that might be gained from certification"); *see also Gregory v. Finova Capital Corp.*, 442 F.3d 188, 191 (4th Cir. 2006) (reversing class certification as inappropriate where certification was "needlessly duplicative"); *Becker v. Schenley Indus., Inc.*, 557 F.2d 346 (2d Cir. 1977) (affirming trial court's refusal to certify class failing superiority requirement where overlapping class had been certified in another court); *Mitchell v. Tex. Gulf Sulphur Co.*, 446 F.2d 90, 107 (10th Cir.)

(finding court properly exercised its discretion in denying to certify an overlapping class action based on Rule 23(b)(3)(B)), *cert. denied*, 404 U.S. 1004 (1971).[2]

Indeed, this Court declined to certify a class in this exact situation in *Doe v. Matthews*, finding:

> At this early stage, it seems prudent not to attempt to define or certify either of the proposed classes or any sub-classes.  A class may be certified in another action, on a basis broad enough to encompass the named plaintiffs and the classes they seek to represent here.  If so, ***an overlapping of classes in two or more courts can only lead to confusion and a duplication of the severely limited amount of judicial time and effort available.***  Accordingly, no class action certification will be made . . . .

420 F. Supp. at 873 (emphasis added).  Chancellor Strine was cognizant of the same concerns that led this Court to deny certification in *Doe* when a class was certified elsewhere, stating that:

> [i]f there was a … case involving a New Jersey corporation and the New Jersey Court of Chancery certified a class and someone were trying to move a case forward in Delaware about a New Jersey corporation and New Jersey law governs as a certified class, I wouldn't imagine that case would be moving anywhere.

(La Sala Cert., Ex. C (Aug. 23, 2011 Tr. at 67).)  Duplicative certification of an identical class here would create only confusion and result in a needless waste of resources.  For this reason alone, this Court should decline to certify a class since the existence of an identical certified class in Delaware prevents the superiority requirement of Rule 23(b) from being met.

---

[2] State courts reach the same results.  *See, e.g.*, *Schnieder v. Vennard*, 183 Cal. App. 3d 1340 (Cal. Ct. App. 1986) (affirming trial court's refusal to certify class where overlapping class certification was pending in another court, stating ***"[i]t is undoubtedly preferable from the point of view of the judicial system to resolve the instant dispute by one class action rather than by duplicate class actions in two jurisdictions"***) (emphasis added); *Harris v. Gentry*, 711 So. 2d 467 (Ala. 1998) (finding no subject matter jurisdiction to certify a class when certification of overlapping class was pending).

### III.   CLASS CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFF HAS FAILED TO DEMONSTRATE THAT IT IS AN ADEQUATE LEAD PLAINTIFF UNDER FEDERAL RULE 23(A).

The party moving for class certification also bears the burden of proving that it is an adequate class representative.  *See Powers*, 328 F. App'x at 123 (reversing district court's grant of class certification, stating "[t]he Federal Rules of Civil Procedure list the requirements plaintiffs must satisfy before a class may be certified"); *Georgine v. Amchem Prods. Inc.*, 86 F.3d 510, 524 (3d Cir. 1996) (directing class be de-certified, holding "[t]o obtain class certification, plaintiffs must satisfy all of the requirements of Rule 23(a)"), *aff'd*, 521 U.S. 591 (1997); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001) ("Adequacy is for the plaintiffs to demonstrate; it is not up to defendants to disprove the presumption of adequacy.").  Plaintiff has failed to demonstrate that it is an adequate representative, and the Motion should be denied.

Plaintiff has offered no proof, documentary or otherwise, that it owns the amount of shares it purports to own.  In contrast, plaintiffs in Delaware have supported their ownership and ability to serve as class representatives with sworn affidavits, and demonstrated to the Delaware Court of Chancery that they are adequate representatives of the class based on that evidence and argument at the August 23, 2011 hearing.  To that end, Chancellor Strine has determined that three plaintiffs, institutional investors who collectively hold over 46,000 shares of Medco stock, meet the adequacy requirement of Rule 23(a).  Those three plaintiffs own more than ***ten times*** the amount of stock Plaintiff purports to own here. [3]  (*See* La Sala Cert., Ex. C

---

[3] Even considered individually, the lead plaintiffs in Delaware hold a significantly greater amount of shares than Plaintiff does here.  Labourers' Pension Fund owns over 23,000 Medco shares, and Westchester Putnam owns 16,900 shares.  (*See, e.g.*, La Sala Cert., Ex. D (Affidavit of Philip C. Smith on Support of Motion for Appointment of Lead Plaintiffs and Co-Lead and Liaison Counsel and Class Certification of Plaintiffs Labourers' Pension Fund of Central and

*(cont'd)*

(Aug 23, 2011 Tr. at 77) (in certifying the class, noting "it is important to look at the economic incentives of the actual clients" based on the number of shares they own, and certifying as lead plaintiff the group with the largest number of shares); La Sala Cert., Ex. B (Aug. 11, 2011 Tr. at 18) (noting the number of shares represented by lead plaintiffs in the Delaware Action is "considerably higher" than Plaintiff here)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (generally, plaintiff with the greatest number of shares and therefore the largest financial interest is best suited as lead plaintiff). Plaintiff has put forth no facts to show that it is in a better position to protect Medco shareholders than three institutional plaintiffs with more than ten times its economic interest, and who the Court of Chancery has found will protect the class to which Plaintiff belongs.

This is particularly true given that Chancellor Strine invited Plaintiff here to participate in the Delaware Action and seek to prove its adequacy as lead plaintiff there, which Plaintiff declined to do. *See, e.g.*, *Becker*, 557 F.2d at 348 (holding "[p]laintiffs had another, more readily available means by which to have their claims determined through intervention in the Cole case [which the Court invited them to do]. The district court's determination not to permit duplicative class actions, to avoid undue burdens on the parties and on judicial resources, and to eliminate the possibility of inconsistent results, cannot be overturned."). Simply put, Plaintiff has offered no proof that it is adequate to lead an identical, duplicative class of Medco shareholders that is already represented in Delaware. Thus, Plaintiff's Motion should be denied.

_____

*(cont'd from previous page)*
Eastern Canada, Gila Heimowitz, and Michael Waber) (affirming under oath that Labourers' Pension Fund owns more than 26,000 Medco shares).)

**IV.    CLASS CERTIFICATION IS NOT APPROPRIATE BECAUSE EXPRESS SCRIPTS' CHALLENGE TO SUBJECT MATTER JURISDICTION IS PENDING.**

        This Court should also deny Plaintiff's Motion because it is premature.  This Court has not yet ruled on Express Scripts' pending motion to dismiss for lack of subject matter jurisdiction.  In *Samuel-Bassett*, the Third Circuit vacated a district court's order certifying a class and remanded the case to the district court for determination of whether plaintiff had met the amount in controversy requirement for diversity.  357 F.3d at 395-96, 403.  That is precisely the situation here.  This Court should not decide to certify a class at the behest of Plaintiff, until the threshold issue of subject matter jurisdiction has been decided.  *See, e.g.*, *id.*; *Sunshine v. Reassure Am. Life Ins. Co.*, C.A. No. 10-01030, 2011 WL 666054, at *1 (E.D. Pa. Feb. 22, 2011) ("In the class action context, subject matter jurisdiction is generally assessed prior to class certification.").  Thus, no class can be certified (or should be at all) until Express Scripts' Motion to Dismiss for lack of subject matter jurisdiction is decided.

10

## CONCLUSION

For all of the foregoing reasons, Express Scripts respectfully requests that this Court deny Plaintiff's Motion for Class Certification.

Respectfully submitted,

*/s/ Joseph P. La Sala*

Robert J. Del Tufo                                      Joseph P. La Sala
Andrew Muscato                                         MCELROY, DEUTSCH, MULVANEY &
SKADDEN, ARPS, SLATE,                                      CARPENTER, LLP
   MEAGHER & FLOM LLP                              1300 Mount Kemble Avenue
(A Delaware Limited Liability Partnership)          P.O. Box 2075
Four Times Square                                      Morristown, NJ  07962-2075
New York, New York  10036                          Tel.: (973) 993-8100
Tel.:  (212) 735-3000                                  Fax: (973) 425-0161
Fax:  (212) 735-2000                                  Jlasala@mdmc-law.com
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com                  *Attorneys for Defendants Express Scripts,*
                                                            *Inc., Aristotle Merger Sub, Inc., Aristotle*
Edward P. Welch                                        *Holding, Inc. and Plato Merger Sub, Inc.*
Edward B. Micheletti
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
Tel.:  (302) 651-3000
Fax:  (302) 651-3001

DATED:  September 6, 2011

11