# EXHIBIT A

**GRANTED**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

——————————————————— x
                                    :
IN RE MEDCO HEALTH SOLUTIONS, INC. :   Cons. C.A. No. 6720-CS
SHAREHOLDERS LITIGATION          :
                                      :
——————————————————— x

**[PROPOSED] ORDER GRANTING MOTION FOR APPOINTMENT OF LEAD
PLAINTIFFS, FOR APPOINTMENT OF CO-LEAD AND LIAISON COUNSEL AND
CLASS CERTIFICATION**

This Court having considered the motions and arguments of the parties in the above

captioned consolidated action (the "Action") with respect to the appointment of lead counsel,

liaison counsel and lead plaintiffs and the certification of a class (as defined below, the "Class");

**IT IS HEREBY ORDERED,** for the reasons stated on the record during the hearing

held on August 23, 2011, that:

1.      Plaintiffs Labourers' Pension Fund of Central and Eastern Canada, Westchester

Putnam Counties Heavy & Highway Laborers Local 60 Benefit Fund and U.F.C.W. Local 1776

& Participating Employers Pension Fund (the "Plaintiffs") are appointed Co-Lead Plaintiffs and

Class Representatives.

2.      The law firms of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow

LLP are appointed Co-Lead Counsel for the Class.

3.      The law firm of Bouchard Margules & Friedlander, P.A. is appointed Liaison

Counsel for the Class.

4.      The law firms of Levi & Korsinsky, LLP, Harwood Feffer LLP, Federman &

Sherwood, Saxena White P.A., Wolf Haldenstein Adler Freeman & Herz LLP, Faruqi & Faruqi

LLP and Fish & Richardson, P.C. are appointed members of the Plaintiffs' Executive Committee

under the direction of Co-Lead Counsel.

5.      Plaintiffs' Co-Lead Counsel and Liaison Counsel shall set policy for Plaintiffs for

the prosecution of the Action, delegate and monitor the work performed by Plaintiffs' attorneys

to ensure there is no duplication of effort or unnecessary expense, coordinate on behalf of

Plaintiffs the initiation and conduct of discovery proceedings, provide direction, supervision and

coordination of the activities of Plaintiffs' counsel, and have the authority to negotiate a

settlement, subject to approval of Plaintiffs and the Court, and allocate fees among Plaintiffs'

counsel, if awarded.  Defendants' counsel may rely upon all agreements made with Plaintiffs'

Co-Lead Counsel or Plaintiffs' Liaison Counsel, or other duly authorized representatives of

Plaintiffs' Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

6.      Plaintiffs' Co-Lead Counsel and Liaison Counsel shall be responsible for

coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of

notices and orders of this Court, as well as for communications to and from this Court.  No

motion, request for discovery or other pretrial or trial proceedings shall be initiated or filed by

any Plaintiffs except through Co-Lead Counsel and Liaison Counsel.  Co-Lead Counsel and

Liaison Counsel shall further be responsible for creating and maintaining a master service list of

all parties and their respective counsel.

7.      Pursuant to Court of Chancery Rules 23(a), 23(b)(1) and 23(b)(2), the following

non-opt-out class (the "Class") is certified:

> All record holders and beneficial owners of common stock of Medco Health
> Solutions, Inc. ("Medco") together with their successors and assigns, during the
> period commencing on the date on which the board of directors of Medco
> approved the proposed acquisition of all of Medco's shares by Express Scripts,
> Inc. and ending at the effective time of the closing of the proposed transaction,

{BMF-W0264389.3}

excluding defendants and their associates, affiliates, legal representatives, heirs, successors in interest, transferees and assignees.

8.      Each of the provisions of Court of Chancery Rule 23 has been satisfied and the

Action may be properly maintained as a non-opt-out class action according to the provisions of

Court of Chancery Rule 23(a), 23(b)(1) and 23(b)(2).  Specifically, this Court finds that:

    a.   the Class is so numerous that joinder of all members is impractical;

    b.   there are questions of law or fact common to the Class;

    c.   the claims of the Plaintiffs are typical of the claims of the Class;

    d.   the Plaintiffs will fairly and adequately protect the interests of the Class;

    e.   the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the defendants;

    f.   adjudication with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications; and

    g.   defendants have acted on grounds generally applicable to the Class such that, if justified by the facts and law, final injunctive or corresponding declaratory relief with respect to the Class as a whole would be appropriate.

 

 

_____

                             Chancellor Leo E. Strine, Jr.

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Leo E Strine |
| **File & Serve Transaction ID:** | 39438580 |
| **Current Date:** | Aug 23, 2011 |
| **Case Number:** | 6720-CS |
| **Case Name:** | CONF ORD ON DISC - CONS W/ 6694, 6708, 6710, 6711, 6716, 6723, 6725, 6726, 6727 - IN RE MEDCO HEALTH SOLUTIONS, INC. SHAREHOLDERS LITIGATION |
| **Court Authorizer:** | Leo E Strine |

**/s/ Judge Leo E Strine**