**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>MEDCO/EXPRESS SCRIPTS MERGER<br>LITIGATION | Civil Action No. 11-4211 (DMC)(MF) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION**

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Mark M. Lebovitch
Brett M. Middleton
Jeremy Friedman
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Jay W. Eisenhofer
Michael J. Barry
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, Delaware 19801
(302) 622-7000

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT ......................................................................................................................3

    I.      PLAINTIFF HAS ESTABLISHED THAT IT IS AN ADEQUATE
             LEAD PLAINTIFF ................................................................................. 3

    II.     PLAINTIFF HAS ESTABLISHED THAT THE REQUIREMENTS OF FED. R.
             CIV. P. 23(b) ARE MET ....................................................................... 5

    III.    THIS COURT CAN CERTIFY A CLASS WHILE THE JURISDICTIONAL
             CHALLENGES ARE PENDING ........................................................... 9

CONCLUSION ..................................................................................................................11

## TABLE OF AUTHORITIES

CASES                                                                                        PAGE(S)

*Amalgamated Workers Union of the Virgin Islands v. Hess Oil Virgin Islands Corp.*,
    478 F.2d 540 (3d Cir. 1973)............................................................................5

*Amchem Prods. Inc. v. Windsor*,
    521 U.S. 591 (1997)............................................................................................11

*Becker v. Schenley Indus., Inc.*,
    557 F.2d 346 (2d Cir. 1977)..............................................................................7

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475 (5th Cir. 2001) .............................................................................4

*Blake Partners, Inc. v. Orbcomm, Inc.*,
    Civ. A. Nos. 07-4517, 07-4590, 2008 WL 2277117 (D.N.J. June 2, 2008) ..............5

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*,
    127 F. Supp. 2d 572 (D.N.J. 2001) .....................................................................5

*Doe v. Mathews*,
    420 F. Supp. 865 (D.N.J. 1976) ..........................................................................7

*Gregory v. Finova Capital Corp.*,
    442 F.3d 188 (4th Cir. 2006) ..............................................................................7

*Harris v. Gentry*,
    711 So. 2d 467 (Ala. Super. Ct. 1998).......................................................... 7-8

*Harrison v. XTO Energy, Inc.*,
    705 F. Supp. 2d 572 (N.D. Tex. 2010) ..............................................................10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)................................................................................4

*In re Diet Drugs Prods. Liability Litig.*,
    282 F.3d 220 (3d Cir. 2002)................................................................................7

*In re Digitek Prods. Liability Litig.*,
    MDL No. 2:08-01968, 2010 WL 2102230 (S.D. W. Va. May 25, 2010)................8

*In re Merck & Co. Sec. Litig.*,
    432 F.3d 261 (3d Cir. 2005)................................................................................5

*In re Neurontin Antitrust Litig.*,
    MDL No. 1479, 2011 WL 286118 (D.N.J. Jan. 25, 2011) ...................................5

*Kline v. Burke Constr. Co.*,
    200 U.S. 226 (1922)............................................................................................7

*Lerch v. Citizens First Bancorp, Inc.*,
    144 F.R.D. 247 (D.N.J. 1992)...........................................................................4

*Mitchell v. Texas Gulf Sulphur Co.*,
    446 F.2d 90 (10th Cir. 1971) ............................................................................7

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999).........................................................................................11

*Robinson v. Countrywide Credit Indus.*,
    No. Civ. A 97-2747, 1997 WL 634502 (E.D. Pa. Oct. 8, 1997)......................6

*Samuel-Bassett v. Kia Motors Am., Inc.*,
    357 F.3d 392 (3d Cir. 2004).............................................................................10

*Schneider v. Vennard*,
    183 Cal. App. 3d 1340 (Cal. Ct. App., 6th Dist. 1986) ....................................8

*Sunshine v. Reassure Am. Life Ins. Co.*,
    Civ. A. No. 10-01030, 2011 WL 666054 (E.D. Pa. Feb. 22, 2011) ............ 10-11

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(i) ......................................................................................4

28 U.S.C. § 1332(a) ......................................................................................................9

28 U.S.C. § 1332(d)(2) ...............................................................................................11

L. Civ. R. 8.1................................................................................................. 9-10

Fed. R. Civ. P. 23 ................................................................................... *passim*

ii

**PRELIMINARY STATEMENT**

Defendant Express Scripts, Inc. ("Express Scripts") has, at every possible opportunity since the commencement of this litigation, gamed the litigation process in order to have the claims alleged in this action be heard solely by Chancellor Strine in the Delaware Court of Chancery ("Delaware Court"). Express Scripts' attempts have been designed to deprive Plaintiff of its choice of forum.[1]  However, with their latest attempt at blocking certification of a class in this action – in conjunction with their voluntary consent to class certification in Delaware (*see* Docket Entry 47-4 at 62 (informing Chancellor Strine, "We make – we have no hesitation, no embarrassment, no bones about the fact that we think Your Honor ought to certify a class here")) – Express Scripts has gone one step further, seeking not only to deprive Plaintiff of its choice of forum, but also to choose its opponent by dictating who shall be appointed lead plaintiff and lead counsel.  Such decisions are solely within the Court's purview pursuant to Fed. R. Civ. P. 23 ("Rule 23"), and Express Scripts' tactics should not be rewarded.

Nothing in Express Scripts' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification ("Opposition")[2] contradicts or undermines any of the reasons set forth in Plaintiff's Brief in Support of Motion for Class Certification ("Opening Brief") that demonstrate that class certification is appropriate here.  Nor could Express Scripts dispute anything in the Opening Brief because it consented to certification of a class in the Delaware Court.  Faced with

---

[1] Express Scripts has not even attempted to hide the fact that it is forum shopping.  In the class certification hearing, counsel for Express Scripts expressed concern that "slow-boating" the Delaware case will "kill [that] case, taking it slow and moving forward" in New Jersey, and stated, "We just – the main concern we have is not who gets appointed and – and – like I say, appoint them all.  That's all good with us.  But – but – but we don't want to see some situation occur where it's a plan to move the thing to New Jersey."  Docket Entry 47-4 at 62, 69.

[2]  Defendant Medco Health Solutions, Inc. joined in the Opposition filed by Express Scripts. *See* Letter dated September 6, 2011, from K. Marino and J. Tortorella to the Hon. Dennis M. Cavanaugh, Docket Entry 48.

this dilemma, Express Scripts instead concocts three new arguments – none grounded in law, and all based on its view that Delaware is the appropriate forum – in an attempt to defeat class certification here.

*First*, Express Scripts argues that Plaintiff is not an adequate lead plaintiff by flagrantly ignoring the Declaration of R. Randall Roche, Docket No. 39-9, which was filed with the initial certification motion and establishes the adequacy of Plaintiff to represent the interests of the class.

*Second*, Express Scripts argues that the certification of a class in the Delaware Court somehow precludes this Court from certifying a class in this action because Plaintiff cannot demonstrate that certifying a class here is superior to other avenues of relief.  Aside from the fact that courts are not prohibited from certifying a class in a parallel proceeding, doing so is warranted here because this class action will be the ***only class action that can provide timely relief from the unlawful deal lockups to Medco shareholders***.  As set forth in Plaintiff's Opposition to Defendant's Motion to Dismiss, Docket Entry 30 ("MTD Opp."), this Court is the "superior" forum because Plaintiff cannot obtain complete relief on the challenged $1 billion termination fee in the Delaware Court on an expedited basis.  The Delaware Court has, at least in recent practice, not scheduled expedited hearings on deal protections to take place until after a preliminary proxy is filed and a shareholder vote is set.  *See* MTD Opp. at 11-13.  Furthermore, consistent with this recent practice, the Delaware Court indicated that it does not intend to consider an injunction in that action until the preliminary proxy is filed and the parties can address the adequacy of the disclosures.  This Court, in contrast, is not bound by the Delaware Court's recent practice, and as a result, this Court can provide the class the opportunity to

achieve full and prompt relief from the damages currently being caused by the chilling effect that

the mere existence of the outsized termination fee may have on potential competing suitors.

*Third*, Defendant argues that the court cannot decide the issue of class certification prior

to resolving a dispute over this Court's jurisdiction.  This issue was itself concocted by Express

Scripts as part of its scheme to have the claims heard in the Delaware Court.  However, there is

no rule precluding a court from certifying a class while a motion to dismiss is pending.  In any

event, Plaintiff's brief clearly establishes the Court's subject matter jurisdiction over the claims

at issue in this case.  *See* MTD Opp. at 8-10.

For the reasons set forth below, Express Scripts' arguments should be rejected, and the

Court should enter an order certifying the class here.

## ARGUMENT

I.  **PLAINTIFF HAS ESTABLISHED THAT IT IS AN ADEQUATE LEAD PLAINTIFF**

Plaintiff has established itself as an adequate lead plaintiff.  Express Scripts contends,

erroneously, that "Plaintiff has offered no proof, documentary or otherwise, that it owns the

amount of shares it purports to own."  Opposition at 8.  Express Scripts is wrong and

inexplicably ignores the Declaration of R. Randall Roche ("Roche Declaration" or "Roche

Decl."), *see* Docket Entry 39-9, submitted in support of Plaintiff's Motion for Class

Certification.  The Roche Declaration establishes that Plaintiff held 4,788 shares of Medco

common stock on June 30, 2011, and 4,688 shares of Medco common stock on July 31, 2011,

and has held that stock at all relevant times.  Roche Decl. ¶4.  It further establishes that Plaintiff

will fairly and adequately protect the interests of the class and has interests that are aligned with

the absentee class members.  *Id.* ¶¶3, 6, 7.  Express Scripts' inadequacy argument, therefore,

should be rejected out of hand, especially since Express Scripts could have sought discovery into these matters but chose not to do so.

Express Scripts also argues, without citing any applicable supporting legal authority, that the Delaware plaintiffs are somehow "more" adequate than Plaintiff because (1) they are three institutional investors, and (2) combined, they own 46,000 shares of Medco common stock. However, the only cases Defendants cite in support of this argument are Private Securities Litigation Reform Act ("PSLRA") cases.[3]  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 478 n.1 (5th Cir. 2001).  These cases are entirely inapplicable here (1) they do not to apply the appropriateness of class certification and (2) this action has nothing to do with securities fraud and does not fall under the PSLRA.  Moreover, Plaintiff here is also an institutional investor, and as the sole candidate for lead plaintiff, is in a better position to supervise, monitor and participate in the ongoing litigation.  Roche Decl. ¶6.

Finally, Plaintiff has satisfied the adequacy prong because its chosen counsel is qualified and its interests are not antagonistic to those of the absentee class members.  *See Lerch v. Citizens First Bancorp, Inc.*, 144 F.R.D. 247, 251 (D.N.J. 1992); Opening Br. at 8-9.  Express Scripts has not contested that Plaintiff meets these criteria, and in fact, has described one of Plaintiff's counsel as the "preeminent *Delaware* plaintiffs' law firm."  *See* Defendants Express Scripts, Inc. and Plato Merger Sub, Inc's Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint, Docket Entry 12-1 at 7 (emphasis in original) and Memorandum of Law in Support of Their Motion to Stay This Action in Favor of the Delaware

---

[3] Express Scripts' arguments are premised on a presumption found in the PSLRA that an investor with the largest economic stake in a publicly traded corporation is the presumptive lead plaintiff in cases arising under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

Actions, Docket Entry 13-1 at 3 (emphasis in original).  Much to its chagrin, Express Scripts

does not get to choose its opposing counsel.[4]

## II.   PLAINTIFF HAS ESTABLISHED THAT THE REQUIREMENTS OF FED. R. CIV. P. 23(b) ARE MET

Express Scripts also incorrectly claims that Plaintiff cannot establish that a class action is

the "superior" avenue of litigating its claims.  This argument also has no merit.  To begin,

Federal Rule of Civil Procedure 23(b) does not require a plaintiff to demonstrate any degree of

"superiority" for class certification.  Once all the requirements of Rule 23(a) are met, Rule 23

permits a court to certify a class if only one of three alternative conditions found in Rule 23(b)

are met.  *See Amalgamated Workers Union of the Virgin Islands v. Hess Oil Virgin Islands

Corp.*, 478 F.2d 540, 543 (3d Cir. 1973) ("We also note that the requirements of Rule 23(b)(3)

need not be met if the requirements of one of the other subsections of Rule 23(b) are met."); *In re

Neurontin Antitrust Litig.*, MDL No. 1479, 2011 WL 286118, at *5 (D.N.J. Jan. 25, 2011)

("Having satisfied the requirements of Federal Rule of Civil Procedure 23(a), Plaintiffs must

next demonstrate that proposed class is maintainable under ***one of the three subsections*** of

Federal Rule of Civil Procedure 23(b)." (emphasis added)).  Here, Plaintiff has chosen to

proceed under Fed. R. Civ. P. 23(b)(1) and (2), neither of which require a demonstration of

superiority.

---

[4] In fact, in cases arising under the federal securities laws in the Third Circuit, defendants are not permitted to raise any objection to the selection of lead plaintiff or its counsel.  Indeed, the Third Circuit holds the view that defendants do not have standing to challenge the adequacy of a lead plaintiff and his chosen counsel because "defendants will rarely have the best interests of the class at heart."  *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005); *see also Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 575 n.2 (D.N.J. 2001) (stating that the majority of courts have denied defendants the right to challenge "the adequacy of lead plaintiffs and their chosen counsel"); *Blake Partners, Inc. v. Orbcomm, Inc.*, Civ. A. Nos. 07-4517, 07-4590, 2008 WL 2277117, at *3 n.3 (D.N.J. June 2, 2008) (same).

Significantly, Express Scripts does not challenge any of the reasons set forth in Plaintiff's Opening Brief that demonstrate that this action meets the provisions of Rules 23(b)(1) and (b)(2). Nor could it.  Express Scripts already consented to class certification in the Delaware Court on the same grounds.  Here, class certification is warranted under Rule 23(b)(1), which requires a showing that "prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, or [if] adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."  Fed. R. Civ. P. 23(b)(1)(A-B).  Certification also is warranted under subsection (2) of Rule 23(b), which allows for a certification of a class where, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  *See* Opening Brief at 10-11.  Therefore, because Plaintiff has chosen to proceed under subsections (b)(1) and (b)(2) of Rule 23, it is *not* required to show that a class action is "superior" to alternate forms of actions, and Express Scripts cites no authority supporting its theory.

The fact that a class already has been certified in the Delaware Court does not preclude this Court from certifying a class here.  Parallel class actions with similar underlying claims have been permitted to proceed in tandem.  *See Robinson v. Countrywide Credit Indus.*, No. Civ. A 97-2747, 1997 WL 634502, at *4 (E.D. Pa. Oct. 8, 1997) ("Recognizing that 'federal courts have a virtually unflagging obligation . . . to exercise jurisdiction given them,' we will not preclude class action certification merely because of a similar proceeding in the California state courts.");

*In re Diet Drugs Prods. Liability Litig.*, 282 F.3d 220, 223 (3d Cir. 2002) (discussing parallel class actions, noting that "[i]n ordinary actions *in personam*, each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res ajudiciata* by the court which the action is still pending.") (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)).[5]

In addition, Defendants' cases on this issue are readily distinguishable. Most involve multiple competing cases whose procedural postures and contexts are far different than those present here. *See Gregory v. Finova Capital Corp.*, 442 F.3d 188, 191 (4th Cir, 2006) (class was not certified because a completely different type of proceeding – an adversary proceeding in an already pending bankruptcy litigation – presented plaintiff with opportunity to achieve the appropriate relief it sought); *Doe v. Mathews*, 420 F. Supp. 865, 873 (D.N.J. 1976) (merely holding that it was premature to certify a class because there were many similar cases filed around the country which were in the process of being organized); *Becker v. Schenley Indus., Inc.*, 557 F.2d 346, 347-48 (2d Cir. 1977) (refusing to certify a class where there was a prior class action pending in the *same forum)*; and *Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 107 (10th Cir. 1971) (finding class certification inappropriate where the litigation in another jurisdiction was far more advanced, but also noting that *two classes had been certified* in that alternative jurisdiction, thus demonstrating that multiple classes may be certified at the same time). Another case denied class certification because of a state court rule which does not apply here. S*ee Harris v. Gentry*, 711 So. 2d 467, 468 (Ala. Super. Ct. 1998) (relying upon an

---

[5] *Diet Drugs* dealt with an All Writs Act application, seeking to enjoin state court proceedings which interfered with a pending settlement in federal court. However, the principles upon which *Diet Drugs* relies is equally applicable here, that parallel actions proceed independently of one another until one is settled or litigated to judgment.

Alabama state court jurisdictional rule that is inapplicable here).   Still another denied class

certification because other provisions of Rule 23 were not met.  *See In re Digitek Prods. Liability*

*Litig.*, MDL No. 2:08-01968, 2010 WL 2102230, at *15 (S.D. W. Va. May 25, 2010) (denying

class certification because individual issues predominated over common issues, not because there

was other litigation pending elsewhere).

Furthermore, Defendant's reliance on *Schneider v. Vennard*, 183 Cal. App. 3d 1340,

1348 (Cal. Ct. App., 6th Dist. 1986), is misplaced and actually supports proceeding in this

jurisdiction promptly, instead of in Delaware.  In *Schneider*, the court denied class certification

precisely because it first determined that plaintiff could obtain complete relief in a class action

pending in federal court.  Here, however, Plaintiff cannot obtain complete relief in the Delaware

Court on an expedited basis.  As Plaintiff set forth in its Opposition to Motion to Dismiss, the

Delaware Court has indicated that it is not inclined to schedule an injunction hearing in the

Delaware action until a preliminary proxy has been filed here.  *See* MTD Opp. at 11-13.

The absence of expedition is highly prejudicial to Plaintiff and to the class as a whole

because the mere existence of the $1 billion termination fee has an immediate and ongoing

chilling effect on potential competing bidders.  Only if this unlawful termination fee is struck

will competing suitors have an opportunity to formulate alternative bids without having to

account for paying Express Scripts a billion dollar fee if the Medco Board of Directors elects to

pursue a superior offer.  Without expedited proceedings now, Plaintiff will be forced to conduct

all discovery – from multiple parties and non-parties, regarding a highly complex transaction – in

the short window of time between the date when the shareholder vote is set and the date that it

actually occurs.   A schedule which follows a model of "delay, then rush" clearly favors

Defendants, who already have all the documents and other relevant evidence at their disposal,

and further, deprives shareholders of the ability to get prompt relief or to permit a truly competitive bidding process to occur. *See* MTD Opp. at 2.

In contrast, this Court does not face any such restrictions and may expedite these proceedings, thereby affording the class the opportunity to achieve full relief. Therefore, while Plaintiff was not required to demonstrate that certifying a class in this litigation is superior to any other avenue of relief, it already has demonstrated that a class action in this Court is superior to the one in the Delaware Court.

### III.     THIS COURT CAN CERTIFY A CLASS WHILE THE JURISDICTIONAL CHALLENGES ARE PENDING

The great lengths to which Express Scripts will go to in order to control everything about this dispute, from the forum it litigates in, to the discovery schedule, to the plaintiffs and opposing counsel it faces, are made apparent by its argument that this Court cannot certify a class prior to resolving whether this Court has subject matter jurisdiction over the claims. In its motion to dismiss, Express Scripts argued that Plaintiff did not adequately allege facts necessary to satisfy the amount in controversy requirement of diversity jurisdiction under 28 U.S.C. § 1332(a). This subject matter jurisdiction dispute has been concocted by Express Scripts simply to delay this litigation, and is now also being used to thwart Plaintiff's attempt at class certification.

For the reasons set forth in Plaintiff's Opposition to Defendant's Motion to Dismiss, Defendant's arguments concerning jurisdiction have no merit, and diversity jurisdiction is met here. The Court should reject Express Scripts' baseless jurisdictional argument that Plaintiff should have pleaded a specific amount of damages even though Plaintiff is seeking injunctive relief. That argument fails under Local Civil Rule 8.1, which expressly forbids a plaintiff from pleading a specific amount of unliquidated damages, L. Civ. R. 8.1. Although Defendant pointed

out in its reply brief supporting its motion to dismiss that Local Civil Rule 8.1 requires a plaintiff

to allege "the requisite jurisdictional amount in controversy," *see* Docket Entry 44 at 5, that does

not mean that Plaintiff is required to allege a specific amount of damages claimed.  And, Plaintiff

here has pled that its damages exceed the $75,000 threshold required for diversity jurisdiction,

*see* Amended Complaint ¶25, which, based on a plain reading, can be all that Local Civil Rule

8.1 requires.  Therefore, contrary to Defendant's assertion, the primary authority it relied upon to

challenge diversity jurisdiction, *Harrison v. XTO Energy, Inc.*, 705 F. Supp. 2d 572, 579 (N.D.

Tex. 2010), is indeed inapposite, *see* Docket Entry 44 at 5, because the Northern District of

Texas does not have a corresponding restriction on pleading unliquidated damages.  *See* MTD

Opp. at 8-10.  Now Defendant has seized on the fact that the Court has not yet ruled on its

contrived jurisdictional dispute in order to argue against class certification here.

Defendant relies upon only two cases in support of its argument that the Court cannot

certify a class prior to determining whether diversity jurisdiction exists.  Neither stands for a

universal rule that class certification is inappropriate prior to resolving jurisdictional issues.  In

*Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 395 (3d Cir. 2004), defendant sought to

remove a case to federal court, and plaintiff was alleging that the jurisdictional amount fell below

$75,000.  *Id.* at 395.  Thereafter the district court certified a class without ever determining the

amount of damages alleged by the plaintiff for purposes of establishing diversity jurisdiction.  *Id.*

Although the Third Circuit recognized that there are instances where it makes more sense to rule

on class certification prior to jurisdictional challenges, *id.*, it nevertheless reversed the class

certification ruling because a failure to meet the jurisdictional minimum would result in remand.

Here, in contrast, it is Plaintiff who seeks to litigate in the federal court, and a jurisdictional loss

would result in dismissal.  In *Sunshine v. Reassure Am. Life Ins. Co.*, Civ. A. No. 10-01030,

2011 WL 666054, at * 1 (E.D. Pa. Feb. 22, 2011), which relies solely on *Samuel-Bassett*, the court determined whether the jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA") were met prior to determining whether to certify a class. However, CAFA states that it applies "to any class action ***before or after the entry of a class certification order*** by the court with respect to that action," and thus CAFA itself recognizes that a class can be certified prior to resolution of jurisdictional questions.

Therefore, no such blanket rule exists to preclude a court from certifying a class prior to resolving jurisdictional questions, and the United States Supreme Court has twice recognized that in some instances, "class certification issues are . . . 'logically antecedent' to Article III concerns," and should be decided first. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999); citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 612 (1997). Here, where the jurisdictional challenges are merely smoke screens designed to delay this proceeding in order to permit Express Scripts to select its preferred forum, adversary, and opposing counsel, the Court should refuse to engage in Express Scripts' blatant gamesmanship and should certify the class even while Express Scripts' baseless jurisdictional challenges are pending. In the alternative, the Court should reject Express Scripts' jurisdictional arguments promptly, which would render moot Express Scripts' final argument in opposition to class certification here.

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Plaintiff's Brief in Support of Motion for Class Certification and accompanying declarations, the Court should certify this action as a class action, and appoint the moving Plaintiff as Class representative and its counsel as Class Counsel under Rule 23(g)(1).

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
Attorneys for Plaintiff

By:＿＿＿＿＿ /s/   James E. Cecchi＿＿＿＿＿
　　　　　JAMES E. CECCHI

Dated: September 13, 2011

Mark M. Lebovitch
Brett M. Middleton
Jeremy Friedman
BERNSTEIN LITOWITZ BERGER
　& GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

Jay W. Eisenhofer
Michael J. Barry
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, Delaware 19801
(302) 622-7000