NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all other similarly situated shareholders of Medco Health Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> MEDCO HEALTH SOLUTIONS, INC., HOWARD W. BAKER, JR., JOHN L. CASSIS, MICHAEL GOLDSTEIN, CHARLES M. LILLIS, MYRTLE POTTER, WILLIAM L. ROPER, DAVID B. SNOW, JR., DAVID D. STEVENS, BLENDA J. WILSON, EXPRESS SCRIPTS, INC., and PLATO MERGER SUB, INC., <br><br> Defendants | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action 2:11-cv-4211(DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon two (2) motions by Defendants Express Scripts, Inc. and Plato Merger Sub, Inc. (collectively "Express Scripts" or "Defendants"). The first motion seeks dismissal of Plaintiff Louisiana Municipal Police Employees' Retirement System's ("LAMPERS" or "Plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The second motion asks this Court to stay the action in favor of related proceedings filed in Delaware (the "Delaware Actions"). Both motions were filed by Defendants on August 8, 2011. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After

considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motions to dismiss and stay the action are denied.

I. BACKGROUND[1]

Express Scripts is a pharmacy benefit management corporation located in St. Louis, Missouri and incorporated in Delaware. (Pl.'s Compl. ¶ 22). Medco is a pharmacy benefit management corporation located in Franklin Lakes, New Jersey and incorporated in Delaware. (Pl.'s Compl. ¶ 11). On July 21, 2011, Medco and Express Scripts announced that they had reached a definitive merger agreement through which the companies would be combined (the "Proposed Transaction"). (Def.'s Mot. Dismiss 4). The Proposed Transaction is valued at approximately $29.1 billion. Id. Under the terms of the merger agreement, Medco shareholders will receive $28.80 in cash and $0.81 Express Scripts shares per Medco share, valuing Medco at $71.36 per share as of the day of announcement. Id. The merger agreement contains a provision that assesses a $950 million termination fee (the "Termination Fee") if Medco fails to fulfill its obligations. (Pl.'s Compl. ¶ 71).

Plaintiff LAMPERS asserts that Medco breached its fiduciary duty to its shareholders when it entered into the Proposed Transaction. Further, Plaintiff asserts that the Termination Fee is unreasonable and should be deemed unenforceable. Plaintiff instituted suit in this Court by filing a complaint on July 22, 2011. Plaintiff seeks a preliminary and permanent injunction against any further activity to consummate the Proposed Transaction. (Pl.'s Compl. ¶ 103).

II. LEGAL STANDARDS

   A. Motion to Dismiss

---

[1] These facts have been taken from the parties' respective submissions to this Court unless otherwise noted.

Defendant moves to dismiss the action for lack of subject matter jurisdiction or alternatively for failing to state a claim. In deciding a motion to dismiss, the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to [the Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). To dismiss for want of amount in controversy this Court must have "legal certainty that the claim is really for less than the jurisdictional amount..." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). At the same time, if this Court determines that subject matter jurisdiction is lacking, it must dismiss the matter. Fed. R. Civ. P. 12(h)(3). It is well established that the federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976) (citing England v. La. State Bd. of Med. Exam'rs, 375 U.S. 411, 415 (1964); McClellan v. Carland, 217 U.S. 268, 281 (1910); (citation omitted)).

The Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief'" under Federal Rule of Civil Procedure 12(b)(6), "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, those factual allegations, when their truth is assumed, "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, this Court is to "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." M & M Stone Co. v. Pennsylvania, 388 Fed.Appx. 156, 162 (3d Cir. 2010).

**B. Motion to Stay**

Defendant seeks to impose a stay in this action in favor of adjudication in the Delaware state courts. It is well established in this Circuit that the Colorado River analysis governs motions to stay or dismiss on grounds of abstention.[2] See, e.g., McMurray v. De Vink, 27 Fed.Appx. 88, 92 (3d Cir. 2002); Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir.1997); Ingersoll Rand Fin. Corp. v. Callison, 844 F.2d 133, 137 (3d Cir. 1988); Western Auto Supply Co. v. Anderson, 610 F.2d 1126, 1127 (3d Cir. 1979). Pursuant to Colorado River, abstention would be appropriate where the matter presents a difficult question of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Colorado River, 424 U.S. at 814. The federal court's statutory obligation to exercise the jurisdiction bestowed by Congress emphasizes the appropriately narrow application of the Colorado River analysis. Id.

**III. DISCUSSION**

Plaintiff's complaint furnishes sufficient grounds of entitlement to relief to overcome a Fed. R. Civ. P. 12(b)(6) motion. Complete diversity has been shown. Defendants' proof that Plaintiff's claim is for less than the jurisdictional amount does not rise to the level of legal certainty. Consequently, for the reasons herein expressed, this Court will not refrain from exercising its jurisdiction over this matter.

**A. Motion to Dismiss: Subject matter jurisdiction**

Pursuant to the United States Code, the District Courts have original jurisdiction over all

---

[2]The McMurray Court found a stay to be "as much a refusal to exercise federal jurisdiction as a dismissal. McMurray, 27 Fed.Appx. at 92.

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between diverse citizens. 28 U.S.C. § 1332 (2005). In other words, proper jurisdiction over subject matter requires a sufficient amount in controversy and diversity of citizenship between the parties.

### 1. Diversity

Plaintiff is a Louisiana public retirement system with its principal place of operation in Louisiana. (Pl.'s Compl. ¶ 10, ECF No. 1). Defendant Medco is a Delaware Corporation governed by the laws of Delaware, headquartered in Franklin Lakes, New Jersey. (Def.'s Mot. Dismiss 4). Defendant Express Scripts is a Delaware Corporation with its principal place of business in St. Louis, Missouri. Id. Defendant Plato Merger Sub, Inc. is a Delaware Corporation and a wholly owned subsidiary of Express Scripts created for the purpose of effectuating the Proposed Transaction. Id. Pursuant to §1332, a Corporation is held to be a citizen of its place of incorporation as well as its principal place of business. 28 U.S.C. §1332 (2005). No Defendant is either incorporated or principally doing business in Louisiana. The statutory jurisdictional requirement of complete diversity of citizenship is satisfied.

### 2. Amount in controversy

For this Court to have a basis to dismiss for want of amount in controversy, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount..." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Selecting a process for determining whether the amount in controversy meets the required threshold involves striking the proper balancing between discerning the exact amount in controversy and not unduly delaying proceedings. 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

3702 (4th ed. 2011).  On the one hand, a case should not be entertained by a federal court if there is no basis for the assertion that the jurisdictional amount requirement has been satisfied.  Id.  On the other hand, a party should not be unduly delayed or deprived unfairly from securing a resolution of his claim or defense in a federal forum by protracted litigation over a preliminary jurisdictional determination.  Id.  In cases where there is no adequate remedy at law, the measure of jurisdiction is the value of the right sought to be protected by injunctive relief.  Spock v. David, 469 F.2d 1047, 1052 (1972).  Courts in this jurisdiction have not required the Plaintiff to allege the amount by which the transaction was undervalued on a per-share basis to prove subject matter jurisdiction in cases where shareholders sought to enjoin a transaction.[3]  Further, that issue is not appropriate for inquiry at this stage because it would require an undue amount of time and efforts including, but not limited to, significant expert discovery.

      Here, the right for which Plaintiff seeks protection is the right to a fair value of shares held.  The shareholders personally allege a loss of over $75,000 based on the shares they own.[4]  On July 21, 2011, Medco and Express Scripts announced their definitive merger agreement (the "Proposed Transaction").  The Proposed Transaction is valued at approximately $29.1 billion.  Under the terms of the merger agreement, Medco shareholders will receive $28.80 in cash and

---

[3]Defendants cite the *Harrison v. XTO Energy, Inc.* for a holding contrary to the Court's analysis here, that Plaintiff is required to allege personal loss in excess of $75,000 resulting from undervaluation.  705 F.Supp.2d 572, 579 (N.D.Tex. 2010).  This Northern District of Texas case is not controlling upon this Court.  Further, the facts presented in that case showed a failure of Plaintiffs to allege ownership of a sufficient number of shares to result in a loss totaling more than $75,000 which further distinguishes it from the case at hand.

[4]For this reason, this Court will not reach the now moot issue of whether or not Plaintiff's claims may be aggregated, an argument which Defendants support only with non-controlling authority.  (Def.'s Mot. Dismiss 8).

$0.81 Express Scripts shares per Medco share, valuing Medco at $71.36 per share as of the day of announcement. (Def.'s Mot. Dismiss 4, ECF No. 12). Plaintiff LAMPERS owns 4,600 shares of Medco stock. (Pl.'s Br. Opp. Mot. 9, ECF No. 30). Defendants have failed to prove with legal certainty that Plaintiff's claim involves less than $75,000. Plaintiff seeks to enjoin any further action to consummate the Proposed Transaction. Obstructing the Proposed Transaction requires contention with the $950 million Termination Fee contractually assessed in any case where Medco fails to fulfill its obligations under the contract. Plaintiff's claim alone pleads a sufficient amount in controversy based on the amount of shares of Medco stock owned by the Plaintiff and the Termination Fee included in the merger agreement.

**B. Motion to Stay: Abstention**

Abstention is a judge-fashioned vehicle for according appropriate deference to the "respective competence of the state and federal court systems." England v. La. State Bd. Of Med. Exam'rs, 375 U.S. 411, 414 (citing La. Power & Light Co. v. Thibodaux, 360 U.S. 25, 29 (1959)). Pursuant to constitutional authorization, Congress has conferred specific categories of jurisdiction upon the federal courts based on the principle that "when a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction." England, 375 U.S. at 415. (citing Willcox v. Consolidated Gas Co., 212 U.S. 19, 40 (1909)). This Circuit has upheld the same noting that, abstention is *not required* in cases where a federal court faces the inquiry of whether to dismiss or stay proceedings because of duplicative state court litigation. McMurray v. De Vink, 27 Fed.Appx 88, 92 (3d Cir. 2002) (emphasis added).[5]

---

[5]In McMurray, the Third Circuit found that the District Court had erred in concluding that by staying the case, it was not abstaining. The McMurray court expounded that Colorado River would provide the proper framework for analysis of the question of whether to abstain. 27

"The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." England, 375 U.S. at 415.

In McMurray v. De Vink the Third Circuit reminds us that the Colorado River framework governs motions to stay or dismiss on grounds of abstention. 27 Fed.Appx 88, 92 (3d Cir.2002) (citation omitted). As employed by the Third Circuit in that case, the Colorado River analysis considers four factors when deciding whether abstention is appropriate: 1) which forum first assumed jurisdiction over the property at issue; 2) the inconvenience of the federal forum; 3) avoidance of piecemeal litigation; 4) the order in which jurisdiction was obtained in the concurrent forums. McMurray v. De Vink, 27 Fed.Appx 88, 92 (3d Cir.2002) (citing Colorado River, 424 U.S. at 818). The combination of factors must be balanced against the obligation to exercise jurisdiction and no one factor is necessarily determinative.[6] Id.

The first factor regarding jurisdiction over the property at issue is irrelevant based on the facts provided. The second factor regarding convenience weighs against abstention because, most significantly, Defendant's choice venue is in close proximity to this Court.[7] McMurray, 27 Fed.Appx. at 93 (finding no hardship imposed by requiring participants to travel to New Jersey

---

Fed.Appx at 92.

[6] The District Court had found that under the Tabas v. Mullane analysis, several factors weighed in favor of a stay, and instituted that mechanism as appropriate in that case where abstention was not. McMurray v. De Vink, 2000 WL 33951276 at *2 (D.N.J October 26, 2000) (citing Tabas, 608 F.Supp. 759, 763 (D.N.J. 1985)). The Third Circuit held that the District Court could not stay the case while claiming it was not abstaining and that staying was merely the mechanism applied by the abstention doctrine. McMurray, 27 Fed.Appx. at 92. The Court further stated that Colorado River analysis controls the inquiry. Id.

[7] Additionally, co-Defendant Medco is headquartered in Franklin Lakes, New Jersey and Defendant Express Scripts has an office in Parsippany, New Jersey. (Pl.'s Br. Opp. Mot. 17, ECF No. 30).

over even the most distant part of Delaware).  The third factor, concerning the avoidance of piecemeal litigation invokes this Circuit Court's cautionary words directing a narrow construction.  Mere pendency of an action in the state court is not enough.  Id. at 92.  Additionally, this case presents the very same cause of action as McMurray where shareholders sued merging corporations alleging breach of fiduciary duties.  Id.  In that case, the Third Circuit found these very same issues to be of "garden-variety" and insufficient for unified resolution in the state courts.  Id.  Finally, the fourth factor is considered in terms of how far the proceedings have progressed in either forum; progress which, at this point, can only be seen as negligible.  See, Moses H. Cone, 460 U.S. 1, 21 (1983).[8]

Given the foregoing Colorado River analysis, this Court will not refrain from exercising its jurisdiction.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss and to stay the action are **denied**.

|  |  |
|---|---|
|  | S/Dennis M. Cavanaugh |
| Dated:     September  19 , 2011 | Dennis M. Cavanaugh, U.S.D.J. |
| cc:          All Counsel of Record |  |
|               Hon. Mark Falk, U.S.M.J. |  |
|               File |  |

---

[8]In McMurray, "conferences were held, voluminous documents were produced, interrogatories propounded, objected to and answers and some twenty (20) depositions were taken," however, the court found this unpersuasive since consideration of the other factors and absence of a novel state law issue weighed against abstention.