**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| IN RE:<br><br>MEDCO/EXPRESS SCRIPTS MERGER LITIGATION | Civil Action No. 11-4211 (DMC) (MF)<br><br>**ORAL ARGUMENT REQUESTED**<br>**MOTION DATE: OCTOBER 17, 2011** |
|---|---|

**EXPRESS SCRIPTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(B) AND STAY PENDING APPEAL**


Robert J. Del Tufo
Andrew Muscato
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
4 Times Square
New York, NY 10036-6522
Tel.: (212) 735-3000
Fax. (212) 735-2000
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com

Joseph P. La Sala
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161
Jlasala@mdmc-law.com

*Attorneys for Defendants Express Scripts, Inc., Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc.*

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES ............ ii

INTRODUCTION ............ 1

ARGUMENT ............ 3

I. CERTIFICATION FOR INTERLOCUTORY APPEAL IS APPROPRIATE UNDER 28 U.S.C. § 1292(b). ............ 3

A. The Order Involves Controlling Questions Of Law. ............ 3

B. There Is Substantial Ground For Differences Of Opinion. ............ 3

1. Substantial ground for differences of opinion exists as to whether the Court has subject matter jurisdiction. ............ 3

2. Substantial ground for differences of opinion exists as to whether a stay of the Federal Action is appropriate. ............ 6

C. An Immediate Appeal Will Materially Advance The Ultimate Termination Of This Litigation. ............ 8

II. FURTHER PROCEEDINGS SHOULD BE STAYED PENDING APPEAL. ............ 10

CONCLUSION ............ 12

## TABLE OF CASES AND AUTHORITIES

**CASES** **PAGE**

*Alliance to End Repression v. Rochford*,
75 F.R.D. 441 (N.D. Ill. 1977) ..... 11

*In re Barsan Contractors*,
C.A. No. 10-3081, 2011 WL 3907116 (D.N.J. Sept. 30, 2010) ..... 9

*Beazer East, Inc. v. The Mead Corp.*,
No. Civ. A. 91-408, 2006 WL 2927627 (W.D. Pa. Oct. 12, 2006),
*aff'd*, 525 F.3d 255 (3d Cir. 2008) ..... 4, 5

*BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth.*,
C.A. No. 06-0588 (NHL), 2006 WL 3591256 (D.N.J. Dec. 8, 2006),
*aff'd*, 310 F. App'x 490 (3d Cir. 2008) ..... 8

*Carducci v. Aetna U.S. Healthcare*,
No. Civ. A. 01-4675, 2002 WL 31262100 (D.N.J. July 24, 2002) ..... 3, 8

*Chase Manhattan Bank v. Iridium Afr. Corp.*,
324 F. Supp. 2d 540 (D. Del. 2004) ..... 4

*In re Chocolate Confectionary Antitrust Litig.*,
607 F. Supp. 2d 701 (M.D. Pa. 2009) ..... 5

*Columbia Gas Transmission Corp. v. Tarbuck*,
62 F.3d 538 (3d Cir. 1995) ..... 5

*In re Compellent Techs., Inc. S'holder Litig.*,
C.A. No. 6084-VCL (Del. Ch. Jan. 13, 2011) (Transcript) ..... 11

*In re Del Monte Foods Co. S'holders Litig.*,
25 A.3d 813 (Del. Ch. 2011) ..... 2

*In re Dwek*,
C.A. No. 10-4259 (MLC), 2011 WL 487582 (D.N.J. Feb. 4, 2011),
*aff'd*, 2011 WL 1322292 (D.N.J. Mar. 31, 2011) ..... 9, 10

*Edgar v. MITE Corp.*,
457 U.S. 624 (1982) ..... 1

*Florence v. Bd. of Chosen Freeholders*,
657 F. Supp. 2d 504 (D.N.J. 2009), *rev'd*,
621 F.3d 296 (3d Cir. 2010) ........................................................................ 5

*Hall v. Wyeth, Inc.*,
No. 10-738, 2010 WL 4925258 (E.D. Pa. Dec. 2, 2010) .......................................... 4

*Harrison v. XTO Energy, Inc.*,
705 F. Supp. 2d 572 (N.D. Tex. 2010) ............................................................ 5, 6, 8

*Hulmes v. Honda Motor Co.*,
936 F. Supp. 195 (D.N.J. 1996)........................................................................ 8

*Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*,
C.A. No. 2:10-cv-05108 (DMC)(JAD), 2011 WL 601585
(D.N.J. Feb. 17, 2011) ........................................................................ 9

*J.I.K. Realty Co. v. Seward*,
No. 87 C 2839, 1989 WL 165114 (N.D. Ill. Dec. 28, 1989) ...................................... 7

*Joyce v. United States*,
474 F.2d 215 (3d Cir. 1973) ........................................................................ 9

*Knipe v. SmithKline Beecham*,
583 F. Supp. 2d 553 (E.D. Pa. 2008)........................................................................ 9

*Lan v. Ludrof*,
C.A. No. 1:06cv114-SJM, 2008 WL 763763 (W.D. Pa. Mar. 21, 2008).................... 6

*Levine v. United Healthcare Corp.*,
285 F. Supp. 2d 552 (D.N.J. 2003), *aff'd*, 285 F.3d 156 (3d Cir. 2005)............ 4, 5, 10

*Lewis v. Seneff*,
654 F. Supp. 2d 1349 (M.D. Fla. 2009)........................................................................ 6

*In re Lorazepam & Clorazepate Antitrust Litig.*,
208 F.R.D. 1 (D.D.C. 2002) ........................................................................ 10, 11

*Lowenschuss v. Resorts Int'l, Inc.*,
C.A. No. 89-1071, 1989 WL 73254 (E.D. Pa. June 29, 1989) .................................. 8

*McMurray v. De Vink*,
27 F. App'x 88 (3d Cir. 2002)........................................................................ 7

*Michelson v. Citicorp Nat'l Servs., Inc.*,
138 F.3d 508 (3d Cir. 1998) ........................................................................ 6

*N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*,
No. 07-2978 (MLC), 2008 WL 4692345 (D.N.J. Oct. 8, 2008) .................. 4, 5, 10, 11

*N.J. Dep't of Treas., Div. of Inv. v. Fuld*,
Civ. No. 09-1629 (AET), 2009 WL 2905432 (D.N.J. Sept. 8, 2009) .......................... 4

*In re Novergence, Inc.*,
C.A. No. 08-1882, 2008 WL 5136842 (D.N.J. Dec. 5, 2008) .................................... 9

*Paramount Commc'ns Inc. v. QVC Network Inc.*,
637 A.2d 34 (Del. 1994) ........................................................................................ 2

*Patrick v. Dell Fin. Servs.*,
366 B.R. 378 (M.D. Pa. 2007) ................................................................................ 4

*Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*,
No. 09-1458, 2011 WL 240149 (W.D. Pa. Jan. 24, 2011) ......................................... 4

*Romine v. Compuserve Corp.*,
160 F.3d 337 (6th Cir. 1998) ............................................................................. 6, 7

*Singh v. Diamler-Benz, AG*,
800 F. Supp. 260 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993) .................... 3, 8, 9

*Snyder v. Harris*,
394 U.S. 332 (1969) ........................................................................................ 6, 7, 8

*Strong v. Bucyrus-Erie Co.*,
476 F. Supp. 224 (E.D. Wis. 1979) ........................................................................ 9

*Teamsters Local Nos. 175 & 505 Pension Trust Fund v. IBP, Inc.*,
123 F. Supp. 2d 514 (D.S.D. 2000) ......................................................................... 7

*United States v. Troup*,
821 F.2d 194 (3d Cir. 1987) ................................................................................... 9

*Voda v. Cordis Corp.*,
No. CIV-03-1512-L, 2005 WL 1429887 (W.D. Okla. Jan. 7, 2005) .......................... 9

**STATUTES**

28 U.S.C. § 1332(d)(9) .......... 2

S. Rep. No. 109-14 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3 .......... 7, 8

Fed. App. R. 8(a)(1) .......... 10

**OTHER AUTHORITIES**

William H. Rehnquist, *The Prominence of the Delaware Court of Chancery in the State-Federal Joint Venture of Providing Justice*, 48 BUS. LAW. 351 (1992) .......... 11

Dolores K. Solviter, *A Federal Judge Views Diversity Jurisdiction Through The Lens of Federalism*, 78 VA. L. REV. 1671 (1980) .......... 1, 2

Express Scripts requests that the Court certify for interlocutory appeal the Court's order, dated September 19, 2011 (the "Order") denying Defendants' motions to dismiss the Amended Complaint and to stay this litigation in favor of virtually identical litigation pending in Delaware, where a class of Medco shareholders has already been certified.[1]

## INTRODUCTION

The Order should be certified for interlocutory appeal. Plaintiffs have not cited a single instance where a motion to certify an unclear question of subject matter jurisdiction has been denied. Most importantly, the Court's jurisdiction should be certain before it even considers scheduling a hearing on an injunction aimed at depriving stockholders of $29 billion in merger consideration, which stockholders otherwise have every right to accept or reject as they see fit. The order involves controlling and compelling questions of law.

Within days of the $29 billion Proposed Transaction's announcement, *twenty-one* separate groups of plaintiffs' lawyers sued on behalf of the same putative class of Medco shareholders. The majority has coalesced in Delaware, the appropriate forum for the purely state law claims at issue and where a class of Medco shareholders has already been certified. Contrary to what Plaintiffs tell the Court, the United States Supreme Court – not just Express Scripts – has emphasized that litigation of this nature should be regulated by the state of incorporation, here Delaware.[2]

---

1 Capitalized terms herein shall have the same meaning as defined in the Opening Brief in Support of Express Scripts' Motion For Certification Pursuant to 28 U.S.C. § 1292(b) and Stay Pending Appeal, filed on September 23, 2011 (the "Opening Brief"). (D.I. 56.)

2 *See Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982) ("only one State should have the authority to regulate a corporation's internal affairs–matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders–because otherwise a corporation could be faced with conflicting demands"). *See also* Dolores K. Solviter, *A Federal Judge Views Diversity Jurisdiction Through The Lens of Federalism*, 78 VA. L. REV. 1671 (1980) (adjudicating

*(cont'd)*

Plaintiffs here have also told the Court that "the Delaware Court of Chancery, as part of its own procedural practices, historically has declined to order expedited proceedings in challenges to a proposed merger until a preliminary proxy is filed and a shareholder vote is set."[3] Express Scripts responded with examples where these same plaintiffs' lawyers were granted expedition absent a shareholder vote. (*See, e.g.*, D.I. 14 at 17, D.I. 44 at 7-8.) Similarly, more than a decade ago in the seminal case of *Paramount Communications Inc. v. QVC Network Inc.*, the Delaware Supreme Court preliminarily enjoined a no-shop provision and a termination fee. 637 A.2d 34, 42 (Del. 1994). Earlier this year, the Delaware Court of Chancery did the same thing. *See In re Del Monte Foods Co. S'holders Litig.*, 25 A.3d 813 (Del. Ch. 2011). Yet Plaintiffs continue to argue such relief cannot issue from the Delaware courts. (*See* D.I. 30 at 1 ("this Court is the *only* forum where Medco's shareholders can have their challenge to the Termination Fee and other deal protections adjudicated on an expedited basis" to provide a meaningful remedy") (emphasis in original).)

Plaintiffs' subject matter jurisdiction arguments are infirm. They first said that this Court could exercise subject matter jurisdiction pursuant to Section 1332(d), despite the statute's express command to the contrary. *See* 28 U.S.C. § 1332(d)(9)(B)-(C). Express Scripts brought Plaintiffs' calculated mistake to light, and they immediately changed direction, hastily putting together the generic amount in controversy allegation on which they now rely.

Absence of subject matter jurisdiction here is plainly subject to question, and the basis for jurisdiction asserted by Plaintiffs is a matter of first impression in this Circuit and raises

*(cont'd from previous page)*

state law issues in federal court "results in the inevitable erosion of the state courts' sovereign right and duty to develop state law as they deem appropriate").

3 (D.I. 30 at 1. *See also id.* at 11; D.I. 38 at 1; D.I. 45 at 2.)

substantial ground for differences of opinion. This Court is entitled to meaningful assurance from the Third Circuit that it actually has subject matter jurisdiction, before being required to rule on a preliminary injunction motion that could deprive stockholders of their own choice in whether to accept or reject a $29 billion offer. Accordingly, the motion for certification of an interlocutory appeal should be granted.

## ARGUMENT

### I. CERTIFICATION FOR INTERLOCUTORY APPEAL IS APPROPRIATE UNDER 28 U.S.C. § 1292(B).

#### A. The Order Involves Controlling Questions Of Law.

As explained in the Opening Brief, subject matter jurisdiction is a quintessential controlling question. (Pl. Br. at 7-8.) Plaintiffs mount no challenge to the satisfaction of this requirement, conceding that the Order involves a controlling question of law.[4] Nor do Plaintiffs contest that judicial action in the absence of subject matter jurisdiction constitutes reversible error.

#### B. There Is Substantial Ground For Differences Of Opinion.

##### 1. Substantial ground for differences of opinion exists as to whether the Court has subject matter jurisdiction.

As the Court's Opinion recognized, the issue of how to calculate the amount in controversy for purposes of Section 1332(a) in a shareholder action to enjoin a merger

---

4 Plaintiffs' own authority concedes the point. *Carducci v. Aetna U.S. Healthcare*, No. Civ. A 01-4675, 2002 WL 31262100, at *2 (D.N.J. July 24, 2002) (*cited* by Plaintiffs, finding subject matter jurisdiction controlling question of law, stating "[i]f this Court erroneously decided that issue, then it would result in reversal on final appeal, because this court would have been without jurisdiction over the action"); *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992) (*cited* by Plaintiffs, finding subject matter jurisdiction "clearly involves a controlling question of law, as a reversal of the order denying remand would result in a voiding of the judgment at a final hearing on appeal. This court recognizes that if this court does not have subject matter jurisdiction, continuation of this litigation in this court would be a waste of scarce judicial resources as well as the parties' time and money."), *aff'd*, 9 F.3d 303 (3d Cir. 1993) (citation omitted).

transaction is novel. (Op. at 5-6.) As explained in the Opening Brief, the absence of controlling authority demonstrates a substantial ground for differences of opinion that should be certified. (Pl. Br. at 10-11.) *See, e.g.*, *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, C.A. No. 09-1548, 2011 WL 240149, at *2 (W.D. Pa. Jan. 24, 2011) (certifying interlocutory appeal, explaining: "the allegations herein … are somewhat unusual and have not been expressly addressed by the Third Circuit"); *Hall v. Wyeth, Inc.*, C.A. No. 10-738, 2010 WL 4925258, at *2 (E.D. Pa. Dec. 2, 2010) (certifying interlocutory appeal, explaining "the absence of controlling law on a particular issue can constitute substantial grounds") (citation omitted); *Chase Manhattan Bank v. Iridium Afr. Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004) (certifying interlocutory appeal, holding "questions of first impression" demonstrate substantial grounds).

Plaintiffs' Opposition offers nothing to the contrary, and ***fails to cite a single instance*** where a motion to certify an unclear question of subject matter jurisdiction was denied. In contrast, the Opening Brief cited numerous examples of certified subject matter jurisdiction questions by district courts within the Third Circuit. *See, e.g.*, *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 565 (D.N.J. 2003) (certifying interlocutory appeal, explaining reversal would mean that "this Court lacks federal jurisdiction over the action"), *aff'd*, 285 F.3d 156 (3d Cir. 2005); *N.J. Dep't of Treas., Div. of Inv. v. Fuld*, Civ. No. 09-1629 (AET), 2009 WL 2905432, at *2 (D.N.J. Sept. 8, 2009) (certifying interlocutory appeal, explaining "jurisdiction issues are classic examples" of certifiable questions); *N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, No. 07-2978 (MLC), 2008 WL 4692345, at *5 (D.N.J. Oct. 8, 2008) (certifying interlocutory appeal of subject matter jurisdiction question); *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 386 (M.D. Pa. 2007) (certifying interlocutory appeal of subject matter jurisdiction question); *Beazer E., Inc. v. The Mead Corp.*, No. Civ. A. 91-408, 2006 WL 2927627, at *2 (W.D. Pa. Oct. 12, 2006)

(certifying interlocutory appeal, stating "[t]he court believes that the fundamental issue of subject matter jurisdiction is one of the clearest examples" of certifiable question), *aff'd*, 525 F.3d 255 (3d Cir. 2008).

As also explained in the Opening Brief, the Opinion's direct conflict with the only authority on point, *Harrison v. XTO Energy, Inc.*, 705 F. Supp. 2d 572, 578-79 (N.D. Tex. 2010), warrants certification. *See Florence v. Bd. of Chosen Freeholders*, 657 F. Supp. 2d 504, 509 (D.N.J. 2009) (certifying interlocutory appeal, explaining court may "look to jurisdictions outside the one in which the Court sits when examining whether substantial grounds for disagreement on a given issue exist"), *rev'd on other grounds*, 621 F.3d 296 (3d Cir. 2010); *Levine*, 285 F. Supp. 2d at 566 (certifying interlocutory appeal, finding substantial grounds after examining decisions outside the district); *see also In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 705-06 (M.D. Pa. 2009) (certifying interlocutory appeal, explaining "[t]he existence of conflicting judicial opinions provides support for certification of an appeal, as does a lack of binding precedent"); *N.J. Prot. & Advocacy, Inc.*, 2008 WL 4692345, at *4 (certifying interlocutory appeal, finding conflicting conclusions by same district court satisfactory evidence of substantial grounds). Again, Plaintiffs cite no authority to the contrary.

Plaintiffs' attempt to bring *Carr v. N.J. Cure Insurance Co.* in line with the Opinion is ineffective. (Pl. Br. at 7.) *Carr* squarely placed the burden on the plaintiff to demonstrate subject matter jurisdiction. The Opinion did the opposite, holding that "Defendants have failed to prove with legal certainty that Plaintiffs' claim involves less than $75,000." (Op. at 7.) That holding directly conflicts with settled United States Supreme Court authority. As the Third Circuit has explained, "where ***a defendant or the court*** challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must

produce sufficient evidence to justify its claims." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (emphasis added).

Finally, Plaintiffs' Local Civil Rule 8.1 argument concerning liquidated damages remains nonsensical, given Plaintiffs' allegations that they have no adequate remedy at law, and therefore seek injunctive relief. (Am. Compl. ¶ 94.) The Rule expressly states that "[n]othing stated herein shall relieve the party filing the pleading of the necessity of alleging the requisite jurisdictional amount in controversy," yet Plaintiffs attempt to use the Rule to avoid exactly that. The Rule certainly posed no problems in *Carr*.

In sum, Plaintiffs fail to demonstrate an absence of substantial ground for differences of opinion as to whether subject matter jurisdiction is proper.[5] Instead, Plaintiffs' Opposition merely confirms that substantial ground for differences of opinion exists here, and an interlocutory appeal should be certified.

**2. Substantial ground for differences of opinion exists as to whether a stay of the Federal Action is appropriate.**

Contrary to Plaintiffs' assertions, class certification of an identical state court action ***is*** relevant to an abstention analysis, and it demonstrates the satisfaction of the *Colorado River* "parallel action" requirement. *Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 512 (3d Cir. 1998) (dismissing appeal challenging District of New Jersey court's exercise of *Colorado River* abstention in deference to pending class action); *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998) (affirming exercise of *Colorado River* abstention where class certified in

[5] Plaintiffs argue that *Harrison* is not the only case on point, yet they fail to cite contrary authority. (Pl. Br. at 10.) *Lan v. Ludrof* is a settlement approval opinion, and no findings as to amount in controversy are made. No. 1:06cv114-SJM, 2008 WL 763763, at *1 (W.D. Pa. Mar. 21, 2008). *Lewis v. Seneff* likewise fails to make any findings at all concerning amount in controversy. 654 F. Supp. 2d 1349 (M.D. Fla. 2009). Incredibly, Plaintiffs continue to assert that "[w]ith a billion dollar termination fee at issue here, the jurisdictional threshold is met" without even addressing *Snyder v. Harris*, 394 U.S. 332 (1969). (Pl. Br. at 1, 11 n.5.)

state court proceeding, holding "the specter of judicial duplication of effort looms particularly ominously in the class action context"); *Teamsters Local Nos. 175 & 505 Pension Trust Fund*, 123 F. Supp. 2d 514, 517 (D.S.D. 2000) (exercising *Colorado River* abstention in deference to identical case pending in Delaware because "[p]laintiff is a member of the classes proposed in the Delaware proceedings"); *J.I.K. Realty Co. v. Steward*, No. 87 C 2839, 1989 WL 165114, at *8 (N.D. Ill. Dec. 28, 1989) (exercising *Colorado River* abstention, holding "[c]omplex class litigation is particularly suited to the application of a non-duplication principle" and "duplication of such class litigation … is simply more likely to present an exceptional circumstance warranting *Colorado River* abstention").[6] This is particularly true where, as here, Plaintiffs' claims are indisputably governed by Delaware law, and the parallel action is pending in Delaware.

Plaintiffs' Class Action Fairness Act ("CAFA") arguments fare no better. (Pl. Br. at 14-16.) While CAFA's amendment of 28 U.S.C. § 1332 was intended to expand substantially federal court jurisdiction over class actions, it expressly excepted "those class actions that solely involve claims that relate to matters of corporate governance arising out of state law." S. Rep. No. 109-14, at 42-43 (citing *Edgar*, 457 U.S. at 645). As Plaintiffs now admit, this action falls squarely within the carve out.[7] And, as Senate Report 109-14 demonstrates, the carve out was intended to leave actions such as this one in the state courts:

---

[6] In *McMurray v. De Vink*, no class had been certified in the Delaware court. 27 F. App'x 88 (3d Cir. 2002). Here, Plaintiffs are already members of a certified class of similarly situated stockholders before the Delaware Court of Chancery.

[7] Plaintiffs finally admit their original pleading, asserting jurisdiction under Section 1332(d), was defective. (Pl. Br. at 16 (explaining 1332(d)(9) "excepts from new subsection 1332(d)(2)'s grant of original jurisdiction those class actions that solely involve claims that relate to matters of corporate governance arising out of state law").) Plaintiffs' counsel has both explained CAFA's amendment to section 1332(d), even citing its legislative history, and signed a complaint squarely prohibited by its plain language.

> True to the concept of federalism, [CAFA] appropriately leaves certain "intrastate" class actions in state court: cases involving …. corporate governance cases. As such, [CAFA] promotes the concept of federalism and ***protects the ability of states to determine their own laws*** and policies for their citizens.

Tellingly, Plaintiffs fail to even respond to the argument that traditional application of diversity jurisdiction is informed by the notion that state law questions should be decided by the state courts. *See, e.g.*, *Snyder v. Harris*, 394 U.S. 332, 333, 339-41 (1969) (explaining congressional purpose "to check, to some degree, the rising caseload of the federal courts, especially with regard to the federal courts' diversity of citizenship jurisdiction"); *Harrison*, 705 F. Supp. 2d at 579.

Finally, Plaintiffs avoid Third Circuit examples of courts deferring to state court proceedings in which a class has been certified. *See BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth.*, C.A. No. 06-0588 (NLH), 2006 WL 3591256 (D.N.J. Dec. 8, 2006) (exercising *Colorado River* abstention, dismissing action in deference to pending state court action), *aff'd*, 310 F. App'x 490 (3d Cir. 2008); *Lowenschuss v. Resorts Int'l, Inc.*, C.A. No. 89-10711989 WL 73254, at *8 (E.D. Pa. June 29, 1989) (dismissing under *Colorado River* an action in deference to certified class in Delaware).

**C. An Immediate Appeal Will Materially Advance The Ultimate Termination Of This Litigation.**

Here, Plaintiffs again miss the point. While Plaintiffs state that "Courts, in fact, routinely deny certifications for interlocutory appeals if those appeals will unduly delay litigation," they ***fail to cite a single instance*** where possible delay alone warranted denial of an interlocutory appeal. *Carducci*, 2002 WL 31262100, at *3 (*cited* by Plaintiffs; finding no substantial grounds); *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 211-12 (D.N.J. 1996) (*cited* by Plaintiffs; finding no substantial grounds, and explaining certification of evidentiary decision on eve of trial would result in further delay); *Singh v. Diamler-Benz*, AG, 800 F. Supp. 260, 263 (E.D. Pa. 1992) (*cited*

by Plaintiffs; finding no substantial grounds, yet conceding "that an interlocutory appeal may materially advance the ultimate termination of the litigation"), *aff'd*, 9 F.3d 303 (3d Cir. 1993).[8]

As explained in the Opening Brief, and supported by on-point authority, a Section 1292(b) certification here would materially advance the litigation's ultimate termination, possibly eliminating the need for burdensome duplicative discovery, costly litigation expenses and trial. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 601 (E.D. Pa. 2008) (certifying interlocutory appeal, explaining "the Court finds that an interlocutory appeal may very well spare time and expense for both Court and litigants" where reversal would terminate litigation); *see also Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2005 WL 1429887, at *1 (W.D. Okla. Jan. 7, 2005) (certifying interlocutory appeal, explaining "[t]he Court is loathe to put the parties to the expense of litigating the [issue] if indeed it does not have subject matter jurisdiction over those claims"); *Strong v. Bucyrus-Erie Co.*, 476 F. Supp. 224, 225 (E.D. Wis. 1979) (certifying interlocutory appeal, explaining if reversed, "no further proceedings will be necessary").

Accordingly, an immediate appeal would materially advance the ultimate termination of this case, and certification of the Order is warranted.

---

8 Much of Plaintiffs' cited authority addresses appeals to the district court from a bankruptcy court order under 28 U.S.C. § 158(a). *See In re Dwek*, C.A. No. 10-4259 (MLC), 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011) (refusing to address whether appeal to district court would materially advance litigation), *aff'd*, 2011 WL 1322292 (D.N.J. Mar. 31, 2011); *In re Barsan Contractors*, C.A. No. 10-3081, 2010 WL 3907116, at *5 (D.N.J. Sept. 30, 2010) (refusing to address whether appeal to district court would materially advance litigation); *In re Novergence, Inc.*, C.A. No. 08-1882, 2008 WL 5136842, at *3 (D.N.J. Dec. 5, 2008). The assertion that "[c]orrecting [a jurisdictional] error would not 'materially advance the ultimate termination of the litigation" is not supported by their cited authority. *See Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC,* C.A. No. 2:10-cv-05108(DMC)(JAD), 2011 WL 601585, at *2 (D.N.J. Feb. 17, 2011) (not involving a question of subject matter jurisdiction). To be sure, Third Circuit authority demonstrates the seriousness of a subject matter jurisdiction error. *See United States v. Troup*, 821 F.2d 194, 197 (3d Cir. 1987) ("[I]f we speak without subject matter jurisdiction, our utterances are tainted precedent."); *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973) ("Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction.").

## II. FURTHER PROCEEDINGS SHOULD BE STAYED PENDING APPEAL.

In arguing against a stay, Plaintiffs again stray from the critical issues. A request for a stay in connection with a motion to certify an interlocutory appeal is the normal course, and is not "premature" as Plaintiffs state. *See, e.g., N.J. Prot. & Advocacy, Inc.*, 2008 WL 4692345, at *4 (staying proceedings in connection with certification of interlocutory appeal on subject matter jurisdiction grounds). Section 1292(b) expressly authorizes a party to request such a stay from the district court in connection with a motion to certify an interlocutory appeal. Moreover, the Federal Rules of Appellate Procedure require a party to seek a stay from the district court before petitioning the appellate court for the same relief. *See* Fed. App. R. 8(a)(1) ("party must ordinarily move first in the district court" for, among other things, a stay).

The appeal is likely to succeed on the merits, because placing the burden on Defendants to disprove subject matter jurisdiction rises to the level of reversible error. Indeed, Plaintiffs agree that the burden to demonstrate subject matter jurisdiction belonged on them. (Pl. Br. at 6.) The Opinion stated otherwise. (Op. at 7.) Plaintiffs wrongly argue that "litigation expenses do not constitute irreparable harm," citing a case refusing to allow a party to litigate in federal court before exhausting its administrative remedies. (Pl. Br. at 21 (citing *Boise Cascade Corp. v. FTC*, 498 F. Supp. 772, 778 (D. Del. 1980)).) To the contrary, avoidance of unnecessary burdens and expenses are perfectly appropriate reasons to stay proceedings, particularly when subject matter jurisdiction issues are involved. *Levine*, 285 F. Supp. 2d at 565-66 (staying proceedings pending interlocutory appeal on subject matter jurisdiction grounds); *N.J. Prot. & Advocacy, Inc.*, 2008 WL 4692345, at *4 (same); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) (staying proceedings pending appeal, "to conserve the resources of all parties" where appeal "could dispose of this litigation"); *Alliance to End Repression v. Rochford*,

75 F.R.D. 441, 447 (N.D. Ill. 1977) (staying proceedings pending appeal, where there was a "possibility that needless discovery might occur" if the decision were reversed).

Finally, there simply is no basis for Plaintiffs' continued assertions that the Delaware Action will not adequately protect the class. The Delaware Court of Chancery has managed class actions asserting state law fiduciary claims for decades upon decades. Its expertise is not subject to serious debate. *See, e.g.*, William H. Rehnquist, *The Prominence of the Delaware Court of Chancery in the State-Federal Joint Venture of Providing Justice*, 48 BUS. LAW. 351 (1992). The same claims at issue here are before the Delaware Court of Chancery, on behalf of the same class of Medco shareholders. Claims will not become moot and no harm will befall the class. The truth is, Plaintiffs are desperate to move forward here because a stay might jeopardize its counsels' potential fee. *See, e.g., In re Compellent Techs., Inc. S'holder Litig.*, C.A. No. 6084-VCL, Tr. at 20 (Del. Ch. Jan. 13, 2011) ("[I]f you then go and file in another forum" a plaintiff can "get control of a piece of the litigation for purposes of the fee negotiations.") (October 11, 2011 Certification of Joseph P. LaSala, Ex. A.)

**CONCLUSION**

For all of the foregoing reasons, Express Scripts requests that the Court certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b) and stay these proceedings pending resolution of that appeal.

Respectfully submitted,

*/s/ Joseph P. La Sala*

Joseph P. La Sala
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161
Jlasala@mdmc-law.com

Robert J. Del Tufo
Andrew Muscato
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
4 Times Square
New York, NY 10036
Tel.: (212) 735-3000
Fax: (212) 735-2000
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com

OF COUNSEL:

Edward P. Welch
Edward B. Micheletti
Cliff C. Gardner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3001

*Attorneys for Defendants Express Scripts, Inc., Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc.*

DATED: October 11, 2011