OF COUNSEL:
John L. Hardiman
Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Kevin H. Marino
John D. Tortorella
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928-1488
Tel: (973) 824-9300
Fax: (973) 824-8425

*Attorneys for the Medco Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IN RE:

MEDCO/EXPRESS SCRIPTS MERGER
LITIGATION

Civil Action No. 11-4211(DMC) (MF)

## MEDCO'S ANSWER TO THE AMENDED COMPLAINT

Medco Health Solutions, Inc., David B. Snow, Jr., Michael Goldstein, Howard W. Barker, Jr., John L. Cassis, Charles M. Lillis, Myrtle Potter, William L. Roper, David D. Stevens and Blenda J. Wilson (collectively, "Medco"), by their undersigned attorneys, answers and responds to the Amended Complaint as follows:

As to the introductory paragraph, Medco denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that plaintiff purports to bring the claims alleged in the Amended Complaint.

1.      Medco denies the allegations of paragraph 1, except admits that, on July 21, 2011, Medco and Express Scripts, Inc. ("Express Scripts") announced that they had entered into a definitive merger agreement (the "Merger Agreement").

2.      Medco denies the allegations of paragraph 2.

3.      Medco denies the allegations of paragraph 3.

4.      Medco denies the allegations of paragraph 4.

5.      Medco denies the allegations of paragraph 5.

6.      Medco denies the allegations of paragraph 6, except admits that on July 21, 2011, Medco and Express Scripts announced that they had entered into a definitive merger agreement pursuant to which Medco shareholders would receive $28.80 in cash and .81 Express Scripts share for each Medco share in a transaction valuing Medco at approximately $29 billion (the "Proposed Transaction").

7.      Medco denies the allegations of paragraph 7 and denies that the allegations accurately or completely describe the content of the Merger Agreement, and respectfully refers the court to the Merger Agreement for a complete and accurate description of its contents.

8.      Medco denies the allegations of paragraph 8 and denies that the allegations accurately or completely describe the content of the Merger Agreement, and respectfully refers the court to the Merger Agreement for a complete and accurate description of its contents.

9.      Medco denies the allegations of paragraph 9, and avers that the allegations state conclusions of law to which no response is required.

10.      Medco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and denies them on that basis.

11.      Medco denies the allegations of paragraph 11, except admits sentences one through eight of paragraph 11, and avers that the ninth sentence contains conclusions of law to which no response is required.

12.     Medco admits the allegations of paragraph 12.

13.     Medco admits the allegations of paragraph 13.

14.     Medco admits the allegations of paragraph 14.

15.     Medco admits the allegations of paragraph 15.

16.     Medco admits the allegations of paragraph 16.

17.     Medco admits the allegations of paragraph 17.

18.     Medco denies the allegations of paragraph 18, except admits that David B. Snow, Jr. has served as Medco's Chief Executive Officer since 2006 and as a member of the Medco Board since March 2003, that Mr. Snow served as Medco's President from 2003 to 2006, and that Mr. Snow is a resident of the State of Connecticut.

19.     Medco admits the allegations of paragraph 19.

20.     Medco admits the allegations of paragraph 20.

21.     Inasmuch as the allegations of paragraph 21 require a response, Medco admits that the Amended Complaint purports to identify the individuals listed in paragraphs 12 through 20 as the "Individual Defendants."

22.     Medco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 except to aver, upon information and belief, that Express Scripts is a Delaware corporation with its principal place of business in St. Louis, Missouri.

23.     Medco admits upon information and belief the allegations of paragraph 23.

24.     Medco denies the allegations of paragraph 24.

25.     Medco denies upon information and belief the allegations of paragraph 25, and avers that the allegations contain conclusions of law to which no response is required.

26.     Medco denies the allegations of paragraph 26, and avers that the allegations contain conclusions of law to which no response is required.

27.     Medco denies the allegations of paragraph 27, and avers that the allegations contain conclusions of law to which no response is required.

28.     Medco admits upon information and belief the allegations of paragraph 28.

29.     Medco denies the allegations of paragraph 29.

30.     Medco admits the allegations of paragraph 30.

31.     Medco denies the allegations of paragraph 31.

32.     Medco denies the allegations of paragraph 32, except admits upon information and belief the allegations of the first two sentences of paragraph 32.

33.     Medco admits the allegations of paragraph 33.

34.     Medco denies the allegations of paragraph 34, except (a) admits the allegations of the second sentence of paragraph 34, and (b) lacks knowledge or information sufficient to form a belief as to the truth of the vague allegations presented in the first sentence.

35.     Medco admits the allegations of paragraph 35.

36.     Medco admits the allegations of paragraph 36.

37.     Medco denies the allegations of paragraph 37.

38.     Medco denies the allegations of paragraph 38 and denies that the allegations accurately or completely describe the content of the referenced report, and respectfully refers the Court to the report referenced in paragraph 38 for a complete and accurate description of its contents.

39.     Medco denies the allegations of paragraph 39.

40.     Medco denies the allegations of paragraph 40.

41.     Medco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, except admits that, in 2010, the California Attorney General brought a civil suit against Villalobos and Buenrostro, among others.

42.     Medco denies the allegations of paragraph 42, except admits that the facts recited therein are among those contained in Medco's annual report referenced in paragraph 42 and in subsequent filings Medco made with the Securities and Exchange Commission, and respectfully refers the Court to Medco's annual report referenced in paragraph 42 for a complete and accurate description of its contents.

43.     Medco denies the allegations of paragraph 43.

44.     Medco denies the allegations of paragraph 44, except admits that an action has been filed against it in California, but denies that the allegations of paragraph 44 accurately or completely describe the content of the complaint in that matter, and respectfully refers the Court to that pleading for a complete and accurate description of its contents.

45.     Medco denies the allegations of paragraph 45.

46.     Medco denies the allegations of paragraph 46.

47.     Medco denies the allegations of paragraph 47, and respectfully refers the Court to public information regarding Medco's financial performance.

48.     Medco denies the allegations of paragraph 48 and denies that the allegations accurately or completely describe the referenced notice or the related agreement.

49.     Medco admits that it issued a press release on January 3, 2011 containing the quoted statements in paragraph 49 of the Amended Complaint, but denies that the allegations of paragraph 49 accurately or completely describe the referenced press release, and respectfully refers the Court to the referenced press release for a complete and accurate description of its contents.

50.     Medco admits that, on May 27, 2011, it filed a Form 8-K that concerns the subject matter referenced in paragraph 50, but denies that the allegations of paragraph 50 accurately or completely describe that Form 8-K, and respectfully refers the Court to that Form 8-K for a complete and accurate description of its contents.

51.     Medco admits that it filed a Form 8-K that contains the statements quoted in paragraph 51 of the Amended Complaint, but denies that the allegations of paragraph 51 accurately or completely describe the referenced Form 8-K and respectfully refers the Court to the referenced 8-K for a complete and accurate description of its contents.

52.     Medco denies the allegations of paragraph 52 and avers that the allegations contain no factual assertions requiring a response.

53.     Medco admits that it issued a press release for the first quarter of 2011 containing the statements quoted in paragraph 53, but denies that the allegations of paragraph 53 accurately or completely describe the referenced press release and respectfully refers the Court to the referenced press release for a complete and accurate description of its contents and Medco's financial results.

54.     Medco admits that it issued a press release for the second quarter of 2011 containing the statements quoted in paragraph 54, but denies that the allegations of paragraph 54 accurately or completely describe the referenced press release, and respectfully refers the Court to the referenced press release for a complete and accurate description of its contents and Medco's financial results.

55.     Medco denies the allegations of paragraph 55.

56.     Medco denies the allegations of paragraph 56, except admits that Medco issued press releases concerning the Proposed Transaction and UnitedHealthcare on July 21, 2011, one of which contained the statement quoted in paragraph 56, but denies that the allegations of paragraph 56 accurately or completely describe the referenced press releases, and respectfully refers the Court to the July 21, 2011 press releases for a complete and accurate description of their contents.

-6-

57.     Medco denies the allegations of paragraph 57 and denies that the allegations of paragraph 57 accurately or completely describe the content of the referenced conference call, and respectfully refers the Court to the referenced conference call transcript for a complete and accurate description of its contents, including the material quoted in paragraph 57.

58.     Medco denies the allegations of paragraph 58.

59.     Medco admits that, on July 21, 2011, Express Scripts and Medco announced that they had entered into the Merger Agreement, which offered consideration representing a 28% premium to Medco's closing stock price on July 20, 2011, but denies that the allegations of paragraph 59 accurately or completely describe the Merger Agreement or the referenced press release, and respectfully refers the Court to the Merger Agreement and the referenced press release for a complete and accurate description of their contents.

60.     Medco denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and denies that the allegations accurately or completely describe the referenced analyst report, and respectfully refers the Court to the referenced analyst report for a complete and accurate description of its contents.

61.     Medco admits the allegations of paragraph 61.

62.     Medco denies the allegations of paragraph 62 and avers that the allegations contain conclusions of law to which no response is required.

63.     Medco denies the allegations of paragraph 63, and respectfully refers the Court to public information regarding Medco's trading price.

64.     Medco denies the allegations of paragraph 64 and denies that the allegations accurately or completely describe the Merger Agreement, and respectfully refers the Court to the Merger Agreement for a complete and accurate description of its contents.

65.     Medco denies the allegations of paragraph 65, and avers that the allegations contain conclusions of law to which no response is required.

66.     Medco denies the allegations of paragraph 66, and avers that the allegations contain conclusions of law to which no response is required.

67.     Medco denies the allegations of paragraph 67 and denies that the allegations accurately or completely describe the Merger Agreement, and respectfully refers the Court to the Merger Agreement for a complete and accurate description of its contents.

68.     Medco denies the allegations of paragraph 68 and denies that the allegations accurately or completely describe the Merger Agreement, and respectfully refers the Court to the Merger Agreement for a complete and accurate description of its contents.

69.     Medco denies the allegations of paragraph 69.

70.     Medco denies the allegations of paragraph 70 and denies that the allegations accurately or completely describe the Merger Agreement, and respectfully refers the Court to the Merger Agreement for a complete and accurate description of its contents.

71.     Medco denies the allegations of paragraph 71, and avers that the allegations contain conclusions of law to which no response is required.

72.     Medco denies the allegations of paragraph 72 and denies that the allegations accurately or completely describe the Merger Agreement, and respectfully refers the Court to the Merger Agreement for a complete and accurate description of its contents.

73.     Medco denies the allegations of paragraph 73.

74.     Medco denies the allegations of paragraph 74.

75.     Medco denies the allegations of paragraph 75.

76.     Medco denies the allegations of paragraph 76, except admits that certain Medco executives may receive certain payments and benefits upon consummation of the Proposed Transaction, and respectfully refers the Court to the preliminary filing on Form S-4 of Aristotle Holding, Inc., filed October 6, 2011 (the "Preliminary Form S-4"), for a complete and accurate description of these payments and benefits.

77.     Medco denies the allegations of paragraph 77, except admits that Medco amended its employment agreement with Mr. Snow, and respectfully refers the Court to its Form 8-K, filed May 26, 2011, for a complete and accurate description of the terms of the amendment to Mr. Snow's employment agreement.

78.     Medco lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.     Medco denies the allegations of paragraph 79.

80.     Medco denies the allegations of paragraph 80, except admits that JPMorgan Chase & Co. and Lazard Ltd. served as Medco's financial advisors for the Proposed Transaction, and that Credit Suisse Group AG and Citigroup, Inc. served as Express Scripts' financial advisors for the Proposed Transaction, and respectfully refers the Court to the Preliminary Form S-4 for a full and complete statement of the compensation paid and potentially to be paid to these firms in connection with the Proposed Transaction.

81.     Medco denies the allegations of paragraph 81.

82.     Medco denies the allegations of paragraph 82, except admits that plaintiff purports to allege the claims described therein.

83.     Medco denies the allegations of paragraph 83, and avers that the allegations contains a conclusion of law to which no response is required.

84.     Medco denies the allegations of paragraph 84, except admits that, as of April 15, 2011, there were approximately 399,799,325 shares of Medco common stock outstanding, and further avers that the allegations contain conclusions of law to which no response is required.

85.     Medco denies the allegations of paragraph 85, and avers that the allegations contain conclusions of law to which no response is required.

86.     Medco denies the allegations of paragraph 86, and avers that the allegations contain conclusions of law to which no response is required.

87.     Medco denies the allegations of paragraph 87, and avers that the allegations contain conclusions of law to which no response is required.

88.     Medco denies the allegations of paragraph 88, and avers that the allegations contain conclusions of law to which no response is required.

<u>Count I</u>

89.     Medco repeats the answers to the allegations contained in the foregoing paragraphs as if set forth fully herein.

90.     Medco denies the allegations of paragraph 90, and avers that the allegations contain conclusions of law to which no response is required.

91.     Medco denies the allegations of paragraph 91.

92.     Medco denies the allegations of paragraph 92.

93.     Medco denies the allegations of paragraph 93.

94.     Medco denies the allegations of paragraph 94, and avers that the allegations contain conclusions of law to which no response is required.

<u>Count II</u>

95.     Medco repeats the answers to the allegations contained in the foregoing paragraphs as if set forth fully herein.

96.     Medco denies the allegations of paragraph 96.

97.     Medco denies the allegations of paragraph 97.

98.     Medco denies the allegations of paragraph 98.

99.     Medco denies the allegations of paragraph 99.

<u>Count III</u>

100.    Medco repeats the answers to the allegations contained in the foregoing paragraphs as if set forth fully herein.

101.    Medco denies the allegations of paragraph 101.

102.    Medco denies the allegations of paragraph 102.

103.    Medco denies the allegations of paragraph 103.

104.    Medco denies the allegations of paragraph 104.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>First Affirmative Defense</u>

The Amended Complaint fails to state a claim upon which relief can be granted.

<u>Second Affirmative Defense</u>

At all relevant times, Medco acted in good faith and with justification.

<u>Third Affirmative Defense</u>

At all relevant times, Medco disclosed all material information consistent with its duties.

<u>Fourth Affirmative Defense</u>

Medco affirmatively raises and reserves all applicable equitable defenses.

<u>Fifth Affirmative Defense</u>

Plaintiffs cannot show irreparable injury and/or the lack of an adequate legal remedy, and therefore are not entitled to any injunctive relief.

-11-

Sixth Affirmative Defense

At this time, the Amended Complaint does not describe the claims made against Medco with sufficient particularity to allow Medco to determine all of its defenses, and Medco therefore lacks sufficient knowledge to form a belief as to the existence and availability of additional affirmative defenses.  Medco reserves the right to assert additional affirmative defenses as it discovers them through discovery or other investigation.

Seventh Affirmative Defense

Plaintiffs lack standing to pursue their claims.

Eighth Affirmative Defense

The conduct complained of falls within the scope of Medco's exculpatory clause permitted by 8 Del. C. § 102(b)(7).

Ninth Affirmative Defense

This Court lacks subject matter jurisdiction to hear this action.

Tenth Affirmative Defense

This Court is not a proper forum for this action.

Eleventh Affirmative Defense

Any injury allegedly sustained by Plaintiff or by any putative class member was not directly or proximately caused by any conduct or act of Medco.

Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the Medco shareholders have suffered no injuries or damages.

-12-

### Thirteenth Affirmative Defense

This action is barred, in whole or in part, because the claims asserted in this action are derivative in nature, and Plaintiff has failed to comply with the pre-suit demand requirements of Delaware law and the demand is not excused.

### Fourteenth Affirmative Defense

This action is not properly maintainable as a class action.

### Fifteenth Affirmative Defense

Plaintiff's claims cannot be maintained, in whole or in part, because the conduct and acts complained of in the Amended Complaint are protected by the business judgment rule and were made in good faith, honestly, and not maliciously, with the belief that the actions taken were in the best interests of Medco.

### Sixteenth Affirmative Defense

The conduct of persons and/or entities other than Medco was a superseding or intervening cause of any damage, loss, or injury allegedly sustained by Plaintiff or the purported class members.

## PRAYER FOR RELIEF

WHEREFORE, Medco respectfully requests that this Court enter judgment in its favor and

against Plaintiff and grant the following relief:

(a)     Dismissing the Amended Complaint with prejudice;

(b)     Awarding Medco its reasonable attorneys and professionals fees and costs; and

(c)     Awarding such other relief as the Court deems just and proper.


Respectfully submitted,


/s/ Kevin H. Marino
OF COUNSEL:                              Kevin H. Marino
                                         John D. Tortorella
John L. Hardiman                         MARINO, TORTORELLA & BOYLE, P.C.
Brian T. Frawley                         437 Southern Boulevard
SULLIVAN & CROMWELL LLP                   Chatham, New Jersey 07928-1488
125 Broad Street                         Tel: (973) 824-9300
New York, New York 10004                 Fax: (973) 824-8425
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588               *Attorneys for the Medco Defendants*

-14-