UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>MEDCO/EXPRESS SCRIPTS MERGER LITIGATION | Civil Action No. 11-4211 (DMC) (MF)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>MOTION DATE: NOVEMBER 21, 2011 |

**EXPRESS SCRIPTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED RULING ON ITS MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY PENDING APPEAL, AND PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Robert J. Del Tufo
Andrew Muscato
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
(A Delaware Limited Liability Partnership)
4 Times Square
New York, NY  10036-6522
Tel: (212) 735-3000
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com

Joseph P. La Sala
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161
Jlasala@mdmc-law.com

*Attorneys for Defendants Express Scripts, Inc., Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc.*

At the express direction of the Delaware Court of Chancery, Defendants Express Scripts, Inc., Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc. (collectively, "Express Scripts") respectfully submits this memorandum of law in support of its motion for an expedited ruling on (i) its motion pursuant to 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal this Court's order, dated September 19, 2011 (the "Order") denying Defendants' motions to dismiss the Amended Complaint and stay this litigation in favor of virtually identical litigation pending in Delaware, where a class of Medco shareholders has already been certified, and staying this action pending resolution of the appeal (Dkt. 56), and (ii) Plaintiffs' motion for class certification (Dkt. 39) (collectively, the "Motions").

## ARGUMENT

Expedited adjudication of a pending motion is appropriate where a party can show good cause.  This Court will adjudicate motions on an expedited basis where there are "important competing interests at stake in [the] … case." *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 658 (D.N.J. 2004) (granting expedited review of Magistrate Judge's denial of motion for modification of protective order and unsealing of highly confidential documents).  Moreover, "public policy considerations and efficient case management practices" can compel a finding of good cause. *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, 2008 WL 2473745, at *5 (D.N.J. June 13, 2008).  This standard is plainly met here.

As this Court is aware, Plaintiffs, purported shareholders of Medco, seek to ***preliminary and permanently enjoin*** the $29 billion proposed merger between Medco and Express Scripts (the "Proposed Transaction").  (Am. Compl. ¶ 104).  The Proposed Transaction offers Medco stockholders an approximately 29% premium for their shares, and is the second largest announced M&A transaction of 2011.  As Plaintiffs admit, Medco and Express Scripts are both

Delaware corporations. (Am. Compl. ¶¶ 10, 22). Thus, under the "internal affairs" doctrine, Plaintiffs' claims are indisputably governed by Delaware law. *See, e.g., Edgar v. MITE Corp.*, 457 U.S. 624, 645-46 (1982); *McDermott Inc. v. Lewis*, 531 A.2d 206, 215-17 (Del. 1987). Indeed, Plaintiffs allege that this case raises important issues of Delaware corporation law concerning the reasonableness of the deal protection provisions contained in the Proposed Transaction, including the 3.26% termination fee. Despite the fact that Plaintiffs' claims are governed by Delaware law, and are presently before the Delaware Court of Chancery in the parallel action captioned *In re Medco Health Solutions, Inc. Shareholders Litigation*, Cons. C.A. No. 6720-CS (the "Delaware Action"), Plaintiffs continue to press their claims in this Court.[1]

Indeed, Plaintiffs and their counsel took the extraordinary step of asking this Court to certify precisely the same class of Medco stockholders that was already certified by the Delaware Court of Chancery. (Dkt. 39) Plaintiffs insisted that overlapping classes would not create a risk of inconsistent judgments, or worse, place the Proposed Transaction in jeopardy. Yet, that is precisely what has now occurred. As explained below, notwithstanding the compelling policy reasons to promptly rule on the Motions, there are now equally compelling factual reasons to do so. A prompt ruling on the Motions could alleviate (or at the very least, mitigate) the risk of inconsistent judgments that could jeopardize the Proposed Transaction.

On October 14, 2011, Express Scripts filed a motion for judgment on the pleadings in the Delaware Action pursuant to Court of Chancery Rule 12(c) (the "12(c) Motion"), along with a proposed briefing schedule on the 12(c) Motion, which could have disposed of the Delaware Action. The Court of Chancery declined to schedule the 12(c) Motion, and instead convened a

---

[1] Unlike Plaintiffs here, plaintiffs in the actions pending in the Superior Court of the State of New Jersey agreed to stay their actions in favor of the Delaware Actions.

scheduling conference with the parties to the Delaware Action, during which the Court scheduled a preliminary injunction hearing for December 6, 2011.

During the scheduling conference, the Court of Chancery also expressed serious concerns that inconsistent judgments from the Court of Chancery and this Court could place the Proposed Transaction in jeopardy, which could prevent Medco's stockholders from receiving the 29% premium for their shares. (10/21/2011 Hr'g Tr. at 27-29). A copy of the hearing transcript is attached as Exhibit A to the October 25, 2011 Certification of Joseph P. La Sala (the "La Sala Cert."). Moreover, the parties to the Delaware Action have agreed to an expedited discovery and briefing schedule that will govern the case through the preliminary injunction hearing. (Attached as Exhibit B to the La Sala Cert.). Thus, Plaintiffs' unfounded fear that they could not obtain expedited relief from the Delaware Court of Chancery on, among other things, their termination fee claim, is now moot.

In light of the above-described – and now imminent – risks, the Court of Chancery also directed Defendants to seek expedited review of the Motions to determine whether there would truly be a risk of inconsistent judgments between the two Courts. (10/21/2011 Hr'g Tr. at 26, 33-34). In accordance with the Court of Chancery's directive, Express Scripts respectfully requests that the Court promptly rule on the Motions.

## **CONCLUSION**

For all of the foregoing reasons, Express Scripts requests that the Court grant its motion for an expedited ruling on the Motions.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Robert J. Del Tufo |  |
| Andrew Muscato | */s/ Joseph P.  La Sala* |
| SKADDEN, ARPS, SLATE, | Joseph P. La Sala |
|    MEAGHER & FLOM LLP | MCELROY, DEUTSCH, MULVANEY |
| (A Delaware Limited Liability Partnership) | & CARPENTER, LLP |
| 4 Times Square | 1300 Mount Kemble Avenue |
| New York, NY  10036 | P.O. Box 2075 |
| Tel: (212) 735-3000 | Morristown, NJ  07962-2075 |
| Robert.DelTufo@skadden.com | Tel.:  (973) 993-8100 |
| Andrew.Muscato@skadden.com | Fax:  (973) 425-0161 |
|  | Jlasala@mdmc-law.com |
| OF COUNSEL: |  |
| Edward P. Welch | *Attorneys for Defendants Express* |
| Edward B. Micheletti | *Scripts, Inc., Aristotle Holding, Inc.,* |
| Cliff C. Gardner | *Aristotle Merger Sub, Inc. and Plato* |
| SKADDEN, ARPS, SLATE, | *Merger Sub, Inc.* |
|    MEAGHER & FLOM LLP |  |
| (A Delaware Limited Liability Partnership) |  |
| One Rodney Square |  |
| P.O. Box 636 |  |
| Wilmington, Delaware  19899-0636 |  |
| Tel.:  (302) 651-3000 |  |
| Fax:  (302) 651-3001 |  |

DATED:  October 25, 2011