# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | **FAX (973) 994-1744** | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | \_\_\_\_\_ | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | °MEMBER N.Y. BAR ONLY |
| | BRIAN H. FENLON | | | |
| | LINDSEY H. TAYLOR | | | |

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)

October 31, 2011

<u>VIA ECF</u>

Honorable Dennis M. Cavanaugh
United States District Judge
United States Post Office and Courthouse Building
Newark, New Jersey 07101-0999

    Re: *In re: Medco/Express Scripts Merger Litigation*
          <u>Civil Action No. 11-4211 (DMC)(MF)</u>

Dear Judge Cavanaugh:

    This firm, along with Grant & Eisenhofer and Bernstein Litowitz Berger & Grossmann LLP, are co-lead counsel in the above-captioned consolidated actions. This letter responds to Express Scripts' October 31 letter objecting to Plaintiff's proposed Order to Show Cause, which was submitted to the Court on October 28, 2011.

    Express Scripts' objections to the proposed Order to Show is nothing more than a reiteration of the objections it has previously raised, and which the Court previously rejected, to litigating in New Jersey rather than in its chosen forum, Delaware. Further, as noted in Plaintiff's supporting papers, Express Scripts manipulated the Delaware court into scheduling a preliminary injunction hearing by setting an artificially early shareholder vote, more than six months in advance of when the transaction could realistically ever close.[1]

---

[1] Express Scripts states that the Delaware hearing "will address all the state law claims on behalf of the certified class of Medco stockholders, including Plaintiffs' challenge to the Termination Fee." (Express Scripts Letter at 1) No preliminary injunction papers have been filed in Delaware, and none are scheduled to be filed until Thanksgiving. Unless Express Scripts is blessed with precognition, it cannot say with any authority what claims will or will not be addressed at the Delaware preliminary injunction hearing. Moreover, the underlying transaction is still under review by the Department of Justice for antitrust concerns. The accelerated date will result in a vote *before* the shareholders even know that the ultimate transaction will look like. This concern is addressed in our papers.

Honorable Dennis M. Cavanaugh
October 31, 2011
Page 2

The scheduling of a shareholder vote, as Plaintiff previously noted, is generally the triggering event for the Delaware court to schedule a preliminary injunction hearing. This artificially early shareholder vote came after Express Scripts repeated arguments to this Court that no need to expedite proceedings existed here *because a shareholder vote and the closing of the proposed merger was long in the future.* Had Express Scripts been more forthcoming with the Court and with Plaintiff as to its true plans, the Court would have been in a position to rule on Plaintiff's application based upon full information, without Express Scripts holding cards up its sleeve.

In summary, denying Plaintiff's requested Order to Show Cause because the Delaware court has scheduled its own preliminary injunction hearing would be granting Defendants relief by foul means. The issue of whether this litigation should go forward in New Jersey has been litigated, and the Court ruled that it should proceed here. By manipulating the shareholder vote, Express Scripts is attempting to present the Court with a *fait accompli* schedule in Delaware so as to end run the practical effects of this Court's previous rulings that it will address Plaintiff's claims. Plaintiff's application for an Order to Show Cause is part and parcel of litigating its claims here in New Jersey and it should be allowed to do so, notwithstanding what may or may not be happening in Delaware, as the Court previously ruled.

Thank you for your continued attention to this matter. If the Court has any questions, we are available that the Court's convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

cc:   All Counsel (via ECF)