## MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA*+
JOHN A. BOYLE*
ROSEANN BASSLER DAL PRA*

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425

*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA
kmarino@khmarino.com

November 1, 2011

**VIA ECF AND REGULAR MAIL**

Hon. Dennis M. Cavanaugh, U.S.D.J.
United States Post Office and Courthouse Building
Federal Square, Courtroom 4
Newark, New Jersey 07101

      Re:    In re: Medco/Express Scripts Merger Litigation
               Civil Action No. 11-4211 (DMC)

Dear Judge Cavanaugh:

      Medco respectfully submits this letter in response to Plaintiffs' letter of yesterday in further support of their request for an Order to Show Cause enjoining the deal protections negotiated as part of the Express Scripts/Medco transaction and enjoining the shareholder vote on that transaction. In their letter, Plaintiffs contend that the Court should take the emergent action they request because "Express Scripts manipulated the Delaware court into scheduling a preliminary injunction hearing by setting an artificially early shareholder vote, more than six months in advance of when the transaction could realistically ever close." For the reasons set forth below, that contention is entirely inaccurate and provides no basis for granting the requested relief, which should be denied.

      First, to clear up any confusion resulting from Plaintiffs' reference to Express Scripts scheduling a shareholder vote, the only shareholder meeting relevant to Plaintiffs, who purport to represent a class of Medco shareholders, is that of Medco. As Plaintiffs are aware, the date of the Medco shareholder meeting was set by Medco, not by Express Scripts. It was scheduled for December 14, 2011, not because of any litigation strategy, but because the regulatory process that needs to be completed before that meeting can be held has gone very smoothly. Specifically, Medco, as required by federal securities law, publicly filed its disclosure materials with the Securities and Exchange Commission ("SEC") for review on October 6, 2011, and was notified by the SEC on October 17 that it had very few comments on those materials. This cleared the path for the meeting, which must occur before the transaction can be closed and the shareholders can receive the substantial consideration it promises.

      Second, contrary to Plaintiffs' contention, scheduling activity in Delaware was initiated when Express Scripts took an action completely *inconsistent* with "manipulat[ing] the Delaware Court into scheduling a preliminary injunction hearing"—moving to dismiss the Delaware action as a matter of law under Court of Chancery Rule 12(c). In response to that motion, the Delaware Plaintiffs moved for a preliminary injunction and amended their complaint to add disclosure claims. During a scheduling hearing in that matter, the Chancery Court asked Medco the earliest date on which the shareholder meeting could be held. When Medco responded mid-December,

## MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable Dennis M. Cavanaugh, U.S.D.J.
November 1, 2011 - Page Two

the Court ordered a compressed schedule, including briefing over the Thanksgiving weekend—which, we can assure the Court, no one at Medco welcomed.

Third, Plaintiffs' suggestion that a shareholder meeting scheduled to occur before the proposed merger is cleared to close by regulators is "artificially early" is incorrect. It is common practice to take a shareholder vote in advance of securing regulatory approval for the simple reason that no one can predict when the approval will be obtained, and the last thing shareholders want, once the regulatory process is completed, is further delay before the merger can be completed. Moreover, Plaintiffs' disclosure argument is unavailing because a lack of regulatory approval would not inform a shareholder vote, it would moot it. Therefore, any vote, whenever held, will be with the fully disclosed risk of a potential adverse regulatory outcome. Significantly, the few SEC comments received with respect to the proxy disclosure had nothing to do with the Medco disclosure materials in this regard.

In sum, there is no benefit to Medco's shareholders, Plaintiffs' putative clients, from Medco's management and board being burdened by the distractions and costs of two virtually identical preliminary injunction proceedings. The only justification Plaintiffs have ever offered for needing two hearings was their supposed inability to obtain expedited discovery in Delaware, a premise expressly rejected by the Delaware Chancery Court and now mooted by Plaintiffs' own decision to seek a preliminary injunction in this Court as a matter of law, without a factual record. Accordingly, the Court need not and should not expend its valuable time and resources on a hearing that would be duplicative of one already calendared in the Delaware action.

For these reasons and those set forth in Defendants' prior submission, Medco respectfully requests that the Court deny Plaintiff's Order to Show Cause. Thank you for your courtesy and patience in this matter.

Respectfully yours,

Kevin H. Marino
John D. Tortorella
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, New Jersey 07928-1488
Tel: (973) 824-9300
Fax: (973) 824-8425

*Attorneys for Defendant Medco Health Solutions*

OF COUNSEL:

John L. Hardiman
Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588