UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>MEDCO/EXPRESS SCRIPTS MERGER LITIGATION | Civil Action No. 11-4211 (DMC) (MF)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

Plaintiffs and defendants Howard W. Barker, Jr., John L. Cassis, Michael Goldstein, Charles M. Lillis, Myrtle Potter, William L. Roper, David B. Snow, Jr., David D. Stevens, Blenda J. Wilson, (collectively, the "Individual Defendants"), Medco Health Solutions, Inc. ("Medco" or the "Company"), Express Scripts, Inc. ("Express Scripts") Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub Inc. (with the Individual Defendants, the "Defendants" and together with Plaintiffs, the "Parties") having applied pursuant to the Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2) for an order approving the proposed settlement of the above-captioned consolidated class action (the "Action") and determining certain matters in connection with the proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice, in accordance with the terms and conditions of the Stipulation and Agreement of Compromise, Settlement and Release entered into by the Parties and dated November 23, 2011 (the "Stipulation");

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the United States District Court for the District of New Jersey (the "Court") and the Exhibits annexed thereto, and after due deliberation,

IT IS THIS _____ day of November, 2011

ORDERED as follows:

1

1. The terms of the Stipulation are preliminarily approved, subject to further consideration thereof prior to or at the Settlement Hearing provided for below.[1]

2. For settlement purposes only, and pending the Fairness Hearing (defined below), the Action is temporarily certified as a non-opt out class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2), defined as all record holders and beneficial owners of common stock of Medco Health Solutions, Inc. ("Medco") together with their successors, heirs and assigns, during the period commencing on July 21, 2011 and ending at the effective time of the closing of the Proposed Transaction, or the withdrawal or termination of the Proposed Transaction, as the case may be, excluding Defendants (the "Class").

3. A hearing (the "Fairness Hearing") shall be held on _____, 20__ at _____ _.m., before the undersigned at the United States Post Office and Courthouse Building, Newark, NJ 07101 to:

    a. determine whether certification of the Settlement Class herein should be made final;

    b. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class;

    c. determine whether an Order and Final Judgment should be entered pursuant to the Stipulation;

    d. consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

    e. rule on such other matters as the Court may deem appropriate.

---

[1] Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meaning in this Order.

4. The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind other than oral announcement at the Fairness Hearing or any adjournment thereof.

5. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

6. Within fifteen (15) business days after the date of this Order, Medco or its successor entity shall cause a notice of the Fairness Hearing in substantially the form annexed as Exhibit D to the Stipulation (the "Notice") to be mailed to all shareholders of record that are members of the Class at their last known address appearing in the stock transfer records maintained by or on behalf of Medco.  All shareholders of record in the Class who were not also the beneficial owners of the shares of Medco common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares.  Medco or its successor entity shall make additional copies of the Notice available to any record holder who, prior to the Fairness Hearing, requests the same for distribution to beneficial owners.

7. The form and method of notice herein is the best notice practicable and constitutes due and sufficient notice of the Fairness Hearing to all persons entitled to receive such a notice.  Counsel for Medco or its successor entity shall at least ten (10) business days prior to the Fairness Hearing described herein, file with the Court an appropriate affidavit with respect to the preparation and mailing of the Notice.

8. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.  Pending final determination of whether the Settlement should be

approved, Plaintiffs, and all members of the Class, are barred and enjoined from commencing or prosecuting any action asserting either directly, representatively, derivatively or in any other capacity, any Released Claims as defined in the Stipulation.

9. Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or Plaintiffs' Lead Counsel's application for attorneys' fees, or who otherwise wishes to be heard, may appear in person or by such member's attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than thirty (30) days prior to the Fairness Hearing such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear which is signed, includes the person's name, address and telephone number, provides documentation evidencing the person's membership in the Class, and states whether the person is represented by counsel and intends to appear at the Settlement Hearing;; (b) a statement of such person's objections to any matters before the Court; and (c) the grounds for such objections and the reasons that such person desires to appear and be heard as well as all documents or writings such person desires the Court to consider.  Such filings shall be served upon the following counsel:

| | |
|---|---|
| Christine S. Azar<br>LABATON SUCHAROW LLP<br>300 Delaware Avenue<br>Suite 1225<br>Wilmington, DE  19801<br>Tel: (302) 573-2530<br>Fax: (302) 573-2529<br><br>*Plaintiffs' Co-Lead Counsel in the Delaware Action*<br><br>Joel Friedlander | Edward P. Welch<br>SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware  19899-0636<br>Tel.: (302) 651-3000<br>Fax: (302) 651-3001<br><br>Andrew Muscato<br>SKADDEN, ARPS, SLATE,<br>    MEAGHER & FLOM LLP |

BOUCHARD MARGULES &
FRIEDLANDER, P.C.
222 Delaware Avenue, Suite 400
Wilmington, Delaware 19801
Tel: (302) 573-3500
Fax: (302) 573-3501

*Plaintiffs' Liaison Counsel in the Delaware Action*

James E. Cecchi
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700
Fax: (973) 994-1744

Jay W. Eisenhofer
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 622-7000
Fax: (302) 622-7100

Mark Lebovitch
BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Plaintiffs in the District Court Action*

4 Times Square
New York, NY 10036
Tel: (212) 735-3000
Fax: (212) 735-2000

Joseph P. LaSala
MCELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161

*Attorneys for Defendants Express Scripts, Inc., Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc.*

Jon E. Abramczyk
MORRIS, NICHOLS, ARSHT &
TUNNELL, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Tel: (302) 658-9200
Fax: (302) 658-3989

Kevin H. Marino
MARINO, TORTORELLA &
BOYLE, P.C.
437 Southern Boulevard
Chatham, NJ 07928-1488
Tel: (973) 824-9300
Fax: (973) 824-8425

*Attorneys for Defendants Medco Health Solutions, Inc., David B. Snow, Jr., Michael Goldstein, Howard W. Barker, Jr., John L. Cassis, Charles M. Lillis, Myrtle Potter, William L. Roper, David D. Stevens, and Blenda J. Wilson*

and filed with the Clerk of the Court.

10. Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Plaintiffs and Lead Counsel, any award of attorneys' fees, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in paragraph 9. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

11. Plaintiffs shall file any papers in support of their application for attorney's fees no later than forty-five (45) days prior to the Fairness hearing.

12. The parties shall file any papers in support of final approval of the Settlement no later than fourteen (14) days prior to the Fairness Hearing.

13. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), and temporary Class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for the obligation of Medco or its successor entity to pay for any expenses incurred in connection with the Notice and administration provided for by this Scheduling Order. In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or received as evidence in this or any other action or proceeding.

                                                                _____
                                                                DENNIS M. CAVANAUGH, U.S.D.J.