## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: <br><br> MEDCO/EXPRESS SCRIPTS MERGER LITIGATION | Civil Action No. 11-4211 (DMC) (MF) |

## STIPULATION AND AGREEMENT OF
## <u>COMPROMISE, SETTLEMENT AND RELEASE</u>

The parties, through their undersigned counsel, in the consolidated action captioned *In re: Medco/Express Scripts Merger Litigation*, No. 2-11-cv-04211-DMC-MF (the "Federal Action") pending before the United States District Court for the District of New Jersey (the "District Court"), and the consolidated action captioned *In re Medco Health Solutions Inc. Shareholders Litigation*, Consol. C.A. No. 6720-CS (the "Delaware Action") pending before the Delaware Court of Chancery (the "Court of Chancery") (collectively, the "Actions"), have reached this Stipulation and Agreement of Compromise, Settlement and Release (with the exhibits hereto, the "Stipulation"), subject to approval by this Court:

### <u>HISTORY OF THE LITIGATION</u>

WHEREAS, on July 21, 2011, Medco Health Solutions, Inc. ("Medco" or the "Company") and Express Scripts, Inc. ("Express Scripts") announced the execution of a merger agreement (the "Merger Agreement") between Medco, Express Scripts, Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc., pursuant to which Express Scripts would acquire Medco for $28.80 in cash and 0.81 shares of Express Scripts Holding stock for each share of Medco common stock (the "Proposed Transaction");

WHEREAS, between July 22, 2011 and July 29, 2011, ten actions were filed by purported Medco shareholders in the Delaware Court of Chancery all alleging, among other

things, that Medco and its board of directors had breached their fiduciary duties in connection with their consideration and approval of the Proposed Transaction, and that Express Scripts had aided and abetted those breaches of fiduciary duty.   The actions, and their respective filing dates, are as follows: *Chevedden v. Snow*, C.A. No. 6694-CS (filed July 22, 2011); *Colanino v. Medco Health Solutions, Inc.*, C.A. No. 6708-CS (filed July 25, 2011); *Knisley v. Snow*, C.A. No. 6710-CS (filed July 25, 2011); *Heimowitz v. Medco Health Solutions, Inc.*, C.A. No. 6711-CS (filed July 26, 2011); *Waber v. Medco Health Solutions, Inc.*, C.A. No. 6716-CS (filed July 26, 2011); *U.F.C.W. Local 1776 & Participating Emp'rs Pension Fund v. Medco Health Solutions, Inc.*, C.A. No. 6720-CS (filed July 27, 2011); *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Medco Health Solutions, Inc.*, C.A. No. 6723-CS (filed July 27, 2011); *Labourers' Pension Fund of Cent. & E. Can. v. Snow*, C.A. No. 6725 (filed July 27, 2011); *Johnson v. Medco Health Solutions, Inc.*, C.A. No. 6726-CS (filed July 28, 2011); *Schoenwald v. Medco Health Solutions, Inc.*, and C.A. No. 6727-CS (filed July 29, 2011) (collectively, the consolidated "Delaware Action");

WHEREAS, between July 22, 2011 and July 29, 2011, seven actions were filed by purported Medco shareholders in the United States District Court for the District of New Jersey, all alleging, among other things, that Medco and its board of directors had breached their fiduciary duties in connection with their consideration and approval of the Proposed Transaction, and that Express Scripts had aided and abetted those breaches of fiduciary duty.   The actions, and their respective filing dates, are as follows:   *Louisiana Municipal Police Employees' Retirement System ("LAMPERS") v. Medco Health Solutions, Inc.*, No. 2:11-cv-4211-DMC-MF (filed July 22, 2011); *Nadoff v. Medco Health Solutions, Inc.*, No. 2:11-cv-04248-WJM-MF (filed July 22, 2011); *Puerto Rico Gov't Emps. & Judiciary Ret. Sys. Admin. v. Medco Health*

*Solutions, Inc.*, No. 2:11-cv-04259-DMC-MF (filed July 25, 2011); *Sollins v. Medco Health Solutions Inc.*, No. 2:11-cv-04307-DMC-MF (filed July 26, 2011); *United Food & Commercial Workers Local 23 & Emp'rs Pension Fund v. Medco Health Solutions, Inc.*, No. 2:11-cv-04328 (D.N.J.) (filed July 27, 2011); *Oppenheim Kapitalanlagegesellschaft mbH v. Medco Health Solutions, Inc.*, No. 2:11-CV-04322-DMC-MF (filed July 27, 2011); and *Int'l Union of Operating Eng'rs Local 132 Pension Fund v. Medco Health Solutions, Inc.*, No. 2:11-cv-04412-DMC-MF (filed July 29, 2011) (collectively, the consolidated "Federal Action");

WHEREAS, between July 22, 2011 and August 8, 2011, five actions were filed by purported Medco shareholders in the New Jersey Superior Court all alleging, among other things, that Medco and its board of directors had breached their fiduciary duties in connection with their consideration and approval of the Proposed Transaction, and that Express Scripts had aided and abetted those breaches of fiduciary duty.   The actions, and their respective filing dates, are as follows:   *Levinson v. Snow*, No. C-215-11 (filed July 22, 2011); *Kramer v. Snow*, No. C-217-11 (filed July 25, 2011); *Snider v. Medco Health Solutions, Inc.*, No. C-220-11 (filed July 27, 2011); *Prongay v. Medco Health Solutions, Inc.*, No. C-232-11 (filed July 28, 2011); and *Lasker v. Medco Health Solutions, Inc.*, No. C-246-11 (filed August 8, 2011) (collectively, the consolidated "New Jersey State Action");

WHEREAS, on August 2, 2011, Plaintiff U.F.C.W. Local 1776 filed a Motion for Class Certification and a Motion for Consolidation of Related Actions and Appointment of Lead Plaintiff and Lead Counsel in the Delaware Court of Chancery;

WHEREAS, on August 5, 2011, Plaintiff LAMPERS filed an Amended Complaint in the Federal Actions;

WHEREAS, on August 8, 2011, Express Scripts filed in the Federal Action a Motion to Dismiss the Amended Complaint, a Motion to Stay the Federal Action in Favor of the Delaware Actions, and an Opposition to Plaintiff's Application for Expedited Discovery;

WHEREAS, on August 9, 2011, the Delaware Court of Chancery entered an order consolidating the Delaware Action as *In re Medco Health Solutions, Inc. Shareholders Litigation*, Consol. C.A. No. 6720-CS;

WHEREAS, on August 23, 2011, the Court of Chancery held a hearing on appointment of lead plaintiffs, lead counsel, and class certification, and later that day entered an order certifying a non-opt out class of all record holders and beneficial owners of common stock of Medco together with their successors and assigns, during the period commencing on the date on which the board of directors of Medco approved the proposed acquisition of all of Medco's shares by Express Scripts and ending at the effective time of the closing of the proposed transaction; and appointed Co-Lead Counsel and Liaison Counsel for the class;

WHEREAS, on August 26, 2011, the New Jersey Superior Court granted the Consent Order Resolving Motion for Expedited Discovery and Motion to Stay, which stayed the New Jersey State Action in favor of the Delaware Action and ordered that plaintiffs in the New Jersey State Action would be bound by the rulings and determinations of the Court of Chancery;

WHEREAS, on September 19, 2011, the District Court issued an opinion and entered an order denying Express Scripts' Motion to Dismiss and Motion to Stay;

WHEREAS, on September 23, 2011, Express Scripts filed a Motion to Stay Pending Appeal and for Certification Pursuant to 28 U.S.C. § 1292(b) in the Federal Action;

WHEREAS, on October 6, 2011, Aristotle Holding Inc. filed a Preliminary Form S-4 Registration Statement with the Securities and Exchange Commission;

WHEREAS, on October 11, 2011, the District Court entered an order denying Plaintiffs' application for expedited discovery and ordering the parties to meet with Magistrate Judge Falk regarding a discovery schedule;

WHEREAS, on October 14, 2011, Express Scripts filed a Motion for Judgment on the Pleadings Pursuant to Court of Chancery Rule 12(c), Brief in Support of its Motion for Judgment on the Pleadings, and Proposed Order for Briefing Schedule on their Motion for Judgment on the Pleadings;

WHEREAS, on October 21, 2011, Plaintiffs filed a Motion for Preliminary Injunction in the Delaware Action;

WHEREAS, on October 24, 2011, Magistrate Judge Falk entered an order regarding discovery in the Federal Action;

WHEREAS, on October 25, 2011, Express Scripts filed a Motion to Expedite the Ruling on its Motion for Certification of Interlocutory Appeal and Stay Pending Appeal, and Plaintiffs' Motion for Class Certification in the Federal Action;

WHEREAS, on October 25, 2011, the District Court entered an Order certifying its September 19, 2011 opinion and order for interlocutory appeal, and denying Express Scripts' motion to stay pending appeal;

WHEREAS, on October 26, 2011, the District Court entered an order denying Express Scripts' motion to expedite the Court's ruling on the Motion for Class Certification in the Federal Action;

WHEREAS, on October 27, 2011, the Court of Chancery entered a Stipulated Order of Case Management and set forth a schedule for discovery, briefing, and a preliminary injunction hearing on December 6, 2011, in the Delaware Action;

WHEREAS, on October 28, 2011, Plaintiffs in the Federal Action filed a Brief in Support of Order to Show Cause for Preliminary Injunction;

WHEREAS, pursuant to the discovery orders entered by the Court of Chancery and Magistrate Judge Falk, respectively, the parties began producing documents on a rolling basis beginning on October 28, 2011;

WHEREAS, on October 31, 2011, Express Scripts filed with the United States Court of Appeals for the Third Circuit its Petition for Permission to Appeal Under 28 U.S.C. § 1292(b), a Motion to Stay Proceedings Below Pending Appeal, and a Motion to Expedite the Decision on the Petition and Motion to Stay (the "Interlocutory Appeal");

WHEREAS, on November 1, 2011, Plaintiffs in the Federal Action were ordered by the Clerk of the United States Court of Appeals for the Third Circuit to file their response to the Interlocutory Appeal by no later than 3:00 p.m. on Friday, November 4, 2011;

WHEREAS, on November 4, 2011, Plaintiffs in the Federal Action filed their response to the Interlocutory Appeal;

WHEREAS, on November 7, 2011, Express Scripts filed their reply in support of the Interlocutory Appeal;

WHEREAS, after arm's-length negotiations, counsel to the Parties in the Actions have reached an agreement concerning the proposed settlement of the Actions. Those extensive negotiations and discussions led to the execution of a memorandum of understanding (the "MOU") on November 7, 2011, for an agreement to settle the Actions (the "Settlement") on the terms set forth in Paragraph 1 herein, subject to additional confirmatory discovery on the Supplemental Disclosures as defined herein, and approval of the Court;

6

WHEREAS, on November 8, 2011, the Parties notified the District Court, the Court of Chancery, and the United States Court of Appeals for the Third Circuit regarding the MOU and of Plaintiffs' intention to conduct confirmatory discovery relating to the proposed Settlement;

WHEREAS, on November 9, 2011, the United States Court of Appeals for the Third Circuit granted Express Scripts' motion requesting that the Court stay its review of Express Scripts' Motion to Stay Pending Appeal pending the Parties' execution of a stipulation of settlement, and stay its review of Express Scripts' Petition for Permission to Appeal pending approval of the settlement.   The Third Circuit ordered the Parties to the provide the Court with status reports regarding the settlement beginning ten days from the date of the Order, and continuing every ten days thereafter;

WHEREAS, Plaintiffs in each of the Actions represent to have owned at all relevant times and continue to own shares of Medco common stock, for which proof of ownership was provided to Defendants' counsel;

WHEREAS, following the execution of the MOU, and as contemplated therein, Plaintiffs' Counsel conducted a further investigation of the facts and circumstances underlying the claims asserted in the Actions, which included, among other things, reviewing and analyzing documents produced by Defendants in response to Plaintiffs' First Request for the Production of Documents to all Defendants served in the respective Actions, and conducting the depositions of Ravi Sachdev, Managing Director of Investment Banking at JP Morgan, who served as financial advisor to Medco on the Proposed Transaction, on Friday, November 11, 2011, and Richard J. Rubino, Senior Vice President, Finance and Chief Financial Officer of Medco, on November 14, 2011;

WHEREAS, on the basis of information available to them, including publicly available information, and the additional confirmatory discovery, Plaintiffs' Counsel has determined that the Settlement described herein is fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Class (as defined herein);

WHEREAS, Howard W. Barker, Jr., John L. Cassis, Michael Goldstein, Charles M. Lillis, Myrtle Potter, William L. Roper, David B. Snow, Jr., David D. Stevens, Blenda J. Wilson, (collectively, the "Individual Defendants"), Medco, Express Scripts, Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub Inc. (with the Individual Defendants, the "Defendants") each has denied, and continues to deny, that he, she, or it committed or aided and abetted the commission of any breach of duty or violation of the Securities Exchange Act of 1934 or any other law, or engaged in any of the wrongful acts alleged in the various Actions, and expressly maintains that he, she, or it diligently and scrupulously complied with his, her, or its fiduciary and other legal duties, to the extent such duties exist, and is entering into this Stipulation solely to eliminate the burden, expense, and uncertainties inherent in further litigation;

WHEREAS, in connection with settlement discussions and negotiations leading to this proposed Settlement, counsel for the Parties in the Actions have not discussed the appropriateness or amount of any application by counsel for the Plaintiffs for an award of attorneys' fees and expenses;

WHEREAS, the Parties wish to settle and resolve the claims asserted by Plaintiffs and all claims relating to or arising out of the Proposed Transaction, and the Parties have, following arm's-length negotiations, reached an agreement as set forth in this Stipulation, providing for the settlement of the Actions on the terms and subject to the conditions set forth below, and the Parties believe the Settlement is in the best interests of the Parties and the Class.

The Parties hereby expressly stipulate and agree that, in consideration of the benefits afforded herein, that the Actions shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions, and further subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1) and (b)(2):

## SETTLEMENT CONSIDERATION

1.      In consideration for the full settlement and release of all Settled Claims (as defined below) and the dismissal with prejudice of the Actions, the Parties to the Actions have agreed to the following terms:

(i)  On November 7, 2011, Express Scripts and Medco entered into Amendment No. 1 to the Merger Agreement (the "Amendment," attached hereto as Exhibit A), which reduces the Termination Fee as defined in the Merger Agreement from $950 million to $650 million in all circumstances except as set forth in the Amendment.

(ii) The Amendment further reduces the number of applications of Section 5.4(b)(iii) and (iv) of the Merger Agreement and the proviso set forth at the end of such Section 5.4(b) from an unlimited number to one for each of Express Scripts and Medco.

(iii) Express Scripts and Medco agreed to reschedule the special meetings of their respective stockholders to vote on the Proposed Transaction to such date or dates as determined by Medco and Express Scripts, but in no event prior to December 21, 2011.

(iv) Express Scripts and Medco will include certain additional disclosures concerning the Merger Agreement and the Proposed Transaction (the "Supplemental Disclosures", attached hereto as Exhibit B) in the Definitive Joint Proxy/Prospectus filed on Form S-4 (the "Definitive Proxy Statement") to be filed with the Securities and Exchange Commission (the "SEC") and disseminated to Express Scripts and Medco's stockholders.

**CLASS CERTIFICATION**

2.      For settlement purposes only, the Parties agree that the Federal Action shall be certified as a non-opt out class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2), defined as all record holders and beneficial owners of common stock of Medco Health Solutions, Inc. ("Medco") together with their successors, heirs and assigns, during the period commencing July 21, 2011 and ending at the effective time of the closing of the Proposed Transaction, or the withdrawal or termination of the Proposed Transaction, as the case may be, excluding Defendants (the "Class").

3.      In the event the Settlement does not become final for any reason, Defendants reserve the right to oppose certification of any plaintiff class in future proceedings.

**SUBMISSION AND APPLICATION TO THE COURT**

4.      As soon as practicable after this Stipulation has been executed the Parties shall apply jointly for a scheduling order (the "Scheduling Order") substantially in the form attached hereto as Exhibit C establishing the procedure for: (i) the approval of notice to the Class substantially in the form attached hereto as Exhibit D (the "Notice"), and (ii) the Court's consideration of the proposed Settlement, Class certification, and Plaintiffs' application for attorneys' fees and expenses.

**NOTICE**

5.      Notice of the proposed Settlement shall be provided by Medco or its successor entity at its expense, by mailing a Notice in substantially the form attached hereto as Exhibit D to all shareholders of record of Medco, in accordance with the Scheduling Order.   Counsel for Medco or its successor entity shall, at least ten (10) business days before the Fairness Hearing (as

defined below), file with the District Court an appropriate affidavit with respect to the preparation and mailing of the Notice.

## FINAL ORDER AND JUDGMENT

6.      If the Settlement (including any modification thereto made with the consent of the Parties hereto as provided for herein) shall be approved by the Court following a hearing (the "Fairness Hearing") as fair, reasonable, and adequate and in the best interests of the Class, the Parties shall jointly request that the Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit E.

7.      The Order and Final Judgment shall, among other things, provide for the full and complete dismissal of the Actions with prejudice, and the settlement and release of, and a permanent injunction barring any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding, (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class in his, her, or its capacity as a Medco stockholder (the "Releasing Persons"), whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers,

commercial bankers, entities providing fairness opinions, underwriters, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, the complaints, the Merger Agreement and any amendments thereto, and other transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures) (the "Settled Claims"); provided, however, that the Settled Claims shall not include any properly perfected claims for appraisal pursuant to Section 262 of the Delaware General Corporation Law, or claims to enforce the Settlement.

8.      Upon final approval of the Settlement, Defendants shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, their directors, officers, employees and attorneys, and each and all of the Class members from all claims (including unknown claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims.

## CONDITIONS OF SETTLEMENT

9.      Defendants deny and continue to deny that they have committed or aided and abetted the commission of any unlawful or wrongful acts alleged in the Actions, and expressly maintain that they diligently and scrupulously complied with their fiduciary duties and other

legal duties.    Defendants are entering into the Stipulation solely because the proposed Settlement will eliminate the burden and expense of further litigation.

10.    Plaintiffs and Plaintiffs' Counsel took into consideration the strengths and weaknesses of their claims and determined that the terms of the proposed Settlement are fair, reasonable and adequate, and in the best interest of the Class (as defined in paragraph 2 herein).

11.    Without admitting any wrongdoing, the Defendants acknowledge that the prosecution of the Actions and discussions with counsel for the Plaintiffs were the principal cause of the decision to make the aforementioned amendments to the Merger Agreement, reschedule the stockholder vote to a date not earlier than December 21, 2011, and include the Supplemental Disclosures in the Definitive Proxy Statement.

12.    The Settlement is conditioned upon the fulfillment of each of the following:

(i)    the dismissal with prejudice of the Actions without the award of any damages, costs, fees or the grant of any further relief except for an award of fees and expenses the Court may make pursuant to paragraph 17 of this Stipulation;

(ii)    the entry of a final judgment in the Federal Action certifying the Class as defined in paragraph 2, approving the proposed Settlement and providing for the dismissal with prejudice of the Federal Action and approving the grant of a release by the Class to the Released Parties of the Settled Claims;

(iii)    the dismissal with prejudice of the Delaware Action pursuant to paragraph 36 below;

(iv)    the inclusion in the final judgment of a provision enjoining all members of the Class from asserting any of the Settled Claims; and

13

(v)     such final judgment and dismissal of the Federal Action being finally affirmed on appeal or such final judgment and dismissal not being subject to appeal (or further appeal) by lapse of time or otherwise.

13.     Each of the Defendants shall have the right to withdraw from the Settlement in the event that any claims related to the subject matter of the Actions are commenced or prosecuted against any of the Released Persons (as defined in paragraph 7 herein) in any court prior to final approval of the Settlement and (following a motion by the Defendants) such claims are not dismissed with prejudice or stayed in contemplation of dismissal.   In the event such claims are commenced, Plaintiffs and Defendants agree to cooperate and use their reasonable best efforts to secure the dismissal (or a stay in contemplation of dismissal following final approval of the Settlement) thereof.

14.     This Stipulation shall be null and void and of no force and effect if the Settlement does not obtain Final Approval, as defined in paragraph 16 herein, for any reason.   In any such event, this Stipulation shall not be deemed to prejudice in any way the respective positions of the Parties with respect to the Actions or to entitle any party to the recovery of costs and expenses incurred in connection with the intended implementation of the Settlement; provided, however, that Medco or its successor shall be responsible for paying the costs of providing the Notice to the Class regardless of whether the Settlement is approved.

15.     In the event that the proposed Settlement is rendered null and void for any reason, the existence of or the provisions contained in the MOU or in this Stipulation shall not be deemed to prejudice in any way the respective positions of Plaintiffs or Defendants with respect to the Actions, including the right of Defendants to oppose the certification of the Class in any future proceedings; nor shall they be deemed a presumption, a concession, or an admission by

Plaintiffs or any of Defendants of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Actions, or any other action or proceeding or each thereof; nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding.

## FINAL COURT APPROVAL

16.     The approval of the Settlement by the Court shall be considered final ("Final Approval") for purposes of this Stipulation upon the later of (i) the expiration of the time for the filing or noticing of an appeal or motion for reargument or rehearing from the Court's Order and Final Judgment approving the material terms of the Settlement without such appeal or motion having been made; (ii) the date of final affirmance of the Court's Order and Final Judgment on any appeal or reargument or rehearing; or (iii) the final dismissal of any appeal.

## ATTORNEYS' FEES

17.     The Parties have not reached an agreement with respect to attorneys' fees and expenses.   In the event the Parties are unable to reach an agreement on attorneys' fees and expenses, Plaintiffs retain the right to apply to the District Court for an award of attorneys' fees and expenses, and Defendants retain the right to oppose the amount of any such application for attorneys' fees and expenses.

18.     Medco or its successor(s) in interest shall pay the costs and expenses related to: (a) providing notice of the Settlement to the Class, regardless of whether the Settlement is approved; (b) any costs and expenses related to the administration of the Settlement, regardless of whether the Settlement is approved; and (c) any attorneys fees and expenses awarded by the District Court, which shall be paid within five (5) days of the award notwithstanding the existence of any

15

timely filed objections to the fee and expense award, or potential for appeal, or collateral attack on the Settlement or any part thereof; subject to a customary repayment provision in the event that the fee and expense award is disapproved, reduced, reversed or otherwise modified, whether on appeal, further proceedings on remand, or successful collateral attack.

19.     Any failure of the Court to approve a request for attorneys' fees and expenses in whole or in part shall not affect the Settlement.

20.     No fees or expenses shall be paid to Plaintiffs' Counsel pursuant to the Settlement in the absence of approval by the Court of a complete release of all Released Parties, in the form set forth in the proposed Order and Final Judgment annexed as Exhibit E.   This paragraph shall be immediately binding on the Parties to this Stipulation.

21.     Except as provided above, Defendants shall have no obligation to pay or reimburse any fees, expenses, costs or damages alleged or incurred by Plaintiffs, by any members of the Class, or by their attorneys, experts, advisors, or representatives with respect to the Claims settled herein.   Defendants shall have no responsibility or liability with respect to any fee and expense allocation among Plaintiffs' Counsel.

## EFFECT OF RELEASE

22.     Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Settled Claims, but that it is the intention of Plaintiffs, and by operation of law the intention of the members of the Class, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed,

16

or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.   Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Settled Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Released Persons in entering into this Stipulation.   "Unknown Claims" means any claim that Plaintiffs or any member of the Class does not know or suspect exists in his, her or its favor at the time of the release of the Settled Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement.   With respect to any of the Settled Claims, the Parties stipulate and agree that upon Final Approval of the Settlement, Plaintiffs shall expressly and each member of the Class shall be deemed to have, and by operation of the final order and judgment by the Court shall have, expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the members of the Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

## **BEST EFFORTS**

23.     Plaintiffs, Defendants, and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Stipulation and the Settlement, and to use their best efforts to effect, take, or cause to be taken all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to consummate and make effective, as promptly as practicable, this Stipulation and the Settlement provided for hereunder (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement) and the dismissal of the Actions with prejudice and without costs, fees or expenses to any party (except as provided for by paragraph 17 herein).

24.     Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time not expressly set forth by the Court in order to carry out any provisions of this Stipulation.

## **STAY OF PROCEEDINGS**

25.     Pending Final Approval of the Settlement by the Court, Plaintiffs and Lead Counsel agree to stay the Actions and not to initiate any and all other proceedings other than the Actions.

26.     The Parties will request the Court to order (in the Scheduling Order) that, pending final determination of whether the Settlement should be approved, Plaintiffs in the Actions and all members of the Class, and any of them are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Settled Claims, either directly, representatively, derivatively, or in any other capacity, against Defendants or any of the Released Parties.

## **STIPULATION NOT AN ADMISSION**

27.     The provisions contained in this Stipulation shall not be deemed a presumption, concession, or an admission by any of Defendants in the Actions of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal, or administrative, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement.

## COVENANT NOT TO SUE

28.     Upon final approval of the Settlement, each member of the Class covenants not to sue, and each member of the Class shall be barred from suing, any Defendant or any other Released Person for any Settled Claim.

## MISTAKE

29.     In entering into this Settlement, the Parties assume the risk of any mistake of fact or law if any Party should later discover that any fact they relied upon in entering into this Settlement is not true, or that their understanding of the facts or law was incorrect, and in such event no Party shall be entitled to seek rescission of this Settlement, or otherwise attack the validity of the Settlement, based on any such mistake.   This Settlement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

## ENTIRE AGREEMENT; AMENDMENTS

30.     This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and may be modified or amended only by a writing signed by the signatories hereto.

## COUNTERPARTS

31.　　This Stipulation may be executed in multiple counterparts by any of the signatories hereto, including by facsimile, and as so executed shall constitute one agreement.

## GOVERNING LAW

32.　　The Stipulation and the Settlement contemplated by it shall be governed by, and construed in accordance with, the laws of the state of Delaware, without regard to conflict of laws principles, or the forum in which any dispute arising from this Stipulation and the Settlement is pending.

## SUCCESSORS AND ASSIGNS

33.　　This Stipulation, and all rights and powers granted hereby, shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs, successors, affiliates and assigns.

## REPRESENTATION AND WARRANTY

34.　　Each plaintiff and his counsel represent and warrant that (i) the plaintiff is a Medco stockholder and has been a Medco stockholder at all relevant times and continued to hold their stock in Medco as of the date this Stipulation was signed, and (ii) none of the plaintiff's claims or causes of action referred to in any of the Complaints or this Stipulation, or any claims the plaintiff could have alleged, have been assigned, encumbered, or in any manner transferred in whole or in part.

## AUTHORITY

35.　　The undersigned attorneys represent and warrant that they have the authority from their client(s) to enter into this Stipulation and bind their client(s) thereto.

## THE DELAWARE ACTION

36.    Within five (5) days of Final Approval of the Settlement, the Parties to the

Delaware Action shall submit to the Court of Chancery for approval a request to dismiss the

Delaware Action with prejudice.

DATED:    November 25, 2011

*/s/ Christine S. Azar*
Christine S. Azar
LABATON SUCHAROW LLP
300 Delaware Avenue
Suite 1225
Wilmington, DE   19801
Tel: (302) 573-2530
Fax: (302) 573-2529

OF COUNSEL:

Samuel H. Rudman
Mark S. Reich
ROBBINS GELLER RUDMAN &
    DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

Randall J. Baron
ROBBINS GELLER RUDMAN &
    DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA   92101-3301
(619) 231-1058

*Plaintiffs Co-Lead Counsel in the Delaware
Action*

*/s/ Joel Friedlander*
Joel Friedlander (ID No. 3163)
BOUCHARD MARGULES &
FRIEDLANDER, P.C.
222 Delaware Avenue, Suite 400
Wilmington, Delaware 19801
Tel: (302) 573-3500
Fax: (302) 573-3501

*/s/ Edward P. Welch*
Edward P. Welch
Edward B. Micheletti
Joseph O. Larkin
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware   19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3001

*/s/ Andrew Muscato*
Robert J. Del Tufo
Andrew Muscato
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
4 Times Square
New York, NY   10036
Tel: (212) 735-3000
Fax:   (212) 735-2000
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com

*/s/ Joseph P. LaSala*
Joseph P. LaSala
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161
Jlasala@mdmc-law.com

*Attorneys for Defendants Express Scripts, Inc.,
Aristotle Holding, Inc., Aristotle Merger Sub,
Inc. and Plato Merger Sub, Inc.*

*Plaintiffs' Liaison Counsel in the Delaware Action*

/s/ James E. Cecchi
James E. Cecchi
Lindsey Taylor
Donald A. Ecklund
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
Tel:   (973) 994-1700

OF COUNSEL:

Gerald Silk
Mark Lebovitch
Brett M. Middleton
Jeremy Friedman
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400

Jay W. Eisenhofer
Michael J. Barry
Caitlin Moyna
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, Delaware 19801
(302) 622-7000

*Attorneys for Plaintiffs in the District Court Action*

/s/ Jon E. Abramczyk
Jon E. Abramczyk (ID No. 2432)
D. McKinley Measley (ID No. 5108)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Tel:   (302) 658-9200
Fax:   (302) 658-3989

/s/ Kevin H. Marino
Kevin H. Marino
John D. Tortorella
MARINO, TORTORELLA & BOYLE, P.C.
437 Southern Boulevard
Chatham, NJ   07928-1488
Tel: (973) 824-9300
Fax: (973) 824-8425
kmarino@khmarino.com

OF COUNSEL:

John L. Hardiman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
hardimanj@sullcrom.com

*Attorneys for Defendants Medco Health Solutions, Inc., David B. Snow, Jr., Michael Goldstein, Howard W. Barker, Jr., John L. Cassis, Charles M. Lillis, Myrtle Potter, William L. Roper, David D. Stevens, and Blenda J. Wilson*