**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE:

MEDCO/EXPRESS SCRIPTS MERGER
LITIGATION

Civil Action No. 11-4211 (DMC) (MF)

**ORAL ARGUMENT REQUESTED**

**HEARING DATE:  APRIL 16, 2012**

---

**EXPRESS SCRIPTS' RESPONSE TO**
**NEW JERSEY STATE PLAINTIFFS' MOTION TO INTERVENE AND**
**APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

---

Robert J. Del Tufo
Andrew Muscato
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036-6522
Tel.: (212) 735-3000
Fax: (212) 735-2000
Robert.DelTufo@skadden.com
Andrew.Muscato@skadden.com

Joseph P. LaSala
MCELROY, DEUTSCH, MULVANEY &
  CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ  07962-2075
Tel.: (973) 993-8100
Fax: (973) 425-0161
Jlasala@mdmc-law.com

*Attorneys for Defendants Express Scripts,*
*Inc., Aristotle Holding, Inc., Aristotle Merger*
*Sub, Inc. and Plato Merger Sub, Inc.*

## PRELIMINARY STATEMENT

Unfortunately, this Court and Defendants are now confronted with one of the pitfalls of multi-jurisdictional litigation:  how to split fees amongst the various plaintiffs' firms. *See In re Allion Healthcare Inc. S'holders Litig.*, C.A. No. 5022-CC, 2011 WL 1135016, at *4, 5 (Del. Ch. Mar. 29, 2011) ("[T]his fee-splitting issue is yet another byproduct of the rise of multi-forum deal litigation, the fallout of which has become increasingly problematic in recent years as more and more of these cases are filed in multiple jurisdictions," and places the Court "in the unpleasant position of refereeing this food fight" among plaintiffs' counsel).  The Motion to Intervene and Application for Award of Attorneys' Fees and Expenses (the "New Jersey State Fee Application") filed by seven plaintiffs' firms in the New Jersey state actions ("New Jersey State Counsel") does not support an award of attorneys' fees and should be rejected.

New Jersey State Counsel fail to demonstrate that they causally contributed to any benefits conferred on the class, and are therefore not entitled to fees under Delaware law.  As set forth in Express Scripts' Opposition to Plaintiffs' Fee Application (the "Fee Opposition"), the multi-jurisdictional tactics of various plaintiffs' groups created extensive duplication of efforts that resulted in no benefit to the class.  Under Delaware law, New Jersey State Counsel are not entitled to a fee for remaining on the sidelines and contributing nothing to the settlement.  As explained herein, New Jersey State Counsel did not actively participate in the merits of the case, agreed to stay their action shortly after it was filed, and did not participate in settlement negotiations (though Defendants were informed that New Jersey State Counsel fully supported the settlement).  Therefore, this Court should make one fee award to be split among all Plaintiffs' counsel involved in this litigation.  How Plaintiffs' counsel divides up the award is up to them,

and Express Scripts should not bear the costs resulting from their inability to do so in a cooperative and rational manner.

While Express Scripts takes no position on New Jersey State Counsel's right or ability to intervene, Express Scripts respectfully requests that this Court deny the New Jersey State Fee Application, and, for the reasons set forth in Express Scripts' Fee Opposition, award one, single attorneys' fee of $700,000 to Delaware counsel, Federal counsel, and New Jersey State Counsel.

## ARGUMENT

**I.     NEW JERSEY STATE COUNSEL HAVE NOT DEMONSTRATED THAT THEY CAUSED A BENEFIT TO THE CLASS SUCH THAT THEY ARE ENTITLED TO A SEPARATE AWARD OF FEES.**

As set forth in Express Scripts' Fee Opposition, the prevailing American Rule provides that litigants are generally responsible for their own attorneys' fees.  *See, e.g.*, *Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1164 (Del. 1989).  Delaware's "corporate benefit" doctrine provides an exception to the American Rule.  *Id.*  However, in order to be entitled to an award of fees under the corporate benefit doctrine, the court must find that "the resulting corporate benefit was *causally related* to the lawsuit."[1]  *Alaska Elec. Pension Fund v. Brown*, 988 A.2d 412, 417 (Del. 2010) (emphasis added).  Without this essential causal connection, a plaintiff is not entitled to an award of fees.  *Id.*  This is because "'[a]n attorney fee is not a pot of nectar available to any attorney who represents any shareholder.'"  *Sanders v. Wang*, C.A. No. 16640, 2001 WL 1131353, at *3 (Del. Ch. Sept. 18, 2001) (quoting *In re Resorts Int'l S'holders Litig.*, C.A. Nos. 9470, 9605, Mem. Op. at 4 (Del. Ch. Oct. 11, 1990)).

---

[1] Express Scripts does not dispute that a benefit was conferred by the Settlement, prior to a judicial resolution, as a result of the lawsuit.  That benefit however, as discussed below, was modest.

Here, New Jersey State Counsel's efforts had no causal connection to any benefits secured by the Settlement, and they are not entitled to a fee award.

*First*, by New Jersey State Counsel's *own admission*, the New Jersey court stayed the New Jersey Action on August 26, 2011 – more than *two months* before any settlement conferring a corporate common benefit on the class of Medco shareholders was reached and memorialized in an MOU (to which New Jersey State Counsel is not a party) dated November 7, 2011.  New Jersey State Counsel have provided no evidence that they participated in the settlement negotiations, or that they were even part of the settlement agreement from which the corporate benefits flow.  Likewise, they point to no merits briefing, or any significant activity on their part until *after* the Settlement.  Indeed, the August 26, 2011 Consent Order expressly provides that:

> **The New Jersey Actions are stayed** pending resolution of the Delaware Action. Plaintiffs in the New Jersey Actions agree that they will assert their claims (and those of any class they seek[] to represent) in the Delaware Action, and agree[] to be bound by the rulings and determinations of that Court.

Consent Order ¶ 4 (emphasis added).  For this reason alone, New Jersey State Counsel cannot have been the cause of any corporate common benefit to Medco shareholders; indeed, they declined to assert their claims in Delaware as they had the option to do under the Consent Order. Therefore, under clear Delaware Supreme Court authority, the fee petition must be denied. *Alaska*, 988 A.2d at 418; *see also In re Allion Healthcare Inc. S'holders Litig.*, 2011 WL 1135016, at *8 (rejecting fee application from plaintiffs not party to settlement agreement, finding "the New York litigation in no way caused any of the benefit achieved by Delaware plaintiffs in the settlement," and "because I find no causal connection between their efforts in New York and the settlement in Delaware, New York plaintiffs 'are left with nothing more than having undertaken a parallel action in a different forum'"); *In re William Lyon Homes S'holder*

3

*Litig.*, C.A. No. 2015-VCN, 2009 WL 1019738, at \*4 (Del. Ch. Apr. 2, 2009) (rejecting intervenor's request for fees, finding out-of-state plaintiffs did not causally contribute to the benefit to the class achieved by Delaware settlement); *aff'd*, *Alaska Elec. Pension Fund v. Brown*, 988 A.3d 412 (Del. 2010); *Sanders v. Wang*, C.A. No. 16640-NC, 2001 WL 599901, at \*3 (Del. 2001) (denying claim for attorneys' fees, holding "Greenfield has not shown that his efforts contributed any benefit to the shareholders or the corporation that may have been derived from the settlement of the litigation.").

   *Second*, New Jersey State Counsel's efforts additionally did not cause a benefit to the class because their efforts were entirely duplicative of those of Delaware and Federal counsel. For example, New Jersey State Counsel seeks credit for the time of *seven* law firms and *twenty-nine lawyers*, all of whose activities substantially duplicated the already-redundant work of Delaware and Federal counsel.[2]  Such duplicative time provides no benefit to the class.  (*See* Fee Opposition at 23-24.)  Rewarding seven more firms and twenty-nine additional lawyers – for a total of *thirty-three plaintiffs' firms and one hundred forty five plaintiffs' lawyers* – is unprecedented for routine deal litigation.  *See Sanders*, 2001 WL 599901, at \*2, 3 (disallowing fee application where work performed was "duplicative," stating "the mere fact that an attorney is somehow involved in an action that could be characterized as successful, i.e., it benefits the corporation or its shareholders, does not necessarily mandate that all attorneys with a colorable claim of involvement in the litigation receive attorneys' fees").

---

[2] The affidavits of New Jersey State Counsel further demonstrate that they engaged in duplicative activity with Delaware and Federal counsel, beyond their entirely duplicative discovery efforts.  For example, five different New Jersey State Counsel firms claim to have reviewed SEC filings, in addition to the same review conducted by ten Delaware and Federal plaintiffs' firms. (*Compare* DePalma Decl. Exs. B, C, D, E, G *with* Taylor Decl. Exs. B, E, I, L, O, T, U, X, Y, AA).  It is hard to fathom why fifteen different law firms needed to review SEC filings.

Therefore, a separate fee award for New Jersey State Counsel in addition to any fee award to Delaware and Federal Counsel is inappropriate.  Indeed, such an application only arises from Plaintiffs' inability to coordinate amongst themselves as to both the litigation itself and the proper allocation of fees.  (*See* Pl. Br. at 7.)  It should not be Express Scripts' burden, and, ultimately, that of the class, to bear the costs of multiple fee awards for various counsel because they cannot reach agreement.  Thus, as explained in the Fee Opposition, this Court should award one consolidated fee of no more than $700,000, to be divided amongst all of Plaintiffs' counsel.  This is the approach that has been followed by Delaware courts, and it is entirely appropriate here.  *See, e.g.*, *In re Burlington N. Santa Fe S'holder Litig.*, C.A. No. 5043-VCL, Trans. at 54, 67 (Del. Ch. Oct. 28, 2010) (refusing to award multiple fees for global settlement, awarding one fee of $450,000 with the "intention [] that this is the award for all of the benefits conferred by the litigation effort undertaken by all of the plaintiffs' counsel in this case"); *Mutual Shares Corp. v. Texas Air Corp.*, C.A. No. 8650, 1987 WL 18105, at *4 (Del. Ch. Sept. 30, 1987) (faced with multiple fee applications, awarding a single fee to be divided amongst plaintiffs' counsel, remarking that "[p]erhaps the most distasteful part of this brouhaha over attorney fees is the existence of cross applications for the same fees.  The failure of plaintiffs' counsel, who were once allies in this litigation, to agree as to the sharing of the attorney fees demonstrates a disturbing lack of professionalism on someone's part.").

5

## CONCLUSION

Express Scripts respectfully requests that this Court deny New Jersey State Counsel's Application for Award of Fees and Expenses, and, for the reasons set forth in Express Scripts' Fee Opposition, grant a single award of attorneys' fees of $700,000 to all Plaintiffs' counsel.

Respectfully submitted,

*/s/ Joseph LaSala*

|  |  |
|---|---|
| Robert J. Del Tufo | Joseph P. LaSala |
| Andrew Muscato | MCELROY, DEUTSCH, MULVANEY & |
| SKADDEN, ARPS, SLATE, |   CARPENTER, LLP |
|   MEAGHER & FLOM LLP | 1300 Mount Kemble Avenue |
| Four Times Square | P.O. Box 2075 |
| New York, New York  10036 | Morristown, NJ  07962-2075 |
| Tel.:  (212) 735-3000 | Tel.: (973) 993-8100 |
| Fax: (212) 735-2000 | Fax: (973) 425-0161 |
| Robert.DelTufo@skadden.com | Jlasala@mdmc-law.com |
| Andrew.Muscato@skadden.com |  |

Edward P. Welch
Edward B. Micheletti
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636        *Attorneys for Defendants Express Scripts,*
Tel.:  (302) 651-3000                                  *Inc., Aristotle Merger Sub, Inc., Aristotle*
Fax: (302) 651-3001                                    *Holding, Inc. and Plato Merger Sub, Inc.*

DATED:  April 2, 2012

680961-Wilmington Server 1A - MSW