UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>MEDCO/EXPRESS SCRIPTS<br>MERGER LITIGATION | Civil Action No. 11-4211 (DMC) (MF) |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND FAIRNESS HEARING

TO:  ALL PERSONS OR ENTITIES WHO HELD OR OWNED SHARES OF THE COMMON STOCK OF MEDCO HEALTH SOLUTIONS, INC. ("MEDCO" OR THE "COMPANY"), EITHER OF RECORD OR BENEFICIALLY, INCLUDING THEIR RESPECTIVE SUCCESSORS, HEIRS, OR ASSIGNS, AT ANY TIME BETWEEN AND INCLUDING JULY 21, 2011 AND THE EFFECTIVE TIME OF THE CLOSING OF THE MERGER WITH EXPRESS SCRIPTS, INC. (THE "PROPOSED TRANSACTION") OR THE WITHDRAWAL OR TERMINATION OF THE PROPOSED TRANSACTION, AS THE CASE MAY BE (THE "CLASS").

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A LAWSUIT AND CONTAINS IMPORTANT INFORMATION. YOUR RIGHTS WILL BE AFFECTED BY THESE LEGAL PROCEEDINGS IN THIS LITIGATION.**

**IF YOU WERE NOT THE BENEFICIAL HOLDER OF COMMON STOCK OF MEDCO BUT HELD SUCH STOCK FOR A BENEFICIAL HOLDER, PLEASE TRANSMIT THIS DOCUMENT PROMPTLY TO SUCH BENEFICIAL HOLDER.**

The purpose of this Notice is to inform you of a proposed settlement (the "Settlement") of the actions (collectively, the "Actions") pending before the United States District Court for the District of New Jersey ("the Court") and the Delaware Court of Chancery and of a hearing to be held before the Court, in the United States Post Office and Courthouse Building, One Federal Square, Newark, NJ 07101, on April 16, 2012 at 10:00 a.m. (the "Fairness Hearing"). The purpose of the Fairness Hearing is to determine: (a) whether the Court should certify the Class for purposes of the Settlement; (b) whether the Court should approve the proposed Settlement; (c) whether the Court should enter an Order and Final Judgment dismissing the claims asserted in the Action on the merits and with prejudice as against Plaintiffs and the Class and effectuating the releases described below; (d) whether the Court should grant the application of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses; and (e) such other matters as may properly come before the Court.

If you are a member of the Class, this Notice will inform you of how, if you so choose, you may enter your appearance in the Action or object to the proposed Settlement and have your objection heard at the Fairness Hearing.

THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES. IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF

INFORMING YOU OF THE EXISTENCE OF THIS ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THIS ACTION.

<u>BACKGROUND AND DESCRIPTION OF THE ACTION</u>

On July 21, 2011, Medco and Express Scripts, Inc. ("Express Scripts") announced the execution of a merger agreement (the "Merger Agreement") between Medco, Express Scripts, Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub, Inc., pursuant to which Express Scripts would acquire Medco for $28.80 in cash and 0.81 shares of Express Scripts Holding stock for each share of Medco common stock (the "Proposed Transaction").

Between July 22, 2011 and July 29, 2011, ten actions were filed by purported Medco shareholders in the Delaware Court of Chancery all alleging, among other things, that Medco and its board of directors had breached their fiduciary duties in connection with their consideration and approval of the Proposed Transaction, and that Express Scripts had aided and abetted those breaches of fiduciary duty. The actions, and their respective filing dates, are as follows: *Chevedden v. Snow*, C.A. No. 6694-CS (filed July 22, 2011); *Colanino v. Medco Health Solutions, Inc.*, C.A. No. 6708-CS (filed July 25, 2011); *Knisley v. Snow*, C.A. No. 6710-CS (filed July 25, 2011); *Heimowitz v. Medco Health Solutions, Inc.*, C.A. No. 6711-CS (filed July 26, 2011); *Waber v. Medco Health Solutions, Inc.*, C.A. No. 6716-CS (filed July 26, 2011); *U.F.C.W. Local 1776 & Participating Emp'rs Pension Fund v. Medco Health Solutions, Inc.*, C.A. No. 6720-CS (filed July 27, 2011); *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Medco Health Solutions, Inc.*, C.A. No. 6723-CS (filed July 27, 2011); *Labourers' Pension Fund of Cent. & E. Can. v. Snow*, C.A. No. 6725 (filed July 27, 2011); *Johnson v. Medco Health Solutions, Inc.*, C.A. No. 6726-CS (filed July 28, 2011); *Schoenwald v. Medco Health Solutions, Inc.*, C.A. No. 6727-CS (filed July 29, 2011) (collectively, and the consolidated "Delaware Action").

Between July 22, 2011 and July 29, 2011, seven actions were filed by purported Medco shareholders in the United States District Court for the District of New Jersey, all alleging, among other things, that Medco and its board of directors had breached their fiduciary duties in connection with their consideration and approval of the Proposed Transaction, and that Express Scripts had aided and abetted those breaches of fiduciary duty. The actions, and their respective filing dates, are as follows: *Louisiana Municipal Police Employees' Retirement System ("LAMPERS") v. Medco Health Solutions, Inc.*, No. 2:11-cv-4211-DMC-MF (filed July 22, 2011); *Nadoff v. Medco Health Solutions, Inc.*, No. 2:11-cv-04248-WJM-MF (filed July 22, 2011); *Puerto Rico Gov't Emps. & Judiciary Ret. Sys. Admin. v. Medco Health Solutions, Inc.*, No. 2:11-cv-04259-DMC-MF (filed July 25, 2011); *Sollins v. Medco Health Solutions Inc.*, No. 2:11-cv-04307-DMC-MF (filed July 26, 2011); *United Food & Commercial Workers Local 23 & Emp'rs Pension Fund v. Medco Health Solutions, Inc.*, No. 2:11-cv-04328 (DMC-MF) (filed July 27, 2011); *Oppenheim Kapitalanlagegesellschaft mbH v. Medco Health Solutions, Inc.*, No. 2:11-CV-04322-DMC-MF (filed July 27, 2011); and *Int'l Union of Operating Eng'rs Local 132 Pension Fund v. Medco Health Solutions, Inc.*, No. 2:11-cv-04412-DMC-MF (filed July 29, 2011) (collectively, the consolidated "Federal Action").

Between July 22, 2011 and August 8, 2011, five actions were filed by purported Medco shareholders in the New Jersey Superior Court all alleging, among other things, that Medco and its board of directors had breached their fiduciary duties in connection with their consideration and approval of the Proposed Transaction, and that Express Scripts had aided and abetted those breaches of fiduciary duty. The actions, and their respective filing dates, are as follows: *Levinson v. Snow*, No. C-215-11 (filed July 22, 2011); *Kramer v. Snow*, No. C-217-11 (filed July 25, 2011); *Snider v. Medco Health Solutions, Inc.*, No. C-220-11 (filed July 27, 2011); *Prongay v. Medco Health Solutions, Inc.*, No. C-232-11 (filed July 28, 2011);

and *Lasker v. Medco Health Solutions, Inc.*, No. C-246-11 (filed August 8, 2011) (collectively, the consolidated "New Jersey State Action").

On August 1, 2011, Plaintiff LAMPERS moved for expedited discovery in the Federal Action.

On August 2, 2011, Plaintiff U.F.C.W. Local 1776 filed a Motion for Class Certification and a Motion for Consolidation of Related Actions and Appointment of Lead Plaintiff and Lead Counsel in the Delaware Court of Chancery.

On August 4, 2011, the defendants in the Delaware Court of Chancery consented to Class Certification.

On August 5, 2011, Plaintiff LAMPERS filed an Amended Complaint in the Federal Actions.

On August 8, 2011, Express Scripts filed in the Federal Action a Motion to Dismiss the Amended Complaint, a Motion to Stay the Federal Action in Favor of the Delaware Actions, and an Opposition to Plaintiff's Application for Expedited Discovery.

On August 9, 2011, the Delaware Court of Chancery entered an order consolidating the Delaware Action as *In re Medco Health Solutions, Inc. Shareholders Litigation*, Consol. C.A. No. 6720-CS.

On August 17, 2011, the Court in the Federal Action consolidated all of the related action and appointed LAMPERS's counsel as Interim Lead Counsel. The Court also entered an order to allow LAMPERS to serve written discovery demands on defendants.

On August 18, 2011, LAMPERS filed a motion for Class Certification in the Federal Action.

On August 23, 2011, the Court of Chancery held a hearing on appointment of lead plaintiffs, lead counsel, and Class Certification, and later that day entered an order certifying a non-opt out class of all record holders and beneficial owners of common stock of Medco together with their successors and assigns, during the period commencing on the date on which the board of directors of Medco approved the proposed acquisition of all of Medco's shares by Express Scripts and ending at the effective time of the closing of the proposed transaction; and appointed Co-Lead Counsel and Liaison Counsel for the Class.

On August 26, 2011, the New Jersey Superior Court granted the Consent Order Resolving Motion for Expedited Discovery and Motion to Stay, which stayed the New Jersey State Action in favor of the Delaware Action and ordered that plaintiffs in the New Jersey State Action would be bound by the rulings and determinations of the Court of Chancery.

On September 19, 2011, the District Court issued an opinion and entered an order denying Express Scripts' Motion to Dismiss and Motion to Stay.

On September 23, 2011, Express Scripts filed a Motion to Stay Pending Appeal and for Certification Pursuant to 28 U.S.C. § 1292(b) in the Federal Action.

On October 3, 2011, the defendants requested an extension to answer LAMPERS complaint from October 4, 2011 to October 18, 2011.

On October 6, 2011, Aristotle Holding Inc. filed a Preliminary Form S-4 Registration Statement with the Securities and Exchange Commission.

On October 11, 2011, the District Court entered an order denying Plaintiffs' application for expedited discovery and ordering the parties to meet with Magistrate Judge Falk regarding a discovery schedule.

On October 14, 2011, Express Scripts filed a Motion for Judgment on the Pleadings Pursuant to Court of Chancery Rule 12(c), Brief in Support of its Motion for Judgment on the Pleadings, and Proposed Order for Briefing Schedule on their Motion for Judgment on the Pleadings.

On October 21, 2011, Plaintiffs filed a Motion for Preliminary Injunction in the Delaware Action.

On October 24, 2011, Magistrate Judge Falk entered an order regarding discovery in the Federal Action.

On October 25, 2011, Express Scripts filed a Motion to Expedite the Ruling on its Motion for Certification of Interlocutory Appeal and Stay Pending Appeal, and Plaintiffs' Motion for Class Certification in the Federal Action.

On October 25, 2011, the District Court entered an order certifying its September 19, 2011 opinion and order for interlocutory appeal, and denying Express Scripts' motion to stay pending appeal.

On October 26, 2011, the District Court entered an order denying Express Scripts' motion to expedite the Court's ruling on the Motion for Class Certification in the Federal Action.

On October 27, 2011, the Court of Chancery entered a Stipulated Order of Case Management and set forth a schedule for discovery, briefing, and a preliminary injunction hearing on December 6, 2011, in the Delaware Action.

On October 28, 2011, Plaintiffs in the Federal Action filed a Brief in Support of Order to Show Cause for Preliminary Injunction.

Pursuant to the discovery orders entered by the Court of Chancery and Magistrate Judge Falk, respectively, the parties began producing documents on a rolling basis beginning on October 28, 2011.

On October 31, 2011, Express Scripts filed with the United States Court of Appeals for the Third Circuit its Petition for Permission to Appeal Under 28 U.S.C. § 1292(b), a Motion to Stay Proceedings Below Pending Appeal, and a Motion to Expedite the Decision on the Petition and Motion to Stay (the "Interlocutory Appeal").

On November 1, 2011, Plaintiffs in the Federal Action were ordered by the Clerk of the United States Court of Appeals for the Third Circuit to file their response to the Interlocutory Appeal by no later than 3:00 p.m. on Friday, November 4, 2011.

On November 4, 2011, Plaintiffs in the Federal Action filed their response to the Interlocutory Appeal.

On November 7, 2011, Express Scripts filed their reply in support of the Interlocutory Appeal.

After arm's-length negotiations, counsel to the Parties in the Actions have reached an agreement concerning the proposed settlement of the Actions. Those extensive negotiations and discussions led to the execution of a memorandum of understanding (the "MOU") on November 7, 2011, for an agreement to settle the Actions on the terms set forth in herein, subject to additional confirmatory discovery on the Supplemental Disclosures as defined herein, and approval of the Court.

On November 8, 2011, the Parties notified the District Court, the Court of Chancery, and the United States Court of Appeals for the Third Circuit regarding the MOU and of Plaintiffs' intention to conduct confirmatory discovery relating to the proposed Settlement.

On November 9, 2011, the United States Court of Appeals for the Third Circuit granted Express Scripts' motion requesting that the Court stay its review of Express Scripts' Motion to Stay Pending Appeal pending the Parties' execution of a stipulation of settlement, and stay its review of Express Scripts' Petition for Permission to Appeal pending approval of the settlement. The Third Circuit ordered the parties to the provide the Court with status reports regarding the settlement beginning ten days from the date of the Order, and continuing every ten days thereafter.

Following the execution of the MOU, and as contemplated therein, Plaintiffs' Counsel conducted a further investigation of the facts and circumstances underlying the claims asserted in the Actions, which included, among other things, reviewing and analyzing documents produced by Defendants, and conducting the depositions of Ravi Sachdev, Managing Director of Investment Banking at JP Morgan, who served as financial advisor to Medco on the Proposed Transaction, on Friday, November 11, 2011, and Richard J. Rubino, Senior Vice President, Finance and Chief Financial Officer of Medco, on November 14, 2011.

On the basis of information available to them, including publicly available information, the additional confirmatory discovery described herein, and consultations with independent financial advisors retained by Lead Counsel, Lead Counsel has determined that the proposed Settlement described herein is fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Class.

On November 28, 2011, the Court entered a scheduling order providing for, among other things, the scheduling of the Fairness Hearing; the temporary certification, for settlement purposes only, of a non-opt out class consisting of all record holders and beneficial owners of common stock of Medco together with their successors, heirs and assigns, during the period commencing on July 21, 2011, and ending at the effective time of the closing of the Proposed Transaction, or the withdrawal or termination of the Proposed Transaction, as the case may be, excluding Defendants; a stay of the Actions pending a hearing on the proposed Settlement; and an injunction against the commencement or prosecution of any action by any member of the Class asserting any of the claims subject to the Settlement of the Actions.

### REASONS FOR THE SETTLEMENT

Plaintiffs and Lead Counsel for Plaintiffs in the Actions have determined to enter into the Settlement because, pursuant to the terms of the Settlement, Medco and Express Scripts agreed to reduce the Termination Fee in the Merger Agreement, reschedule the respective stockholder meetings to vote on the Proposed Transaction, and issue additional disclosures.

Howard W. Barker, Jr., John L. Cassis, Michael Goldstein, Charles M. Lillis, Myrtle Potter, William L. Roper, David B. Snow, Jr., David D. Stevens, Blenda J. Wilson, (collectively, the "Individual Defendants"), Medco, Express Scripts, Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub Inc. (with the Individual Defendants, the "Defendants") each has denied, and continues to deny, that he, she, or it committed or aided and abetted the commission of any breach of duty or violation of the Securities Exchange Act of 1934 or any other law, or engaged in any of the wrongful acts alleged in the various Actions, and expressly maintains that he, she, or it diligently and scrupulously complied with his, her, or its fiduciary and other legal duties, to the extent such duties exist, and entered into the Settlement solely to eliminate the burden, expense, and uncertainties inherent in further litigation.

5

The Parties wish to settle and resolve the claims asserted by Plaintiffs and all claims relating to or arising out of the Proposed Transaction, and the Parties have, following arm's-length negotiations, reached an agreement as set forth in this Stipulation, providing for the settlement of the Actions on the terms and subject to the conditions set forth below, and the Parties believe the Settlement is in the best interests of the Parties and the Class.

### SETTLEMENT TERMS

In consideration for the full settlement and release of all Settled Claims (as defined below) and the dismissal with prejudice of the Actions, the Parties to the Actions have agreed to the following terms:

1. On November 7, 2011, Express Scripts and Medco entered into Amendment No. 1 to the Merger Agreement (the "Amendment"), which reduces the Termination Fee as defined in the Merger Agreement from $950 million to $650 million in all circumstances except as set forth in the Amendment.

2. The Amendment further reduces the number of applications of Section 5.4(b)(iii) and (iv) of the Merger Agreement and the proviso set forth at the end of such Section 5.4(b) from an unlimited number to one for each of Express Scripts and Medco.

3. Express Scripts and Medco agreed to reschedule the special meetings of their respective stockholders to vote on the Proposed Transaction to such date or dates as determined by Medco and Express Scripts, but in no event prior to December 21, 2011.

4. Express Scripts and Medco included certain additional disclosures concerning the Merger Agreement and the Proposed Transaction (the "Supplemental Disclosures") in the Definitive Joint Proxy/Prospectus filed on Form S-4 (the "Definitive Proxy Statement") to be filed with the Securities and Exchange Commission (the "SEC") and disseminated to Express Scripts' and Medco's stockholders.

### THE FAIRNESS HEARING

The Fairness Hearing shall be held on April 16, 2012, in the United States Post Office and Courthouse Building, One Federal Square, Newark, NJ 07101 to: (a) determine whether the Settlement Class certification herein should be made final; (b) determine whether the Settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class; (c) determine whether an Order and Final Judgment should be entered pursuant to the Stipulation; (d) consider Lead Counsel's application for an award of attorneys' fees and expenses; and (e) rule on such other matters as the Court may deem appropriate.

The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind other than oral announcement at the Fairness Hearing or any adjournment thereof.

The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

### RIGHT TO APPEAR AND OBJECT

Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or Lead Counsel's application for attorneys' fees, or who otherwise wishes to be heard, may appear in person or by his attorney at the Fairness Hearing and present evidence or argument that

may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than ten (10) business days prior to the Fairness Hearing such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear which is signed, includes the person's name, address and telephone number, provides documentation evidencing the person's membership in the Class, and states whether the person is represented by counsel and intends to appear at the Settlement Hearing; (b) a statement of such person's objections to any matters before the Court; and (c) the grounds for such objections and the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider. Such filings shall be served upon the following counsel:

Christine S. Azar
LABATON SUCHAROW LLP
300 Delaware Avenue
Suite 1225
Wilmington, DE 19801
Tel: (302) 573-2530
Fax: (302) 573-2529

*Plaintiffs' Co-Lead Counsel
in the Delaware Action*

Joel Friedlander
BOUCHARD MARGULES
  & FRIEDLANDER, P.C.
222 Delaware Avenue, Suite 400
Wilmington, DE 19801
Tel: (302) 573-3500
Fax: (302) 573-3501

*Plaintiffs' Liaison Counsel
in the Delaware Action*

James E. Cecchi
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700

*Attorneys for Plaintiffs
in the District Court Action*

Edward P. Welch
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, DE 19899-0636
Tel: (302) 651-3000
Fax: (302) 651-3001

Andrew Muscato
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Tel: (212) 735-3000
Fax: (212) 735-2000

Joseph P. LaSala
MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
Tel: (973) 993-8100
Fax: (973) 425-0161

*Attorneys for Defendants Express Scripts, Inc., Aristotle Holding, Inc.,
Aristotle Merger Sub, Inc., and Plato Merger Sub, Inc.*

| | |
|---|---|
| Jon E. Abramczyk | Kevin H. Marino |
| MORRIS, NICHOLS, ARSHT | MARINO, TORTORELLA |
| & TUNNELL, LLP | & BOYLE, P.C. |
| 1201 N. Market Street, P.O. Box 1347 | 437 Southern Boulevard |
| Wilmington, DE 19899-1347 | Chatham, NJ 07928-1488 |
| Tel: (302) 658-9200 | Tel: (973) 824-9300 |
| Fax: (302) 658-3989 | Fax: (973) 824-8425 |

*Attorneys for Defendants Medco Health Solutions, Inc., David B. Snow, Jr., Michael Goldstein, Howard W. Barker, Jr., John L. Cassis, Charles M. Lillis, Myrtle Potter, William L. Roper, David D. Stevens, and Blenda J. Wilson*

and then filed with the Clerk of the Court.

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Plaintiffs and their Lead Counsel, any award of attorneys' fees, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Any member of the Class who does not object to the Settlement or the request by Plaintiffs' Lead Counsel for an award of attorneys' fees and expenses (described below) or to any other matter stated above need not do anything.

### THE FINAL ORDER AND JUDGMENT

If the Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate and in the best interests of the Class, the parties to the Federal Action will ask the Court to enter the Order and Final Judgment, which will, among other things:

1. approve the Settlement as fair, reasonable, adequate and in the best interests of the Class and direct consummation of the Settlement in accordance with its terms and conditions;

2. permanently certify the Class as a non-opt out class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2) and designate Plaintiffs in the Federal Action as the Class representatives with Plaintiffs' Lead Counsel as Class counsel;

3. determine that the requirements of the rules of the Court and due process have been satisfied in connection with this Notice;

4. dismiss the Federal Action with prejudice on the merits and grant the releases more fully described below in accordance with the terms and conditions of the Stipulation;

5. permanently bar and enjoin Plaintiffs and all members of the Class from instituting, commencing or prosecuting any of the Released Claims against any of the Released Parties (as defined below); and

6. award attorneys' fees and expenses to Plaintiffs' Lead Counsel.

### RELEASES

The Stipulation provides that upon Final Approval of the Settlement and in consideration of the benefits provided by the Settlement:

1. The Order and Final Judgment shall, among other things, provide for the full and complete dismissal of the Actions with prejudice, and the settlement and release of, and a permanent injunction barring any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class in his, her, or its capacity as a Medco stockholder (the "Releasing Persons"), whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, the complaints, the Merger Agreement and any amendments thereto, and other transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures) (the "Settled Claims"); provided, however, that the Settled Claims shall not include any properly perfected claims for appraisal pursuant to Section 262 of the Delaware General Corporation Law, or claims to enforce the Settlement.

2. Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Settled Claims, but that it is the intention of Plaintiffs, and by operation of law the intention of the members of the Class, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Settled Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Released Persons in entering into this Stipulation. "Unknown Claims" means any claim that Plaintiffs or any member of the Class does not know or suspect exists in his, her or its favor at the time of the release of the Settled Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement. With respect to any of the Settled Claims, the Parties stipulate and agree that upon Final Approval of the Settlement, Plaintiffs shall expressly and each member of the Class shall be deemed to have, and by operation of the final order and judgment by the Court shall have,

expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and the members of the Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

3. The Order and Final Judgment shall also provide that any claims (including unknown claims) against Plaintiffs, their directors, officers, employees and attorneys, and each and all of the Class members arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims shall be settled, released, and permanently enjoined and barred.

4. Within five (5) days of Final Approval of the Settlement, the Parties to the Delaware Action shall submit to the Court of Chancery for approval a request to dismiss the Delaware Action with prejudice.

### APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

The Parties have not reached an agreement with respect to attorneys' fees and expenses. In the event the Parties are unable to reach an agreement on attorneys' fees and expenses, Plaintiffs retain the right to apply to the District Court for an award of attorneys' fees and expenses, and Defendants retain the right to oppose the amount of any such application for attorneys' fees and expenses.

### NOTICE TO PERSONS OR ENTITIES THAT HELD OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities who held shares of the common stock of Medco during the period from and including July 21, 2011 and November 28, 2011 for the benefit of others are requested promptly to either (a) provide the Notice Administrator with the names and addresses of such beneficial owners, preferably in an MS Excel data table setting forth (i) title/registration, (ii) street address, (iii) city/state/zip; or (b) send copies of this Notice to all of their respective beneficial owners. Additional copies of the Notice may be requested by contacting the Notice Administrator at:

Medco/Express Scripts Merger Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Tel: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonclaims.com

You are entitled to the reimbursement of any reasonable expenses actually incurred in connection with the research of records and (a) the generating of electronic media, or (b) the mailing of this Notice, after submission to the Notice Administrator of a written request, together with appropriate supporting documentation.

### SCOPE OF THIS NOTICE AND ADDITIONAL INFORMATION

The foregoing description of the Fairness Hearing, the Action, the terms of the proposed Settlement and other matters described herein do not purport to be comprehensive. Accordingly, members of the Class are referred to the documents filed with the Court in the Action. Copies of the Stipulation and the Amended Complaint are available at Lead Counsel's websites, http://www.gelaw.com; http://www.blbglaw.com/index; and http://www.labaton.com..

**PLEASE DO NOT WRITE OR CALL THE COURT.**

Inquiries or comments about the Settlement may be directed to the attention of Plaintiffs' Counsel, as follows:

James E. Cecchi
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
Tel: (973) 994-1700

Dated:  January 3, 2012                                            BY ORDER OF THE COURT