# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | °MEMBER NY BAR ONLY |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | +MEMBER FL BAR ONLY |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | |

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
PHONE (973) 994-1700
FAX (973) 994-1744
www.carellabyrne.com

April 2, 2012

**VIA ECF**

Honorable Dennis M. Cavanaugh
United States District Court
Martin Luther King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

   **Re:**  *In Re Medco/Express Scripts Merger Litgation*, No. 11-cv-4211(DMC)(MF)

Dear Judge Cavanaugh:

      This firm, along with Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A., are court-appointed Interim Lead Counsel for the plaintiffs ("Lead Counsel") in the above-captioned class action, which challenged the acquisition of Medco Health Solutions Inc. ("Medco") by Express Scripts, Inc. ("Express Scripts") ("Merger"). On March 16, 2012, counsel for plaintiffs in the New Jersey state court actions challenging the Merger ("New Jersey State Counsel") filed a motion to intervene and for an award of attorneys' fees ("Motion to Intervene"). Please accept this letter brief in lieu of a more formal response to the Motion to Intervene.

      As explained below, the Motion to Intervene should be denied for at least three reasons. *First*, New Jersey State Counsel lacks the requisite standing to intervene. Second, even assuming *arguendo* they had standing to intervene, New Jersey State Counsel failed to submit the required pleading under Rule 24(c). *Third*, the Motion to Intervene is premature. The Court has yet to rule on Lead Counsel's pending fee petition. After the Court renders a decision, Lead Counsel will allocate any fees awarded pursuant to its duties as court-appointed class counsel, and commensurate with the work performed, and results obtained, on behalf of Medco's shareholders.

April 2, 2012
Page 2

### A. Procedural Background Of The New Jersey State Court Actions[1]

Between July 22, 2011 and August 8, 2011, five complaints were filed in New Jersey Superior Court on behalf of Medco shareholders. Those actions were subsequently consolidated by agreement ("New Jersey State Action"). On August 11, 2011, Defendants in the New Jersey State Action moved to dismiss or stay those actions in favor of the actions then pending before the Delaware Court of Chancery (the "Delaware Action"). In response to the Defendants' Motion to Dismiss or Stay, New Jersey State Counsel entered into a stipulation with Defendants in which they agreed to a stay of the New Jersey State Action in favor of the Delaware Action. Since that Stipulation was entered on September 2, 2011, there has been no further activity on the docket of the New Jersey State Action.

At no time either before or after they consented to the voluntary stay of the New Jersey State Action have the New Jersey State Counsel made any effort to coordinate their litigation efforts with Lead Counsel or to assist with the prosecution of the New Jersey Federal Action.[2]

### B. The Motion To Intervene Should Be Denied

#### 1. The Motion To Intervene Fails To Meet The Requirements Of Rule 24

New Jersey State Counsel lack standing to intervene under Rule 24. Rule 24(a) provides that the court must permit anyone to intervene who: "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Here, there is no federal statute that gives New Jersey State Counsel an unconditional right to intervene, so Rule 24(a)(1) is inapplicable.

With respect to Rule 24(a)(2) in the class-action context, a party may intervene as of right only where the intervenor demonstrates that the existing class representative does not adequately represent the intervenor's interest. *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314 (3d Cir. 2005); *In re Domestic Air Transportation Antitrust Litigation*, 148 F.R.D. 297, 336 (N.D.Ga. 1993); *Christy v. Hammel*, 87 F.R.D. 381, 394 (M.D.Pa. 1980). Further, it is presumed that the existing class representative adequately represents the interests of the class. *See Community Bank*, *id*. at 315; *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987); *Domestic Air Transportation*, *id*. New Jersey State Counsel does not claim that the rights of the Class are not being adequately represented, nor do they object to the settlement that Lead Counsel was able to negotiate on behalf of the Class. Instead, the only concern raised in the Motion to

---

[1] As this Court is, by now, familiar with the background of this Action, for purposes of this Letter Brief, a review of the procedural background is limited to the issues relevant to the Motion to Intervene.

[2] The notion the New Jersey State Counsel was working with Lead Counsel is wrong. Lead Counsel had no interaction with New Jersey State Counsel since their action was voluntarily stayed in favor of the Delaware Action.

April 2, 2012
Page 3

Intervene relates to attorneys' fees. Such an interest is not the type of protection envisioned by Federal Rule 24(a).

New Jersey State Counsel fare no better under Rule 24(b), which provides, in pertinent part, that the court may permit anyone to intervene who: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Here, the interests in the underlying litigation are the rights of the class, *i.e.* Medco's shareholders. The only claim raised by the Motion to Intervene is one for New Jersey State Counsel's attorneys' fees. Such a claim for fees does not share a common question of law or fact with the claims presented by the Class of whether Medco's board of directors breached their fiduciary duties to Medco's shareholders by agreeing to the Merger, along with its preclusive deal protection terms. Accordingly, Rule 24(b) does not support the Motion to Intervene.

Finally, New Jersey State Counsel fail to satisfy the procedural requirements of Rule 24(c) which requires that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Motion to Intervene fails to include any such pleading, further showing why it must be denied.

### 2.   The Motion To Intervene Is Premature And Misrepresents Any Coordination Between Lead Counsel And New Jersey State Counsel

The Motion to Intervene is premature. The Court has yet to rule on Lead Counsel's fee petition. After the Court renders a decision, Lead Counsel will allocate any fees awarded pursuant to its duties as court-appointed class counsel, and commensurate with the work performed, and results obtained, on behalf of Medco's shareholders. Until that future allocation is made, any guess as to the fairness of that unknown amount is premature.

Additionally, the Motion to Intervene misrepresents the nature and intent of Plaintiffs' Motion for Attorneys' Fees. By way of this motion, Lead Counsel does not intend to exclude New Jersey State Counsel from any fee award. Instead, their time was not included in the loadstar amount submitted in conjunction with the Motion for Attorneys' Fees because the New Jersey State Counsel never communicated with Lead Counsel regarding this case, or any work the New Jersey State Counsel allegedly performed on behalf of the Class. Moreover, the decisions and rulings in the Delaware Action are binding on the New Jersey State Action only by virtue of New Jersey State Counsel's stipulation with Defendants to stay the New Jersey State Action in favor of the Delaware Action. Here, Lead Counsel had no role in negotiating that stipulation.

In addition, New Jersey State Counsel acknowledges that any work they performed was of their own accord, and was not the result of coordination with Lead Counsel. For example, as they admit on page two of their Motion to Intervene, "New Jersey Counsel also maintained an open dialogue with Defendants, acquiring the document production and notices of depositions directly from Defendants." Accordingly, prior to the filing of the Motion to Intervene, Lead Counsel was unaware that New Jersey State Counsel had even received a copy of Defendants' document production.

April 2, 2012
Page 4

 Accordingly, for all these reasons the Motion to Intervene should be denied.

 Thank you for your attention to this matter.  We are available at the Court's convenience to discuss this matter further.

Respectfully Submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc: All Counsel (via ECF)