UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>MEDCO/EXPRESS SCRIPTS MERGER LITIGATION | Civil Action No. 11-4211 (DMC) (MF)<br><br>**ORDER AND FINAL JUDGMENT** |

The Stipulation and Agreement of Compromise, Settlement and Release, dated November 23, 2011 (the "Stipulation"), of the above consolidated class action (the "Action"), and In re Medco Health Solutions Inc. Shareholders Litigation, C.A. No. 6720-CS pending before the Delaware Court of Chancery (the "Delaware Action" and, with the Action, the "Actions"), the settlement contemplated thereby (the "Settlement") having been presented at the Fairness Hearing on April 16, 2012, pursuant to the Scheduling Order entered herein on December 21, 2011 (the "Scheduling Order"), which Stipulation was entered into by plaintiffs in the Action and plaintiffs in the Delaware Action (the "Plaintiffs") and by defendants Howard W. Barker, Jr., John L. Cassis, Michael Goldstein, Charles M. Lillis, Myrtle Potter, William L. Roper, David B. Snow, Jr., David D. Stevens, Blenda J. Wilson, (collectively, the "Individual Defendants"), Medco Health Solutions, Inc. ("Medco" or the "Company"), Express Scripts, Inc. ("Express Scripts") Aristotle Holding, Inc., Aristotle Merger Sub, Inc. and Plato Merger Sub Inc. (with the Individual Defendants, the "Defendants" and together with Plaintiffs, the "Parties") in the Actions and which is incorporated herein by reference; and the United States District Court for the District of New Jersey (the "Court") having determined that notice of said hearing was given to the Class in accordance with the Scheduling Order and that said notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the Actions, and an opportunity to be heard

1

having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court; and good cause existing:

IT IS ORDERED, this 16th day of April, 2012, as follows:

1. The Notice of Pendency of Class Action, Proposed Settlement And Fairness Hearing ("Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all Parties to the Action, the Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2) and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

2. The Court finds, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2), as follows:

    a. that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Plaintiffs are typical of the claims of the Class, and (iv) Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately protected the interests of the Class;

    b. that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2) have been satisfied;

    c. that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice;

    d.  that the Actions are hereby certified as a non-opt out class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2), defined as all record holders and beneficial owners of common stock of Medco Health Solutions, Inc. ("Medco") together with their successors, heirs and assigns, during the period commencing on July 21, 2011 and ending at the effective time of the closing of the Proposed Transaction, or the withdrawal or termination of the Proposed Transaction, as the case may be, excluding Defendants (the "Class");

    e.  that Plaintiffs are hereby certified as the Class representatives, and Lead Counsel are certified as Lead Class Counsel.

  3.  The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

  4.  This Order and Final Judgment shall not constitute any evidence or admission by any of the Parties herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefor.

  5.  The Action is hereby dismissed with prejudice in its entirety as to the Defendants and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

  6.  The Actions are fully and completely dismissed with prejudice on the merits, and any claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding (including but not

limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Plaintiffs or any member of the Class in his, her, or its capacity as a Medco stockholder (the "Releasing Persons"), whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Releasing Persons ever had, now have, or may have had by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, the complaints, the Merger Agreement and any amendments thereto, and other transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures) (the "Settled Claims") are hereby settled, released, and permanently enjoined and barred; provided, however, that the Settled Claims shall not include any properly perfected claims for appraisal pursuant to Section 262 of the Delaware General Corporation Law, or claims to enforce the Settlement.

7. The release contemplated by this Stipulation extends to claims that Plaintiffs or any member of the Class do not know or suspect to exist in his, her or its favor at the time of the release of the Settled Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement or to object or not to object to the Settlement ("Unknown Claims"). Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that "Unknown Claims" are expressly included in the definition of "Settled Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Released Persons in entering into the Settlement. Plaintiffs and each member of the Class, shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, or any other law, which governs or limits a person's release of unknown claims; further that (i) the Plaintiffs, for themselves and on behalf of the Class, shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or any other law, which is similar, comparable or equivalent to California Civil Code § 1542; and (iii) Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition

to or different from those now known or believed to be true by them with respect to the Settled Claims, but that it is the intention of Plaintiffs, and by operation of law the intention of the members of the Class, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish, and dismiss any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

8. Any claims (including unknown claims) against Plaintiffs, their directors, officers, employees and attorneys, and each and all of the Class members arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Settled Claims are hereby settled, released, and permanently enjoined and barred.

9. Plaintiffs' Lead Counsel are hereby awarded attorneys' fees in the amount of $7,000,000, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

10. Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment and other matters related or ancillary to the foregoing.

_____
DENNIS M. CAVANAUGH, U.S.D.J.